UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Residential Funding Company, LLC, | Court File No. 13-cv-3451 (SRN/JSM) |
| Plaintiff, | |
| v. | **PLAINTIFF RESIDENTIAL FUNDING COMPANY, LLC'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |
| Academy Mortgage Corporation, | |
| Defendant. | |

## **INTRODUCTION**

Defendant Academy Mortgage Corporation's ("Academy Mortgage") motion must be denied as moot at the outset because Plaintiff Residential Funding Company, LLC ("RFC") has filed an Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B). Settled case law provides that RFC's Amended Complaint supersedes the original Complaint and renders it without legal effect. Because the Amended Complaint is now the operative pleading, Academy Mortgage's motion to dismiss the original Complaint is moot as a matter of law. If Academy Mortgage believes that any of the claims in the Amended Complaint fail, it must file a new motion aimed at the Amended Complaint.

RFC further notes that it has filed a motion to transfer venue of this matter to the U.S. Bankruptcy Court for the Southern District of New York. (ECF No. 19.) RFC respectfully submits that it would be a waste of judicial resources to consider any motion to dismiss prior to determination of which court will be hearing this matter.

602873.v2

# ARGUMENT

A.   **RFC Properly Filed Its Amended Complaint As a Matter of Right Pursuant to Rule 15(A)(1)(B).**

The Federal Rules of Civil Procedure allow a plaintiff to amend its complaint once as a matter of right in response to a motion to dismiss. Specifically, Fed. R. Civ. P. 15(a)(1)(B) provides:

> A party may amend its pleading once *as a matter of course* within . . . 21 days after service of a responsive pleading or *21 days after service of a motion under Rule 12(b)*, (e), or (f), whichever is earlier.

Id. (emphasis added).

RFC filed its initial Complaint on December 12, 2013. (ECF No. 1.) In lieu of answering the Complaint, Academy Mortgage moved to dismiss pursuant to Rule 12(b) on March 7, 2014. (ECF No. 26.) On March 28, 2014, within the 21-day period specified by Rule 15(a)(1)(B), RFC filed its Amended Complaint. (ECF No. 39.) Accordingly, the Amended Complaint is now the operative pleading.

B.   **RFC's Amended Complaint Superseded the Original Complaint and Defendant's Motion to Dismiss the Original Complaint Is Moot.**

A court cannot dismiss a complaint that does not, for legal purposes, exist. "It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect." In re Atlas Van Lines, Inc., 209 F.3d 1064, 1067 (8th Cir. 2000) (citing Washer v. Bullitt Cnty., 110 U.S. 558, 562, (1884)); see also In re Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d 922, 928 (8th Cir. 2005).

Thus, when a plaintiff files an amended complaint, the defendant's pending motion to dismiss becomes moot. See, e.g., Pure Country, Inc. v. Sigma Chi Fraternity,

312 F.3d 952, 956 (8th Cir. 2002) ("If anything, [plaintiff]'s motion to amend the complaint rendered moot [the defendant]'s motion to dismiss the original complaint.") Courts in this District have applied this principle without exception. See Target Corp. v. LCH Pavement Consultants, 960 F. Supp. 2d 999, 1003 n.2 (D. Minn. 2013) (Keyes, Mag. J.) (noting that defendant's "early motion to dismiss . . . was later *denied as moot* after the undersigned granted Target's request to amend its Amended Complaint." (emphasis added)); Onyiah v. St. Cloud State Univ., 655 F. Supp. 2d 948, 958 (D. Minn. 2009) (Erickson, C. Mag. J.) ("[A]s a general proposition, if a defendant files a Motion to Dismiss, and the plaintiff later files an Amended Complaint, the amended pleading renders the defendant's Motion to Dismiss moot.") adopted by 655 F. Supp. 2d 948 (D. Minn., Sept. 17, 2009) (Rosenbaum, J.); cf. U.S. Water Servs. v. Watertech of Am., Inc., No. 13-cv-1258, 2013 U.S. Dist. LEXIS 143024, at *2, n.1 (D. Minn. Oct. 3, 2013) (Schiltz, J.) ("After [defendants' motion to dismiss] was filed, however, [plaintiff] was granted leave to amend its complaint, and the original complaint has since been superseded by a more detailed amended complaint. . . . Accordingly, defendants' motion to dismiss is denied without prejudice."); Gay-Lesbian-Bisexual-Transgender Pride/Twin Cities v. Minneapolis Park & Rec. Bd., No. 12-cv-2579, 2011 U.S. Dist. LEXIS 36794, at *6-7 (D. Minn. Apr. 4, 2011) (Tunheim, J.) ("[T]he amended complaint renders the original complaint without legal effect and significantly alters the contours of this case. Johnson's motion . . . based on the requests for relief contained in the original complaint, is therefore moot.").

