UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **In Re: RFC and RESCAP Liquidating Trust Litigation** | **Civil File No. 13-3451 (SRN/JJK/HB)** |
| *This document relates to:*<br>Residential Funding Co., LLC. v.<br>Circle Mortgage Corp., 13cv03545 | **ORDER OF RECUSAL AND REASSIGNMENT AS TO CASE 13cv3545 (PAM/JJK) ONLY** |

Pursuant to this Court's January 27, 2015 Administrative Order, the matter of Residential Funding Co., LLC v. Circle Mortgage Corp., 13cv03545 (PAM/JJK), was among the cases consolidated in this action for pretrial purposes. Defendant Circle Mortgage Corporation ("Circle Mortgage") recently substituted counsel from the law firm of Stinson Leonard Street LLP [Doc. No. 281]. Because the undersigned's spouse is a partner at Stinson Leonard Street LLP, the undersigned always recuses herself from matters in which that firm appears. Counsel for Plaintiffs have notified the Court of their belief that recusal is unnecessary. (Letter of 3/20/15 from I. Nesser to J. Nelson at 1 [Doc. No. 283].) But if recusal is deemed necessary, Plaintiffs agree to waive any conflict. (Id. at 2.)

Pursuant to 28 U.S.C. § 455(a), a federal judge must disqualify himself or herself from any proceeding in which the judge's impartiality might reasonably be questioned. In addition, under § 455(b), disqualification is required, in pertinent part, where:

1

> (4) [The judge] knows that [she], individually or as a fiduciary, or [her] spouse or minor child residing in [her] household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
>
> (5) [She] or [her] spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
>
>> (i) Is a party to the proceeding, or an officer, director, or trustee of a party;
>> (ii) Is acting as a lawyer in the proceeding;
>> (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>> (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

28 U.S.C. § 455(b).

While the Court is appreciative of Plaintiffs' willingness to proceed with Circle Mortgage as a party to the consolidated action, the Court finds that recusal is necessary under § 455(b). Pursuant to § 455(e), conflicts under § 455(b) cannot be waived. 28 U.S.C. § 455(e); <u>Kansas Pub. Employees Ret. Sys.</u>, 85 F.3d 1353, 1359 (8th Cir. 1996). Accordingly, pursuant to 28 U.S.C. § 455(b), the undersigned recuses herself from hearing matters involving Circle Mortgage's participation in this action.

**IT IS ORDERED** that the matter of <u>Residential Funding Co., LLC v. Circle Mortgage Corp.</u>, 13cv03545 (PAM/JJK), shall be no longer be part of this consolidated

action and shall be reassigned to the original district judge and magistrate judge to whom it was assigned – the Honorable Paul A. Magnuson and the Hon. Jeffrey J. Keyes.

Dated: March 24, 2015                                      s/Susan Richard Nelson
                                                                         SUSAN RICHARD NELSON
                                                                         United States District Judge