UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In Re: RFC and RESCAP Liquidating   Civil File No. 13-3451 (SRN/JJK/HB)
Trust Actions

**ORDER**

_____

**Order Regarding Plaintiffs' Proposed Employer Subpoenas**
_____

SUSAN RICHARD NELSON

Before the Court is Defendants' Joint Objection to Plaintiffs' Employer Subpoena Program [Doc. No. 406], to which Plaintiffs filed an opposition memorandum [Doc. No. 420]. The Court has considered this matter on the papers. For the reasons set forth below, Defendants' Objection is overruled and their request for a protective order is denied.

**I.   BACKGROUND**

The lawsuits in this consolidated action arise out of Defendants' sale of allegedly defective mortgage loans to RFC. Plaintiffs assert breach of contract and indemnification claims, seeking to recover damages based on Plaintiffs' Chapter 11 bankruptcy losses and liabilities that Plaintiffs allege were caused by Defendants. (See, e.g., Second Am. Compl., Residential Funding Co., LLC v. DB Structured Products, Inc., 14-cv-143 (ADM/TNL) [Doc. No. 405].) Among the loans at issue, Plaintiff RFC purchased numerous "stated income" or "stated income/stated asset" loans from certain Defendants. As part of the discovery in this action, Plaintiffs propose to issue a series of subpoenas to

1

the third-party employers of borrowers of stated income loans. The proposed subpoenas request documents relating to the borrowers' employment and income for an 18-month period around the time of the origination of the borrowers' loans. (See Pls.' Opp'n Mem. at 1 [Doc. No. 420].)

Defendants oppose the issuance of these subpoenas on several grounds. First, Defendants contest the relevance of the discovery, arguing that, as stated income loans, only verbal verification of employment was required and no documentation of income was necessary. (Defs' Obj. at 3, 8-9 [Doc. No. 406].) Second, Defendants argue that the discovery is also irrelevant because none of this information was known to RFC at the time of its bankruptcy, therefore none of it factored into the settlements for which Plaintiffs seek indemnification in this consolidated action. (Id. at 12-13.) Third, Defendants assert that the requested information is harassing, unduly burdensome, and could potentially harm the borrowers by creating an inference that the borrowers committed mortgage fraud. (Id. at 5-8.) Finally, if the Court allows Plaintiffs to issue the proposed subpoenas, Defendants request additional time in which to rebut Plaintiffs' breach allegations for any stated income loan that is subject to the subpoenas until Plaintiffs first revise the breach allegations based on the subpoena production or confirm that they do not intend to do so. (Id. at 13, 15.)

In response to Defendants' arguments, Plaintiffs contend that Defendants have no standing to quash these third-party subpoenas and they fail to show good cause to prohibit them. (Pls.' Opp'n Mem. at 5 [Doc. No. 420].) Plaintiffs contend that the subpoenas seek

information relevant to claims and defenses in this action, are typical of subpoenas served in actions involving many mortgage loans, and will not unduly burden employers or harass borrowers.  (Id. at 7-9.)  To that last point, Plaintiffs propose submitting a cover letter to accompany the subpoenas, explaining to employers that the borrower employees are not involved in this litigation.  (Pls.' Opp'n Mem. at 19 [Doc. No. 420].)  Finally, Plaintiffs urge the Court to reject Defendants' alternative request for a delayed production of reunderwriting rebuttal discovery if the Court permits the subpoenas to issue.  (Id. at 3.)

## II.   DISCUSSION

### A.   Relevance

Federal Rule of Civil Procedure 26(b) provides for the discovery of non-privileged matter relevant to any party's claim or defense.  This standard is liberal in scope and interpretation, "extending to those matters which are relevant and reasonably calculated to lead to the discovery of admissible evidence."  Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1991).  "[A]ny unprivileged matter that is relevant to a party's claim or defense is generally discoverable."  Gov't of Ghana v. ProEnergy Servs., LLC, 677 F.3d 340, 344 (8th Cir. 2012).  The Court finds that the information sought in Plaintiffs' proposed subpoenas meets the relevance standard.[1]  Defendants argue that the requested information is not relevant because, as set forth in the RFC Client Guide (the "Client Guide"), only verbal verification of employment was required for the stated income loans.

---

[1] There is no claim here that the requested information is subject to a claim of privilege or that Defendants have standing to assert such a claim.

