## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

In Re: RFC and RESCAP Liquidating Trust
Litigation

Consolidated Action
Civil File No. 13-3451 (SRN/JJK/HB)

*This document relates to:*

ResCap Liquidating Trust v. PHH Mortgage
Corp., No. 14-cv-4701 (SRN/JJK/HB)

---

## MEMORANDUM OPINION AND ORDER

SUSAN RICHARD NELSON, United States District Judge

## I.      INTRODUCTION

This matter is before the Court on Defendant PHH Mortgage Corporation's (hereafter

"PHH") Motion to Dismiss the Amended Complaint.  [Doc. No. 299.]  When PHH filed its

motion, among other claims, it sought to dismiss all of the plaintiff ResCap Liquidating Trust's

(hereafter "RFC") claims relating to loans PHH sold to RFC before May 13, 1998.  (Doc. No.

301, PHH's Mem. in Supp. of Mot. to Dismiss Am. Compl. ("PHH Mem.") 2.)  On May 27,

2015, however, the parties entered a Stipulation for Dismissal of Certain Claims Without

Prejudice [Doc. No. 483], by which RFC agreed to withdraw without prejudice its claims for

loans sold under the parties' 1993 agreement, and PHH agreed to withdraw without prejudice the

portion of its motion addressing such claims.  (*Id.* ¶¶ 1-2.)  The Court incorporated the parties'

stipulation into an Order shortly after the stipulation was filed, providing that RFC's claims

under the 1993 agreement were dismissed without prejudice and that PHH's motion to dismiss

was withdrawn as to those loans.  [Doc. No. 489, May 27, 2015 Order ¶¶ 1-2.]  Accordingly, in

this Order, the Court addresses only the surviving portion of PHH's motion to dismiss.  In that

portion of the motion, PHH asks the Court to dismiss RFC's claims relating to loans acquired

under the terms of the parties' September 1, 2006 agreement, also referred to as the "Flow

Agreement." (PHH's Mem. 2-3, 9-12.) For the reasons stated below, the surviving portion of

PHH's motion is denied.

## II.     BACKGROUND

The procedural background of these cases has been described in detail by this Court in

Orders previously entered in this consolidated proceeding. Generally speaking, RFC alleges that

over several years, PHH and other defendants sold it a number of residential mortgage loans

pursuant to contractual agreements. In the agreements at issue here, RFC asserts that PHH made

several representations and warranties about the quality and character of the loans it sold to RFC.

RFC then sold those loans to residential mortgage-backed securitization ("RMBS") trusts.

Relying on PHH's representations and warranties in the agreements, RFC asserts that it made its

own representations and warranties when it sold the loans to the RMBS trusts. Later, when the

loans RFC bought from PHH and other correspondent lenders did not perform as expected, the

RMBS trusts asserted billions of dollars of claims against RFC. RFC was thus forced into

bankruptcy, where it incurred billions of dollars in losses and liabilities that RFC asserts were

caused by PHH's and other defendants' breaches of the contractual representations and

warranties contained in the agreements. Thus, RFC asserts claims against PHH for breach of

contract and for contractual indemnification. (*See* Case No. 14-cv-4701, Doc. No. 51, First Am.

Compl., *passim.*)

Of particular relevance here, in its First Amended Complaint, RFC alleges that "over the

course of the parties' relationship, PHH sold over 3,500 mortgage loans to RFC pursuant to the

Client Contract dated as of May 13, 1998 . . . and the Mortgage Loan Flow Purchase, Sale &

Servicing Agreement dated as of September 1, 2006 (the "Flow Agreement").  (First Am.

