UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **In Re: RFC and RESCAP Liquidating Trust Actions** | Civil File No. 13-3451 (SRN/JJK/HB) |
| _____ | |
| *This document relates to:* | MEMORANDUM OPINION AND ORDER |
| **ResCap Liquidating Trust v. CMG Mortgage, Inc., No. 14-CV-3522 (ADM)** | |
| **Residential Funding Company, LLC v. Home Loan Center, Inc., No. 14-CV-1716 (DWF/JJK)** | |

SUSAN RICHARD NELSON

Before the Court is the Joint Motion to Dismiss Plaintiffs' First Amended Complaints filed by Defendants CMG Mortgage, Inc. ("CMG") and Home Loan Center, Inc. ("HLC") [Doc. No. 310]. Plaintiffs ResCap Liquidating Trust and Residential Funding Company, LLC (collectively, "RFC") filed an opposition memorandum [Doc. No. 379], to which Defendants replied [Doc. No. 428]. The Court has considered this matter on the papers. For the reasons set forth below, Defendants' motion is denied.

## I.   BACKGROUND

The lawsuits in this consolidated action arise out of Defendants' sale of allegedly defective mortgage loans to RFC. Plaintiffs assert breach of contract and indemnification claims, seeking to recover damages based on Plaintiffs' Chapter 11 bankruptcy losses and liabilities that Plaintiffs allege were caused by Defendants. (See First. Am. Compl. ¶¶ 84-

1

95, ResCap Liquidating Trust v. CMG Mortg., Inc., No. 14-CV-3522 (SRN/JJK/HB) ("CMG FAC ") [Doc. No. 47]; First Am. Compl. ¶¶ 78-89, Residential Funding Co., LLC v. Home Loan Center, 14-CV-1716 (DWF/JJK) [Doc. No. 1-2] ("HLC FAC").)

In their joint motion, CMG and HLC argue that RFC's breach of contract claims against them must be dismissed because Plaintiffs fail to allege that a contract was formed and accepted. (Defs.' Mem. at 8-13 [Doc. No. 312].) In the complaints in question, Plaintiffs allege that "RFC and Defendant [CMG] [HLC] entered into a valid and enforceable Agreement pursuant to which RFC acquired . . . [a specific amount of ] mortgage loans from [CMG] [HLC]." (CMG FAC ¶ 85 [Doc. No. 47], ResCap Liquidating Trust v. CMG Mortg., Inc., No. 14-CV-3522 (SRN/JJK/HB); HLC FAC ¶ 79 [Doc. No. 1-2], Residential Funding Co., LLC v. Home Loan Center, 14-CV-1716 (DWF/JJK).) Defendants CMG and HLC contend that their respective contracts included a provision requiring a certified resolution from the respective boards of directors of CMG and HLC authorizing the contracts' execution and delivery, along with the executed contracts themselves. (Defs.' Mem. at 5-8 [Doc. No. 312].) Defendants argue that Plaintiffs fail to allege facts showing how the contracts were accepted and executed, particularly with respect to the board resolution requirement. (Id. at 6-8.) Thus, because the complaints lack such allegations, CMG and HLC argue that the Court cannot infer that valid contracts were formed or that Defendants breached the contracts. (Id. at 8-13.) Likewise, because Plaintiff's indemnification claim is premised upon the existence of a valid express contract, CMG and HLC contend that this claim also fails. (Id. at 13-14.)

Plaintiffs oppose Defendants' motion, arguing that they have adequately pleaded the existence of valid contracts between the parties. (Pls.' Opp'n Mem. at 1-2 [Doc. No. 379].) Moreover, Plaintiffs assert that Defendants' motion is effectively moot, as Plaintiffs submit with their opposition memorandum the board resolutions in question. (Id.; Horst Decl. Exs. A-H [Doc. No. 380]: CMG 2000 Corp. Resolution, CMG 2006 Corp. Resolution, HLC 2002 Corp. Resolutions, HLC 2003 Corp. Resolution; HLC 2005 Corp. Resolutions.)

## II.     DISCUSSION

### A.     Standard of Review

When evaluating a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted, the Court assumes the facts in the Complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the plaintiff. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). However, the Court need not accept as true wholly conclusory allegations, see Hanten v. Sch. Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions the plaintiff draws from the facts pleaded, Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). In addition, the Court ordinarily does not consider matters outside the pleadings on a motion to dismiss. See Fed. R. Civ. P. 12(d). The Court may, however, consider exhibits attached to the complaint and documents that are necessarily embraced by the pleadings, Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697 n.4 (8th Cir. 2003), and may also consider public records, Levy v. Ohl, 477 F.3d 988,

991 (8th Cir. 2007).  In cases involving contracts, courts may examine the contract documents in deciding a motion to dismiss.  Stahl v. United States Dep't of Agric., 327 F.3d 697, 700 (8th Cir.2003).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  The Supreme Court, in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), clarified that this Rule does not require that a complaint contain "detailed factual allegations," but it does require that it contain facts with enough specificity "to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  In other words, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]."  Id. at 556.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).  Thus, to survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.

