# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: RFC and ResCap Liquidating Trust Litigation | Case No. 13-cv-3451 (SRN/JJK/HB) |
| *This document relates to:* | **MEMORANDUM OPINION AND ORDER** |
| Residential Funding Company, LLC v. RBC Mortgage Company, No. 14-cv-3093 (PJS/BRT) | |

SUSAN RICHARD NELSON, United States District Judge

## I. INTRODUCTION

This matter is before the Court on Defendant RBC Mortgage Company's Motion to Dismiss [Doc. No. 304]. For the reasons set forth below, the Motion is denied.

## II. BACKGROUND

The alleged facts giving rise to the lawsuits in this consolidated action have been described in multiple prior Orders from this Court. Briefly stated, this particular lawsuit arises out of Defendant RBC Mortgage Company's ("RBC") sale of allegedly defective mortgage loans to Residential Funding, LLC ("RFC") pursuant to a Seller Contract and Client Guide (collectively, the "Agreement") under which RBC made many representations and warranties regarding the loans. (Compl. [Doc. No. 45, 14-cv-3093] ¶¶ 1, 17–18, 24 & Exs. A, B-1–B15.) The Seller Contract and Client Guide, or excerpts thereof, are attached to the Complaint as Exhibits A and B-1 through B-15, and a "preliminary list" of the loans sold by RBC to RFC is attached as Exhibit C. The acquisition dates of the loans on the preliminary list range from March 23, 1998 to May 2, 2005. (See id., Ex. C.)

After purchasing the loans from RBC, RFC either pooled the loans to sell into residential mortgage-backed securitization ("RMBS") trusts or sold them to whole loan purchasers. (Id. ¶¶ 3, 36.) According to RFC, many of the loans eventually defaulted or became delinquent and, beginning in 2008, RFC faced claims and lawsuits resulting from defective loans it had purchased, including loans from RBC. (Id. ¶¶ 39, 49.) By May 2012, RFC had spent millions of dollars repurchasing defective loans, including loans sold to it by RBC, (id. ¶ 58), and on May 14, 2012, RFC filed for Chapter 11 bankruptcy in the Bankruptcy Court for the Southern District of New York, (id. ¶ 59; In re Residential Capital, LLC, Case No. 12-12020 (MG) (Bankr. S.D.N.Y.)). RFC alleges that hundreds of proofs of claim related to allegedly defective mortgage loans, including those sold to RFC by RBC, were filed in connection with the bankruptcy proceedings. (Compl. ¶ 60.)

The Bankruptcy Court eventually approved a global settlement for more than $10 billion in allowed claims. (Id. ¶ 63.) RFC claims that RBC is obligated, pursuant to the Agreement, to compensate RFC for losses and liabilities related to RBC's breaches of representations and warranties. (Id. ¶ 65.) Accordingly, RFC filed a lawsuit asserting two causes of action against RBC. In Count One, a claim for breach of contract, RFC alleges that RBC materially breached the representations and warranties it made to RFC because the mortgage loans it sold to RFC did not comply with those representations and warranties. (Id. ¶ 70.) RFC asserts that these material breaches constitute Events of Default under the Agreement and have resulted in losses and liabilities related to the defective loans, as well as losses associated with defending the lawsuits and proofs of claim that stem from those

2

loans. (Id. ¶¶ 71–72.) In Count Two, RFC alleges that it is entitled to indemnification from RBC for those losses and liabilities. (Id. ¶¶ 74–77.)

**III. DISCUSSION**

When evaluating a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted, the Court assumes the facts in the Complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the plaintiff. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). However, the Court need not accept as true wholly conclusory allegations, see Hanten v. Sch. Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions the plaintiff draws from the facts pled, Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). In addition, the Court ordinarily does not consider matters outside the pleadings on a motion to dismiss. See Fed. R. Civ. P. 12(d). The Court may, however, consider exhibits attached to the complaint and documents that are necessarily embraced by the pleadings, Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697 n.4 (8th Cir. 2003), and may also consider public records, Levy v. Ohl, 477 F.3d 988, 991 (8th Cir. 2007).[1]

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." The U.S. Supreme Court, in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell

---

[1] As discussed above, several exhibits were attached to the Complaint. The Court may properly consider those documents because they are attached to the Complaint and are necessarily embraced by the pleadings.

Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), clarified that this Rule does not require that a complaint contain "detailed factual allegations," but it does require that it contain facts with enough specificity "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In other words, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." Id. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). Thus, to survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

In its Motion to Dismiss, RBC argues that RFC's breach of contract claim is time-barred because the last loan that RFC alleges it received from RBC was acquired on May 2, 2005—well outside of Minnesota's six-year statute of limitations for breach of contract claims. (RBC's Mem. of Law in Supp. of Its Mot. to Dismiss [Doc. No. 306] at 1, 3.) RBC also argues that the continuing obligation theory that RFC has relied upon in other actions to "escape the limitations period" does not apply to RBC because "substantially all of [RBC's] assets" were sold to, and "substantially all of its employees" were hired by, a different company in 2005, after which RBC discontinued its operations. (Id. at 1–2.) Therefore, according to RBC, it could not have discovered any breaches with respect to the loans after 2005 and could not be liable for a failure to notify RFC of those breaches. (Id. at 2, 4–5.) In support of this argument, RBC points to the 2006 Annual Report of its parent company (Royal Bank of Canada) and the purchasing company's Form 10-K. (Id.)