For example, in Bundy v. US Bancorp, No. 12-cv-1436, 2012 U.S. Dist. LEXIS 109091 (D. Minn. Aug. 3, 2012) (Kyle, J.), the court issued an order, *sua sponte*, holding that the defendant's motion to dismiss was rendered moot by the plaintiff's filing of an amended complaint pursuant to Rule 15(a)(1)(B):

> By amending his Complaint [pursuant to Fed. R. Civ. P. 15(a)(1)(B)], [the plaintiff] has altered the procedural posture of this case. "It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect." In re Atlas Van Lines, Inc., 209 F.3d 1064, 1067 (8th Cir. 2000); accord, e.g., In re Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d 922, 928 (8th Cir. 2005). *Accordingly, when a plaintiff files an amended complaint in response to a motion to dismiss, the motion is rendered moot*. E.g., Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 956 (8th Cir. 2002); McCormack v. United States, No. 4:10-CV-1068, 2011 WL 2669447, at *3 (E.D. Mo. July 7, 2011); Doe v. Bd. of Regents of Univ. of Neb., No. 8:10CV85, 2010 WL 3312514, at *1 (D. Neb. Aug. 17, 2010). *And if the defendant believes that certain of the claims in the amended complaint fail, it must file a new motion aimed at that pleading*.

Id. at **2-3 (emphasis added). The Bundy court issued its order *sua sponte* because the plaintiff had filed both an amended complaint and a memorandum opposing the defendant's motion to dismiss. Rather than permitting the parties to continue to brief the motion with respect to the original complaint, the court issued an order stating that it would not address the merits of the defendant's motion because it was aimed at the "inoperative" original complaint. Id.; see also Varga v. United States Bank Nat'l Ass'n, No. 12-cv-3180, 2013 U.S. Dist. LEXIS 46659, at *2 (D. Minn. Apr. 1, 2013) (Kyle, J.) (noting that, in addition to filing an amended complaint, plaintiff also filed "a short opposition to the Motion to Dismiss (Doc. No. 28), arguing that the Motion was *rendered*

4

602873.v2

*moot by the amendment. The Court agrees.*" (emphasis added)).  In short, Academy Mortgage's motion to dismiss the original Complaint is moot.

### C. As Complete Briefing On The Issues Would Show, Academy Mortgage's Motion To Dismiss Fails As A Matter Of Law.

As noted above, Academy Mortgage must file a new motion to dismiss if it wishes to challenge the claims in the Amended Complaint.  Nonetheless, out of an abundance of caution, RFC responds briefly to the following arguments in Academy Mortgage's original motion to dismiss.

First, Academy Mortgage pretends not to understand what "RFC" is.  As is clear from RFC's bankruptcy petition, publicly filed on May 14, 2012, RFC's previous business name was "Residential Funding Corporation."  See In re Residential Funding Company, LLC, Case No. 12-12019 (Bankr. S.D.N.Y.) (Doc. 1) (identifying "Residential Funding Corporation" as the former name of Residential Funding Company).  The former name of plaintiff RFC is a matter of public record, and certainly well known within the lending industry.  Academy Mortgage's feigned ignorance of this fact is simply not credible.  In any event, plaintiff RFC has alleged in the Amended Complaint that it was formerly known as Residential Funding Corporation.  (First Am. Compl. ¶ 13.)  Nothing more is required.  If Academy Mortgage wishes to challenge this allegation, it can do so in its Answer to the Amended Complaint.

Second, Academy Mortgage complains that RFC has not attached the Client Guide in its entirety.  Yet, as RFC has alleged, the "complete versions of the Client Guide are known to the parties and too voluminous to attach in their entirety; the omitted portions

5

of the Client Guides do not affect the obligations set forth in this Amended Complaint." (First Am. Compl. ¶ 18.) Rule 8 only requires a "short and plain statement" of RFC's claims—it does not require RFC to attach thousands of pages of documents to its Complaint. Consistent with Rule 8, RFC has identified the key provisions of the Client Guide in its Complaint and has attached the relevant excerpts. Rule 8 does not require anything further.

Third, Academy Mortgage contends that the six-year statute of limitations bars RFC from asserting claims as to loans sold more than six years prior to the filing of the Complaint, *i.e.,* loans sold prior to December 12, 2007. This is simply wrong. RFC's bankruptcy filing on May 12, 2012 extends the statute of limitations as a matter of law. See 11 U.S.C. § 108; (First Am. Compl. ¶ 62). Accordingly, with respect to RFC's breach of contract claim, RFC may seek recovery as to any loans sold at least as early as May 12, 2006 – within six years from the bankruptcy filing. RFC's breach of contract claim as to such loans is timely and within the statute of limitations.