3

(Client Guide §§ E405, E407, Ex. A to Nesser Decl. [Doc. No. 422-1].) However, the Client Guide also required the loan underwriter to verify two years of employment history and, based on other factors in the file, confirm that the borrower's stated income was reasonable and in accordance with available information about the borrower's credit and assets. (Id.) And, as Plaintiffs note, in many instances, the loan application, mortgage deed of trust, and other loan file documents signed by the borrower, provided that the loan would be in default or subject to acceleration if the borrower made any misrepresentations in the loan application. (Nesser Decl. [Doc. No. 422], Exs. B at RTE_1RC_00040984; C at RTE_1RC_00041007; D at RTE_1RC_00041070; E at RTE_1RC_00041044.) Plaintiffs thus contend that they

> expect to use the Subpoenas to establish breaches of many other representations and warranties, including Defendants' representations that the loans were not subject to borrower misrepresentations; that all information relating to the loans, including income information, was accurate; that the loans were not subject to acceleration due to an 'event of default' relating to the note or mortgage (which can be triggered by a borrower misrepresentation); and that the loans were originated in compliance with the RFC Client Guide.

(Pls.' Opp'n Mem. at 2 [Doc. No. 420].) Moreover, as Plaintiffs also note, the information requested in the subpoenas may assist the fact finder in evaluating "the reliability of the data and methodology used by the parties' reunderwriting experts in assessing the reasonableness of any borrower's stated income, a separate inquiry that goes to expert credibility." (Id.) The Court finds that the proposed discovery, particularly as it relates to representations and warranties, falls under the broad definition of relevance as

contemplated by Rule 26(b).

As to Defendants' other relevance argument that the information in the proposed subpoenas was not considered in Plaintiffs' bankruptcy settlement, Plaintiffs identify two reasons for the relevance of the information: (1) the claims subject to the bankruptcy settlement – and the litigation that preceded it – involved the same issues as the subpoenas, i.e., the existence of contractual breaches, and compliance with the underwriting guidelines; and (2) the subpoenaed information is relevant to the elements of breach and causation in Plaintiffs' breach of contract claim.  (Id. at 2-3.)  Again, given the broad scope of relevance in the Federal Rules, the Court finds that the proposed discovery is relevant.

### B. Good Cause

As to whether the issuance of the proposed subpoenas would create harassment, undue burden, and potential harm to the borrowers, Fed. R. Civ. P. 26(c) permits the Court, for good cause shown, to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ."[2]   In order to satisfy the burden of establishing good cause, the moving party must make "a particular and specific demonstration of fact, as distinguished from stereotype and conclusory

---

[2] Plaintiffs argue that Defendants lack standing to quash the subpoenas, as the subpoenas are not directed to Defendants, but to third parties.  (Pls.' Opp'n at 5 [Doc. No. 420]) (citing Shukh v. Seagate Tech., LLC, 295 F.R.D. 228, 235-36 (D. Minn. 2013)).  While Defendants lack the necessary standing to quash, Defendants have the right to seek a protective order under Rule 26(c), which is what they request.

statements." Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (quoting 8 C. Wright & A. Miller, Federal Practice & Procedure § 2035, p. 265 (1970)).  In determining whether a protective order is warranted, courts have broad discretion.  Roberts v. Shawnee Mission Ford, Inc., 352 F.3d 358, 362 (8th Cir. 2002).

Although Defendants contend that the subpoenas will be harassing, unduly burdensome, and potentially harmful, these arguments are conclusory and speculative, and are not sufficiently particularized to establish good cause.  Defendants fail to provide any factual support for their concerns about retribution against employee-borrowers.  As Plaintiffs also note, the issuance of an employer subpoena has been accepted by courts in many actions involving numerous mortgage loans.  See, e.g., Assured Guar. Mun. Corp. v. DB Structured Prods. Inc., No. 650705/2010, Doc. Nos. 154 at 2, 155 at 9-21 (N.Y. Sup. Ct. Dec. 20, 2011) (permitting numerous subpoenas on borrowers' employers), Ex. G to Nesser Decl. [Doc. No. 422-7]; MBIA Corp. v. Countrywide Home Loans, Inc., No. 602825/2008, Doc. No. 1543 at 2, 3743 at 79 (N.Y. Sup. Ct. Jan. 5, 2012, Nov. 28, 2012) (permitting subpoenas to employers, borrowers, and accountants), Ex. I to Nesser Decl. [Doc. No. 422-9]; Syncora Guar. Inc. v. EMC Mortg. Corp., No. 09-03106, Doc. No. 31 at 1 (S.D.N.Y. Mar. 23, 2010) (permitting discovery of borrowers), Ex. K to Nesser Decl. [Doc. No. 422-11]; Assured Guar. Corp. v. EMC Mortg. Corp., No. 10-5367, Doc. No. 15 at 1 (S.D.N.Y. Mar. 14, 2011) (permitting third-party borrower discovery), Ex. L to Nesser Decl. [Doc. No. 422-12]; MBIA Ins. Corp. v. Residential Funding Co., LLC, No. 603552/2008, Doc. No. 115, slip op. at 2-3 (N.Y. Sup. Ct. May 10, 2011) (finding "no

question" as to the relevance of borrowers' employment status and income to the plaintiff's claim of breach, and permitting the issuance of numerous subpoenas), Ex. M to Nesser Decl. [Doc. No. 422-13]).[3]