Compl. ¶ 17.)  RFC attaches a copy of the Flow Agreement to the First Amended Complaint as

Exhibit A.  (*Id.*)  RFC further alleges that the 1998 Client Contract, the 2006 Flow Agreement,

and the RFC Client Guide "collectively form the parties' Agreement, and set the standards to

which PHH's loans sold to RFC were expected to adhere."  (*Id.* ¶ 18.)  RFC attaches a complete

copy of the Client Guide to the First Amended Complaint to illustrate RFC's standard terms and

conditions that it alleges governed PHH's sale of loans to RFC.  (*Id.*)  RFC further details a

number of representations and warranties that PHH made with respect to the loans in the Client

Guide, (*id.* ¶ 24,), and identifies several representations and warranties PHH made under the

terms of the Flow Agreement, (*id.* ¶ 25).

RFC alleges that PHH failed to comply with its representations and warranties under the

Client Guide, which constitute "Events of Default."  (First Am. Compl. ¶ 27.)  In addition, RFC

alleges that "[u]nder the Flow Agreement, it is an event of default for 'any failure on the part of a

Seller/Servicer duly to observe or perform in any material respect any of the covenants or

agreements on the part of such Seller/Servicer set forth in [the Flow] Agreement . . . ."  (*Id.*)

RFC further alleges that PHH breached the representations and warranties under the Client

Guide.  (*Id.* ¶¶ 42, 44 (listing provisions of the Client Guide RFC alleges were breached by

PHH).)  And, RFC alleges that PHH breached a number of provisions of the Flow Agreement.

(*Id.* ¶¶ 42, 44 (listing provisions of the Flow Agreement that PHH allegedly breached).)

## III.   DISCUSSION

### A.   Legal Standard on a Rule 12(b)(6) Motion to Dismiss

When evaluating a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil

Procedure, for failure to state a claim upon which relief can be granted, the Court assumes the

facts in the Complaint to be true and construes all reasonable inferences from those facts in the

light most favorable to the plaintiff.  Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986).

However, the Court need not accept as true wholly conclusory allegations, see Hanten v. Sch.

Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions the plaintiff

draws from the facts pled, Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).  In

addition, the Court ordinarily does not consider matters outside the pleadings on a motion to

dismiss.  See Fed. R. Civ. P. 12(d).  The Court may, however, consider exhibits attached to the

complaint and documents that are necessarily embraced by the pleadings, Mattes v. ABC

Plastics, Inc., 323 F.3d 695, 697 n.4 (8th Cir. 2003), and may also consider public records, Levy

v. Ohl, 477 F.3d 988, 991 (8th Cir. 2007).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint "must

contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."

The U.S. Supreme Court, in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v.

Twombly, 550 U.S. 544 (2007), clarified that this Rule does not require that a complaint contain

"detailed factual allegations," but it does require that it contain facts with enough specificity "to

raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  In other words,

this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal

evidence of [the claim]."  Id. at 556. "Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678 (citing

Twombly, 550 U.S. at 555).  Thus, to survive a motion to dismiss, a complaint must contain

"enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.

In its motion, PHH contends that RFC's First Amended Complaint is deficient with

regard to RFC's claims relating to loans sold under the Flow Agreement because:  (1) the Flow

Agreement does not incorporate the Client Guide and so RFC has failed to allege a breach of any

relevant contractual provision; and (2) RFC failed to allege that it satisfied the conditions

precedent necessary to maintain its claims under the Flow Agreement.  These arguments fail.

>    **B.**      **Breach Allegations**

PHH first argues that the claims relating to loans sold under the Flow Agreement are

deficient because the Flow Agreement does not incorporate the Client Guide, but instead

expressly adopts a separate contract document RFC did not attach to its pleading—the PHH

Guide.  (PHH Mem. 10-11.)  Because the Flow Agreement contains an integration clause that

excludes the Client Guide and the First Amended Complaint does not specifically allege

violations of the PHH Guide, PHH contends that RFC has failed to plausibly allege any breach

of a relevant contractual provision.  (*Id.* at 11.)  Essentially, PHH argues that RFC's allegations

are directly contradicted by the contract documents on which its claims rest.  (*Id.* at 10 (citing

cases for the proposition that allegations that are inconsistent with the terms of a written

document are not controlling for purposes of analyzing a motion under Rule 12(b)(6)).)