### B.    Breach of Contract

To prevail on a claim for breach of contract, a plaintiff must prove the following: (1) the formation of a contract; (2) the performance by plaintiff of any conditions precedent; and (3) a material breach of the contract by defendant.  Commercial Assocs., Inc. v. Work Connection, Inc., 712 N.W.2d 772, 782 (Minn. Ct. App. 2006) (citation omitted).  Some Minnesota cases also require the element of damages.  Parkhil v. Minn.

Mut. Life Ins. Co., 174 F.Supp.2d 951, 961 (D. Minn. 2000).

To survive a motion to dismiss a breach of contract claim, a plaintiff need not prove each of the elements of the claim, nor must a plaintiff provide evidence supporting the claim.  Chambers v. Travelers Cos., Inc., No. 08-CV-5947 (JMR/JJK), 2009 WL 873124, at *5 (D. Minn. Mar. 30, 2009) (denying a motion to dismiss on breach of contract claim where plaintiff had alleged a right to receive a bonus, without alleging the amount of the bonus or the specific provision which gave her the right to a bonus).  Rather, a plaintiff's allegations are taken as true, and all reasonable inferences are drawn in the plaintiff's favor.  Morton, 793 F.2d at 187.  At this very early stage, the question is whether Plaintiffs have adequately alleged a set of plausible facts entitling them to relief for breach of contract and indemnification.  While Defendants cite Industrial Rubber Applicators, Inc. v. Eaton Metal Prods. Co., 171 N.W.2d 728, 731 (Minn. 1969), rev'd on other grounds, for the proposition that a plaintiff must allege that a contract was "formed," the court there noted what a plaintiff must prove in order to establish a right of recovery on a breach of contract claim, as opposed to what a plaintiff must simply allege in a complaint.  Here, Plaintiffs allege that: (1) a valid, duly authorized contract existed with respect to both CMG and HLC; (2) Defendants breached the terms of the contracts; and (3) Plaintiffs sustained damages as a result.  (CMG FAC ¶¶ 17-18, 85 [Doc. No. 47], ResCap Liquidating Trust v. CMG Mortg., Inc., No. 14-CV-3522 (SRN/JJK/HB); HLC FAC ¶¶ 17-18, 79 [Doc. No. 1-2], Residential Funding Co., LLC v. Home Loan Center, 14-CV-1716 (DWF/JJK).)  In addition to the allegations that the contracts were "entered into,"

Plaintiffs attached copies of the contracts to the respective complaints in question: the 2000 CMG Contract states that it was executed by CMG's duly authorized officers as of the date of the Contract (CMG FAC, Ex. A at 11 [Doc. No. 47-1], ResCap Liquidating Trust v. CMG Mortg., Inc., No. 14-CV-3522 (SRN/JJK/HB); see also CMG 2008 Contract, Ex. A at 17 [Doc. No. 47-1]), and the 2002 HLC Contract likewise states that it was executed by HLC's duly authorized officers as of the date of the Contract.  (HLC FAC, Ex. A at 32 [Doc. No. 1-2], Residential Funding Co., LLC v. Home Loan Center, 14-CV-1716 (DWF/JJK).)  The Court therefore finds that Plaintiffs have sufficiently alleged a claim for breach of contract.  Defendant's motion to dismiss this claim is accordingly denied.[1]

Because Defendants' motion to dismiss Plaintiffs' indemnification claim is conditioned on the successful dismissal of the breach of contract claim, the dismissal of the indemnification claim is also denied.

Finally, because the Court finds that Plaintiffs' claims meet the pleading requirements of Rule 12(b)(6), it need not consider the CMG and HLC board resolution documents proffered by Plaintiffs in opposition to Defendants' motion.

**THEREFORE IT IS HEREBY ORDERED THAT:**

The Joint Motion to Dismiss Plaintiffs' First Amended Complaints filed by

---

[1] Moreover, Plaintiffs argue that the delivery of board resolutions was not required for "formation" of the contracts, as such delivery was merely promised as evidence of the signatories' signing authority, along with execution of the contracts.  (Pls.' Opp'n Mem. at 5 [Doc. No. 379].)

Defendants CMG Mortgage, Inc. and Home Loan Center, Inc. [Doc. No. 310] is

**DENIED.**

Dated: June 25, 2015                                                                 s/Susan Richard Nelson
                                                                                                  SUSAN RICHARD NELSON
                                                                                                  United States District Judge