4

In opposition, RFC asserts that RBC's argument is based on facts drawn from evidence that is outside of the pleadings and that cannot properly be considered on a motion to dismiss. (Pl.'s Mem. of Law in Opp. to RBC's Mot. to Dismiss [Doc. No. 388] ("Pl.'s Opp.") at 1, 5.) Even if this extrinsic evidence is considered, RFC asserts, the documents upon which RBC relies to argue that it ceased operations in 2005 do not establish which assets were sold or when, or the date that RBC actually ceased operations, and, therefore, the documents create "significant factual issues." (Id. at 5–8.) At any rate, RFC argues, RBC could not free itself of its continuing obligation to notify RFC of defects in the loans simply by selling its assets and winding down its operations. (Id. at 3–4, 9–10.)

The Court finds that RFC's breach of contract claim against RBC is not properly dismissed as time-barred because it does not appear from the face of the Complaint that the limitations period has necessarily run as to any of the loans at issue. See Varner v. Peterson Farms, 371 F.3d 1011, 1016 (8th Cir. 2004) (citation omitted) ("[W]hen it 'appears from the face of the complaint itself that the limitation period has run,' a limitations defense may properly be asserted through a Rule 12(b)(6) motion to dismiss."). As discussed by this Court in prior Orders, in light of § 108(a) of the Bankruptcy Code, Minnesota's six-year statute of limitations had not expired as to loans sold to RFC on or after May 14, 2006 at the time RFC filed its bankruptcy petition on May 14, 2012. See 11 U.S.C. § 108(a) (stating that, if the statute of limitations governing a debtor's claim has not expired prior to the filing of the bankruptcy petition, the trustee may commence an action on that claim before the

5

later of the end of the statutory limitations period or "two years after the order for relief"). Accordingly, claims based on those loans are not time-barred.

As for the loans at issue in this case (i.e., loans sold to RFC on or before May 2, 2005), the continuing obligation theory that RFC advances is based on RBC's alleged breaches of a representation and warranty under Section A201(M) that it "'[would] promptly notify GMAC-RFC of any occurrence, act, or omission regarding [Defendant], the Loan, the Mortgaged Property or the Mortgagor of which [Defendant] has knowledge, which . . . may materially affect [Defendant], the Loan, the Mortgaged Property or the Mortgagor.'" (Compl. ¶ 24(b) (quoting Client Guide A201(M)).) As this Court discussed in Residential Mortgage Co. v. Academy Mortgage Corp., "'[w]here a warranty relates to a future event that will determine whether or not it is breached, the statute does not begin to run until the happening of such future event.'" 59 F. Supp. 3d 935, 952 (D. Minn. 2014) (quoting City of Pipestone v. Wolverine Ins. Co., Civ. No. 4-84-634, 1985 WL 1845, at *4 (D. Minn. June 28, 1985)). Thus, as alleged, a breach of the representation and warranty in Section A201(M) could relate to an event that occurred, if at all, after the sale of a loan. Accordingly, it is plausible from the face of the Complaint that the statute of limitations for a claim based on a loan sold to RFC on or before May 2, 2005 would not begin to run until after May 14, 2006. And, because the date upon which RBC allegedly breached Section A201(M) is a question of fact that goes beyond the pleadings, the Court cannot resolve the issue at this stage of the proceedings.

Finally, RBC's argument that it ceased operations sometime in 2005 does not mandate a different outcome. As RFC points out, RBC's assertion that it was no longer liable for the representations and warranties in the Agreement after it ceased operations is based on facts drawn from an Annual Report and Form 10-K that are outside of the pleadings. Even if those documents are public records that may properly be considered on a motion to dismiss, however, they simply create a fact issue as to the date that RBC actually ceased operations and the date—if ever—on which RBC was absolved of liability under the Agreement. For example, the 2006 Annual Report states:

> On September 2, 2005, [Royal Bank of Canada] completed the sale of RBC Mortgage Company (RBC Mortgage) to New Century Mortgage Corporation and Home123 Corporation (Home123), pursuant to which Home123 acquired certain assets of RBC Mortgage including its branches, and hired substantially all of its employees.
>
> RBC Mortgage has substantially disposed of its remaining assets and obligations that were not transferred to Home123. . . .

(Lawrence Decl. [Doc. No. 307], Ex. 1.) It is not clear from this statement that the employees that remained after the transfer of "substantially all" of RBC's assets and employees in 2005 could not thereafter have discovered any breaches with respect to the loans.[2] The Court may not resolve such issues at this stage of the proceedings. For these reasons, RBC's Motion must be denied.

---

[2] In its opposition, RFC also cites to a letter from RFC to RBC dated September 15, 2005 to demonstrate that RBC was not relieved of its obligations to RFC as of the time that RBC purportedly ceased operations. (See Pl.'s Opp. at 4.) The letter states:

> Residential Funding Corporation has elected at this time to "Inactivate" the relationship entered into by RBC Mortgage Company with Residential Funding Corporation effective September 22, 2005.

## IV. ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Defendant RBC Mortgage Company's Motion to Dismiss [Doc. No. 304] is **DENIED**.

Dated: July 15, 2015        s/Susan Richard Nelson
                            SUSAN RICHARD NELSON
                            United States District Judge

---

<u>Inactivation in no way releases RBC Mortgage Company from the responsibilities outlined by the representations, warranties and covenants entered into by the Client Contract.</u>

(Nelson Decl. [Doc. No. 389], Ex. A (emphasis added).) RBC claims that this letter in fact supports its position and does not object to its consideration on this Motion. (RBC's Reply Mem. of Law in Further Supp. of Its Mot. to Dismiss [Doc. No. 427] at 3 n.1.) However, this Court finds that the letter, if considered, would only create further fact issues that cannot be resolved on a motion to dismiss.