Academy Mortgage also ignores entirely the law applicable to RFC's indemnification claim. It is black-letter law in Minnesota that the statute of limitations does not begin to run until the underlying liability of the party seeking indemnification has become fixed or ascertained through a settlement or judgment. Hernick v. Verhasselt Construction, Inc., 2003 WL 1814876, at *5 (Minn. Ct. App. April 8, 2003) ("The statute of limitation in an indemnification case ordinarily is six years after final judgment or settlement"); Mason v. Spiegel, Inc., 610 F. Supp. 401, 404 n.3 (D. Minn. 1985) ("under Minnesota law, the statute of limitations does not begin to run on a right to claim . . .

6

indemnity until liability by the party claiming such right actually occurs") see also Metropolitan Property And Casualty Ins. Co. v. Metropolitan Transit Comm'n, 538 N.W.2d 692, 695 (Minn. 1995) (statute of limitations does not begin to run until "the liability of the party seeking indemnity 'has become finally fixed and ascertained, or until after the claimant has settled or has paid the judgment or more than a commensurate share of it").

Here, RFC is seeking indemnification for liabilities and losses primarily arising from and related to the bankruptcy proceedings, which began in May 2012. (See First Am. Compl. ¶¶ 62, 66-68.) There can be no argument that indemnification for these liabilities and losses is somehow time-barred. It is not. In short, as a matter of law, RFC's claims are not time-barred.

Fourth, Academy Mortgage contends that RFC cannot seek indemnification based upon its own negligence. Regardless whether this purported legal principle even applies here – which RFC disputes – whether or not RFC itself was negligent is a fact issue that cannot be resolved on a motion to dismiss. At best, this is an affirmative defense, which Academy Mortgage – not RFC – has the burden of pleading and proving.[1]

Fifth, Academy Mortgage contends that RFC has not met the pleading standards of Iqbal/Twombly. Academy Mortgage, however, fundamentally misunderstands the applicable pleading standards under Rule 8. The Eighth Circuit has expressly held that "Twombly and Iqbal did not abrogate the notice pleading standard of Rule 8(a)(2)" which

---

[1] The Harleysville case cited by Academy Mortgage involved a personal injury claim and was decided on summary judgment. It has no relevance to Academy Mortgage's motion to dismiss or the facts of this case.

7

602873.v2

only requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Hamilton v. Palm, 621 F.3d 816, 817 (8th Cir. 2010) (reversing district court's dismissal of complaint). Rule 8(a)(2) is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 817 (quoting Iqbal). Put another way, the complaint is sufficient if it contains "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." Meecorp Capital Markets LLC v. Oliver, 2010 WL 330324 at *3 (D. Minn. Jan. 21, 2010) (quoting Twombly; alterations in original). And, despite Twombly and Iqbal, "there is no requirement that a plaintiff actually prove the merits of its case in its complaint." Meecorp at *3.

The Amended Complaint easily satisfies this standard. The original complaint already contained numerous and detailed factual allegations directly addressed to the what, where, when, why and how of Academy Mortgage's breaches of contract. The Amended Complaint contains even further factual allegations, including identifying the loans Academy Mortgage sold to RFC and providing specific examples of defective loans. (See First Am. Compl. ¶¶ 19, 43.) And, contrary to Academy Mortgage's suggestion, RFC is not required to allege in the complaint each breach in each and every loan that Academy Mortgage sold to RFC. This is not the law. Academy Mortgage sold more than 600 loans to RFC during the course of the parties' relationship. (Id. ¶¶ 4, 17, 19, 70.) These loans were sold into more than 160 RMBS trusts. (Id. ¶ 37.) The overwhelming weight of authority in the RMBS litigation space chimes with common sense: plaintiffs in these massive and complex cases are not required to set forth in the

8

complaint each and every breach for every one of the hundreds of loans involved. See Hapoalim B.M. v. Bank of America Corp., 2012 WL 6814194, at *7 (C.D. Cal. Dec. 21, 2012) ("There is no need to allege that the specific loans backing a plaintiff's securities contained underwriting defects"); Oklahoma Police Pension And Retirement System v. U.S. Bank Nat'l Ass'n, 291 F.R.D. 47, 66-67 (S.D.N.Y. May 31, 2013) (allegations render "plausible the plaintiff's claims that the issuer breached its obligations" despite failure "to allege specific facts necessary to show that any of the mortgages . . . were in fact defective"); see also CIFG Assur. North America, Inc. v. Goldman, Sachs & Co., Index No. 652286/2011, 2012 WL 1562718 (N.Y. Sup. Ct. May 1, 2012) (Under the "liberal notice pleading standards" for contract claims, the "complaint need not make specific representations as to each of the individual loans.") aff'd, 2013 WL 1876243, at *2 (1st Dep't May 7, 2013) ("Notice of breach was sufficiently alleged."); Assured Guar. Mun. Corp. v. Flagstar Bank FSB, 920 F. Supp. 2d 475, 512 (S.D.N.Y. 2013) ("To the extent that [loan seller] argues that it must be notified as to each loan as to which a material breach is claimed with sufficient specificity to allow [loan seller] to identify the loan and investigate the alleged breach, this requirement inappropriately places the burden of notification on [loan purchaser]"). In short, Rule 8(a)(2) only requires a "short and plain statement of the claim[.]" The Amended Complaint easily satisfies this standard.