In addition, the Court must balance Defendants' arguments for a protective order against Plaintiffs' arguments for the relevance of and need for the requested information. Gen. Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1212 (8th Cir. 1973) (noting that in evaluating good cause, courts must also weigh the comparative hardship to the non-moving party should the protective order be granted).  The Court finds that the balance weighs in favor of permitting the issuance of the subpoenas, given the broad scope of discovery and the narrowly-tailored scope of the subpoenas, which are to be issued to the employers of borrowers of stated income loans where no verified income information is present in the loan file, and which are within Plaintiffs' proposed statistical samples (as applicable).  The loans request verification of employment and income, limited to an 18-month period around the time of the origination of the loan.  (See Proposed Subpoena, Ex. F to Nesser Decl. [Doc. No. 422-6].)  Given this limited scope, the burden on third-party employers appears to be relatively minimal.

---

[3] Defendants argue that Plaintiffs took a contrary position with respect to employer subpoenas when RFC was defending litigation against MBIA in MBIA Ins. Corp. v. Residential Funding Co., LLC, No. 603552 (N.Y. Sup. Ct.). (Def.'s Objection at 9-10 [Doc. No. 406].) In that litigation, Plaintiffs opposed the issuance of such subpoenas. Plaintiffs acknowledge that they lost that argument in the MBIA litigation – making it persuasive authority here for the issuance of the subpoenas.  Defendants cite no authority that would bar Plaintiffs from relying upon that ruling as authority for the issuance of similar subpoenas here.  (Pl.'s Opp'n at 11 [Doc. No. 420].)

Moreover, as to concerns about the private nature of the requested information, Plaintiffs aver that the subpoenas will be issued in accordance with the Court's February 26, 2015 Protective Order which designates "Non-Party Borrower Information," including financial, credit, or personal identifiers, as confidential, and establishes protocols for the use and disclosure of such information.  (Protective Order ¶¶ 3, 5-6 [Doc. No. 179].) These protections will ensure that the information is not subject to public disclosure.  In addition, as Plaintiffs also observe, the subpoenas do not represent an unreasonable intrusion into the borrowers' privacy because nearly all borrowers signed a Form 1003 Uniform Residential Loan Application, which authorized any owner of the loan to verify or re-verify any information contained in the application or to obtain any information or data relating to the loan through any source.  (See, e.g., Nesser Decl. [Doc. No. 422], Ex. B at TRE_1RC_00040984.)  Furthermore, to address the concerns of potential harm to the borrower-employees, Plaintiffs also propose sending a cover letter with the subpoenas that expressly states that the borrower-employees are not named in this lawsuit, are not parties to this lawsuit, and that Plaintiffs assert no claims against them.  (Pls.' Opp'n Mem. at 19 [Doc. No. 420].)

      **C.**      **Request for Additional Time for Reunderwriting Disclosures**

Finally, Defendants request a delay for the production of their reunderwriting rebuttal disclosures for the loans at issue in the subpoenas, if the Court permits the employer subpoenas to go forward.  (Def.'s Objection at 13-15 [Doc. No. 406].)  The Court has previously considered and rejected this argument in connection with the timing

of reunderwriting disclosures and will not revisit it now.  (See Consolidated Case Management Order/Pretrial Order No. 5 at 2 [Doc. No. 277].)  As this Court has previously ruled, if newly acquired information comes into a either party's possession, or for good cause shown, the parties may seek leave of Court to amend their earlier disclosures.  Accordingly, Defendants' request for a modification to the Scheduling Order is denied.

**THEREFORE IT IS HEREBY ORDERED THAT:**

Defendants' Joint Objection to Plaintiffs' Employer Subpoena Program [Doc. No. 406] is **OVERRULED** and their request for a protective order is **DENIED.**

Dated: May 27, 2015                                        s/Susan Richard Nelson
                                                           SUSAN RICHARD NELSON
                                                           United States District Judge