The Court finds that RFC has stated a plausible claim for breach of the representations

and warranties under the Flow Agreement.  Although RFC alleges that the Client Contract, the

Flow Agreement, and the Client Guide collectively form the parties' "Agreement" and establish

the standards for PHH's sale of loans, it is evident upon reviewing the First Amended Complaint

that RFC alleges a breach of the Client Guide with respect to some loans and breaches of the

Flow Agreement as to others.[1]  In fact, RFC alleged that PHH breached specific provisions of the

Flow Agreement itself.  (First Am. Compl. ¶¶ 42, 44, 45-47, 52(a), 52(c).)  Such allegations

---

[1]      As discussed in prior Orders from this Court, RFC is not required to plead breaches on a
loan-by-loan basis, and PHH is certainly capable of obtaining the clarity it claims is lacking in
the First Amended Complaint during the discovery phase of this litigation.

provide sufficient notice of RFC's claims and are sufficient to raise a right to relief above the

speculative level.  And, contrary to PHH's assertion, RFC's failure to attach a copy of the PHH

Guide (which is incorporated into the Flow Agreement) to the First Amended Complaint does

not render RFC's pleadings inadequate where the alleged breaches were of the Flow Agreement.

### C.       Conditions Precedent

PHH next argues that Section 10.01(2) of the Flow Agreement required RFC to provide

written notice of any alleged failure by PHH to perform its obligations under the contract prior to

bringing suit, and that RFC's claims relating to loans sold under the Flow Agreement must be

dismissed because RFC failed to allege that RFC provided that notice.  (PHH Mem. 11-12.)

PHH contends that RFC's general allegation that it satisfied all conditions precedent prior to

filing this action is insufficient to state a claim upon which relief can be granted.  (*Id.* at 12.)

The Court disagrees.  Rule 9(c) of the Federal Rules of Civil Procedure states that, "[i]n

pleading conditions precedent, it suffices to allege generally that all conditions precedent have

occurred or been performed."  Therefore, if the provision in the Flow Agreement cited by PHH

is, in fact, a condition precedent, then RFC's allegation that it "at all times performed all of its

obligations to PHH, if any, under the Agreement [which includes the Flow Agreement], and all

conditions precedent . . . , if any, have been satisfied," (First Am. Compl. ¶ 36), is sufficient to

satisfy its pleading obligation.  And, if RFC, in fact, failed to satisfy that condition precedent,

PHH can certainly flesh out that defense as the litigation moves forward.

In addition, PHH argues that RFC's First Amended Complaint is internally inconsistent

to the extent that RFC alleges in Paragraph 36 that it satisfied all conditions precedent under the

"Agreement," and in Paragraph 31 that it had no obligation to provide notice and an opportunity

to cure under the "Agreement."  While it appears that at times RFC used the term "Agreement"

to refer collectively to all of the contracts referenced in its pleadings, and at other times RFC

used the term to refer to one contract or another, RFC also specifically refers to the "Client

Guide" in Paragraph 31.  Reasonably construing the allegations in RFC's favor, as the Court

must at this stage of the proceedings, it is plausible that Paragraph 36 refers to RFC's alleged

satisfaction of conditions precedent as to loans sold under the Flow Agreement, and that

Paragraph 31 refers to the absence of a contractual obligation to provide PHH with notice and an

opportunity to cure with respect to loans sold under the Client Guide.  Accordingly, the First

Amended Complaint is not necessarily internally inconsistent.  Rather, RFC has sufficiently—if

somewhat unartfully—stated a claim upon which relief can be granted.

For these reasons, **IT IS HEREBY ORDERED** that PHH's Motion to Dismiss the

Amended Complaint [Doc. No. 299], is **DENIED**.


Dated:  June 12, 2015                                     s/Susan Richard Nelson
                                                         SUSAN RICHARD NELSON
                                                         United States District Judge