Lastly, Academy Mortgage asserts that Article III standing is somehow lacking. Generally, standing only requires injury-in-fact, a causal connection between the injury and the conduct complained of, and redressability of that injury through a favorable

602873.v2

decision. Frankle v. Best Buy Stores, L.P., 609 F. Supp. 2d 841, 844 (D. Minn. 2009). At the pleading stage, "general factual allegations of injury resulting from the defendant's conduct" are sufficient and "on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claims." Id. at 844-45. The Amended Complaint easily satisfies this standard for the reasons already discussed above. Furthermore, the Amended Complaint expressly alleges that Academy Mortgage's loans were defective, that Academy Mortgage's loans were included in RMBS trusts, which were the subject of various lawsuits and proofs of claims, and that RFC has been injured as a result. (See First Am. Compl. ¶¶ 38-44, 47, 50-52, 54-56, 60, 63, 66-68.) These allegations are more than sufficient to demonstrate standing at the pleading stage. Frankle, 609 F. Supp. 2d at 844-45.

      **D.**    **RFC Requests Full Briefing On The Merits In The Event This Court Were To Determine That The Motion To Dismiss Is Not Moot.**

In the event that the Court departs from the foregoing authority and allows Academy Mortgage's motion to dismiss to proceed, RFC respectfully requests an opportunity to respond fully, and in detail, to the motion on the merits – RFC has in fact properly pled the elements of its claims and its Complaint contains sufficient allegations

regarding Academy Mortgage's breaches of the representations and warranties it made to RFC.[2]

Because RFC's Amended Complaint superseded its original Complaint and rendered it without legal effect, Academy Mortgage's motion to dismiss is now moot. If Academy Mortgage "believes that certain of the claims in [RFC's] amended complaint fail, [Academy Mortgage] must file a new motion aimed at that pleading." Bundy, 2012 U.S. Dist. LEXIS 109091 at *3.

## **CONCLUSION**

For the foregoing reasons, the Court should deny Academy Mortgage's motion to dismiss (ECF No. 26) as moot and strike the hearing from the Court's calendar.

Dated:  March 28, 2014        FELHABER LARSON

By:   s/Donald G. Heeman
Donald G. Heeman, #286023
Jessica J. Nelson, #347358
David L. Hashmall, #138162
220 South Sixth Street, Suite 2200
Minneapolis, MN  55402-4504
Telephone:  (612) 339-6321
Facsimile:  (612) 338-0535
dheeman@felhaber.com
jnelson@felhaber.com
dhashmall@felhaber.com

---

[2] Given the nature of Academy Mortgage's arguments, the most the motion could result in is a dismissal without prejudice. See Tatone v. Suntrust Mortg., Inc., 857 F. Supp. 2d 821, 835 (D. Minn. Feb. 13, 2012) (holding that, in order to be dismissed with prejudice, "[t]he Court must be persuaded that under no circumstances can the defects in a pleading be cured on re-pleading" (emphasis in original)); Schlief v. Nu-Source, Inc., No. 10-cv-4477, 2011 U.S. Dist. LEXIS 44446, at *26-27 (D. Minn. Apr. 25, 2011) (dismissing claims without prejudice and granting party thirty days to amend its pleadings in order "to satisfy the pleading standard set forth in Twombly and Iqbal").

602873.v2

> QUINN EMANUEL URQUHART & SULLIVAN, LLP
> Peter E. Calamari (admitted pro hac vice)
> 51 Madison Avenue, 22nd Floor
> New York, New York  10010
> Telephone:  (212) 849-7000
> Facsimile:  (212) 849-7100
> PeterCalamari@quinnemanuel.com
>
> CARPENTER LIPPS & LELAND LLP
> Jeffrey A. Lipps (admitted pro hac vice)
> 280 Plaza, Suite 1300
> 280 North High Street
> Columbus, Ohio 43215
> Telephone:  (614) 365-4100
> Facsimile:  (614) 365-9145
> lipps@CarpenterLipps.com
>
> ATTORNEYS FOR PLAINTIFF
> RESIDENTIAL FUNDING COMPANY, LLC

602873.v2