# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: RFC and ResCap Liquidating Trust Litigation | Case No. 13-cv-3451 (SRN/JJK/HB) |
| *This document relates to:* | **MEMORANDUM OPINION AND ORDER** |
| Residential Funding Company, LLC v. Hometown Mortgage Services, Inc., No. 13-cv-3509 (PAM/HB) | |

SUSAN RICHARD NELSON, United States District Judge

## I. INTRODUCTION

This matter is before the Court on Defendant Hometown Mortgage Services, Inc.'s Unique Issue Motion to Dismiss Count I of Plaintiff's Second Amended Complaint [Doc. No. 317]. For the reasons set forth below, the Motion is denied.

## II. BACKGROUND

The alleged facts giving rise to the lawsuits in this consolidated action have been described in multiple prior Orders from this Court. Briefly stated, this particular lawsuit arises out of Defendant Hometown Mortgage Services, Inc.'s ("Hometown") sale of allegedly defective mortgage loans to Residential Funding, LLC ("RFC"). (Second Am. Compl. [Doc. No. 68, 13-cv-3509] ¶ 1.) Prior to May 2012, RFC was "in the business of acquiring and securitizing residential mortgage loans," (id. ¶ 2), and RFC acquired the loans from "'correspondent lenders,'" such as Hometown, (id. ¶ 3). According to the Second Amended Complaint, RFC's relationship with Hometown was governed by a Client Contract that incorporated the terms and conditions of RFC's Consumer Finance

Acquisitions Guide ("CFA Guide") and RFC's Client Guide, and these documents "collectively form the parties' Agreement, and set the standards to which Hometown's loans sold to RFC were expected to adhere." (Id. ¶¶ 17–18 & Exs. A, B-1, B-4–B-31, F.) It is alleged that, pursuant to the Agreement, Hometown made many representations and warranties regarding the loans, including that Hometown would "promptly notify" RFC of any material acts or omissions regarding the loans. (Id. ¶ 24(b) (citing Client Guide A201(M)).) The Agreement also provided for certain remedies for RFC in the event of a breach, including repurchase of the defective loan or indemnification against losses and liabilities resulting from the breach. (Id. ¶¶ 29–33.) The Client Contract, Client Guide (or excerpts thereof), and CFA Guide are attached to the Second Amended Complaint as Exhibits A, B-1, B-4 through B-31, and F; and lists of the loans sold by Hometown to RFC are attached as Exhibits C-1 and C-2. The most recent acquisition of any of the loans allegedly occurred in 2007. (See id., Exs. C-1, C-2.)

After purchasing the loans from Hometown, RFC either pooled the loans to sell into residential mortgage-backed securitization ("RMBS") trusts or sold them to whole loan purchasers. (Id. ¶¶ 3, 36.) According to RFC, many of the loans were defective and, beginning in 2008, RFC faced claims and lawsuits resulting from defective loans it had purchased, including loans from Hometown. (See id. ¶¶ 39, 49, 51, 55.) By May 2012, RFC had spent millions of dollars repurchasing defective loans, including loans sold to it by Hometown, (id. ¶ 71), and on May 14, 2012, RFC filed for Chapter 11 bankruptcy in the Bankruptcy Court for the Southern District of New York, (id. ¶ 72; In re Residential Capital,

2

LLC, Case No. 12-12020 (MG) (Bankr. S.D.N.Y.)). RFC alleges that hundreds of proofs of claim related to allegedly defective mortgage loans, including those sold to RFC by Hometown, were filed in connection with the bankruptcy proceedings. (Second Am. Compl. ¶ 73.)

The Bankruptcy Court eventually approved a global settlement for more than $10 billion in allowed claims. (Id. ¶ 76.) RFC claims that Hometown is obligated, pursuant to the Agreement, to compensate RFC for losses and liabilities related to Hometown's breaches of representations and warranties. (Id. ¶ 78.) Accordingly, RFC filed a lawsuit asserting two causes of action against Hometown. In Count One, a claim for breach of contract, RFC alleges that Hometown materially breached the representations and warranties it made to RFC because the mortgage loans it sold to RFC did not comply with those representations and warranties. (Id. ¶ 83.) RFC asserts that these material breaches constitute Events of Default under the Agreement and have resulted in losses and liabilities related to the defective loans, as well as losses associated with defending the lawsuits and proofs of claim that stem from those loans. (Id. ¶¶ 84–85.) In Count Two, RFC alleges that it is entitled to indemnification from Hometown for those losses and liabilities. (Id. ¶¶ 87–90.)

## III. DISCUSSION

When evaluating a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted, the Court assumes the facts in the Complaint to be true and construes all reasonable inferences from

3

those facts in the light most favorable to the plaintiff. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). However, the Court need not accept as true wholly conclusory allegations, see Hanten v. Sch. Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions the plaintiff draws from the facts pled, Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). In addition, the Court ordinarily does not consider matters outside the pleadings on a motion to dismiss. See Fed. R. Civ. P. 12(d). The Court may, however, consider exhibits attached to the complaint and documents that are necessarily embraced by the pleadings, Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697 n.4 (8th Cir. 2003), and may also consider public records, Levy v. Ohl, 477 F.3d 988, 991 (8th Cir. 2007).[1]

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." The U.S. Supreme Court, in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), clarified that this Rule does not require that a complaint contain "detailed factual allegations," but it does require that it contain facts with enough specificity "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In other words, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." Id. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do

---

[1] As discussed above, several exhibits were attached to the Second Amended Complaint. The Court may properly consider these documents because they are attached to the Second Amended Complaint and are necessarily embraced by the pleadings.

not suffice." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). Thus, to survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

In its Motion, Hometown argues that Count I must be dismissed both because the statute of limitations precludes recovery on all of the loans it sold to RFC, and because RFC cannot bring suit on liquidated loans. (See Mem. of Law in Supp. of Hometown's Mot. to Dismiss Count I of Pl.'s Second Am. Compl. [Doc. No. 319] ("Hometown's Mem.") at 5–13.) Both arguments fail.

### A. Statute of Limitations

Hometown first argues that RFC's claims for breach of contract are time-barred. As for loans RFC purchased prior to May 14, 2006, Hometown asserts that any related claims accrued on the date of purchase and so are barred by Minnesota's six-year statute of limitations. (See id. at 5–11.) According to Hometown, this Court is bound by Judge Magnuson's decision in Residential Funding Co., LLC v. Embrace Home Loans, Inc., 27 F. Supp. 3d 980 (D. Minn. 2014) ("Embrace I"), in which Judge Magnuson—prior to consolidation—granted Hometown's motion to dismiss Count I of RFC's First Amended Complaint to the extent that it was based on such loans. (Id. at 5.) Hometown also contends that the Second Amended Complaint (filed on September 29, 2014) does not relate back to the date of the original Complaint because it alleges breaches of both the CFA Guide and the Client Guide (whereas the original Complaint and First Amended Complaint alleged breaches only of the Client Guide), and because the Second Amended Complaint

not suffice." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). Thus, to survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

In its Motion, Hometown argues that Count I must be dismissed both because the statute of limitations precludes recovery on all of the loans it sold to RFC, and because RFC cannot bring suit on liquidated loans. (See Mem. of Law in Supp. of Hometown's Mot. to Dismiss Count I of Pl.'s Second Am. Compl. [Doc. No. 319] ("Hometown's Mem.") at 5–13.) Both arguments fail.

### A. Statute of Limitations

Hometown first argues that RFC's claims for breach of contract are time-barred. As for loans RFC purchased prior to May 14, 2006, Hometown asserts that any related claims accrued on the date of purchase and so are barred by Minnesota's six-year statute of limitations. (See id. at 5–11.) According to Hometown, this Court is bound by Judge Magnuson's decision in Residential Funding Co., LLC v. Embrace Home Loans, Inc., 27 F. Supp. 3d 980 (D. Minn. 2014) ("Embrace I"), in which Judge Magnuson—prior to consolidation—granted Hometown's motion to dismiss Count I of RFC's First Amended Complaint to the extent that it was based on such loans. (Id. at 5.) Hometown also contends that the Second Amended Complaint (filed on September 29, 2014) does not relate back to the date of the original Complaint because it alleges breaches of both the CFA Guide and the Client Guide (whereas the original Complaint and First Amended Complaint alleged breaches only of the Client Guide), and because the Second Amended Complaint

newly alleges breaches under a continuing obligation theory. (Def. Hometown's Reply to Opp. to Mot. to Dismiss Count I of Pl.'s Second Am. Compl. [Doc. No. 432] ("Hometown's Reply") at 6–7.) Accordingly, Hometown argues, RFC's claims based on loans it purchased between May 14, 2006 and September 29, 2008 also are untimely. (See Hometown's Mem. at 9–10.)

In opposition, RFC argues that its breach of contract claims based on loans sold to RFC prior to May 14, 2006 are timely because Hometown had a continuing contractual obligation to notify RFC of loan defects, as it argued in response to a similar motion to dismiss brought by Decision One Mortgage Company, LLC ("Decision One") in this consolidated action. (Pl.'s Mem. of Law in Opp. to Hometown's Mot. to Dismiss Count I of Pl.'s Second Am. Compl. [Doc. No. 387] ("Pl.'s Opp.") at 6.) RFC asserts that, because Hometown has not raised any new arguments not already addressed by this Court's Order denying Decision One's Motion, Hometown's Motion also should be denied. (Id.) RFC further argues that Judge Magnuson's decision in Residential Funding Co., LLC v. Embrace Home Loans, Inc., Civ. No. 13-3457 (PAM/HB), 2015 WL 1275340 (D. Minn. Mar. 19, 2015) ("Embrace II"), in which he denied a motion to dismiss Count I of RFC's Second Amended Complaint and reinstated RFC's breach of contract claim for loans acquired prior to May 14, 2006 (based on the continuing obligation theory), supersedes Embrace I. (Id. at 7.) Finally, RFC argues that its Second Amended Complaint relates back to the date of the original Complaint because the claims arose out of the same conduct. (See id. at 7–14.)

6

The Court agrees with RFC. First, under § 108(a) of the Bankruptcy Code, if the statute of limitations governing a debtor's claim has not expired prior to the filing of the bankruptcy petition, the trustee may commence an action on that claim before the later of the end of the statutory limitations period or "two years after the order for relief." 11 U.S.C. § 108(a). The parties agree that Minnesota has a six-year statute of limitations for contract claims. See Minn. Stat. § 541.05, subd. 1(1). And, here, the instant action was originally filed in December 2013, which is within the two-year period following the Bankruptcy Court's order for relief. Accordingly, the six-year statute of limitations had not expired as to loans sold to RFC on or after May 14, 2006 at the time RFC filed its bankruptcy petition on May 14, 2012. See 11 U.S.C. § 1107(a) (stating that "a debtor in possession shall have all the rights . . . and powers, and shall perform all the functions and duties . . . of a trustee serving in a case under [Chapter 11]"); Johnson v. First Nat'l Bank of Montevideo, 719 F.2d 270, 278 n.11 (8th Cir. 1983) (citations omitted) ("Although the language of § 108 refers only to the trustee, it is generally agreed that the debtor-in-possession is also entitled to the statute's privileges.").

Likewise, contrary to Hometown's assertions, the breach of contract claim in the Second Amended Complaint is not untimely simply because the Second Amended Complaint was filed more than two years after the Bankruptcy Court's order for relief. Rather, pursuant to Rule 15(c) of the Federal Rules of Civil Procedure, "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or

attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). As the Eighth Circuit has noted, Rule 15(c) is "liberally construed" because the purpose of the Rule "is to permit cases to be decided on their merits." Alpern v. Utilicorp United, Inc., 84 F.3d 1525, 1543 (8th Cir. 1996). "Thus, relation back has been permitted of amendments that change the legal theory of the action . . . ." Id. And, "whether [an amended pleading] relates back to the date of the original pleading [is a] matter[] within the sound discretion of the trial court." Shea v. Esensten, 208 F.3d 712, 720 (8th Cir. 2000).

The Court finds that the breach of contract claim as stated in the Second Amended Complaint arose out of the same conduct, transaction, or occurrence that was set out in the original Complaint—i.e., Hometown's sale of loans to RFC that allegedly breached the representations and warranties Hometown made to RFC regarding those loans. (Compare Compl. [Doc. No. 1, 13-cv-3509] ("Compl.") ¶ 64 ("Defendant breached its representations and warranties to RFC inasmuch as the mortgage loans did not comply with the representations and warranties."), with Second Am. Compl. ¶ 83 ("Defendant materially breached its representations and warranties to RFC inasmuch as the mortgage loans materially did not comply with the representations and warranties.")). In addition, the same representations and warranties from the Client Guide are alleged to have been breached in each version of the complaint, including Section A201(M), under which RFC allegedly represented and warranted that it "'[would] promptly notify GMAC-RFC of any occurrence, act, or omission regarding [Defendant], the Loan, the Mortgaged Property or the Mortgagor of which [Defendant] has knowledge, which . . . may materially affect [Defendant], the

8

Loan, the Mortgaged Property or the Mortgagor.'" (Compare Compl. ¶23(b) (quoting Client Guide A201(M)), with Second Am. Compl. ¶ 24(b) (same).) Although the Second Amended Complaint also alleges that certain provisions of the CFA Guide were breached, it states that the relevant provisions of the Client Guide and CFA Guide are "substantially similar," (Second Amended Compl. ¶ 18), and demonstrates the similarities through citations to the corresponding paragraphs of each guide, (see id. ¶ 24). Thus, relation back of the amended pleading is permissible because "the amended complaint is related to the general fact situation alleged in the original pleading." Alpern, 84 F.3d at 1543.

Hometown cites to several cases for the proposition that, when a complaint is dismissed without prejudice, the statute of limitations does not stop running and an amendment of that complaint does not relate back to the date of the original complaint, (see Hometown's Mem. at 9–10), but those cases either did not involve application of Rule 15(c)[2] or are inapposite[3]. When a complaint is dismissed without prejudice so that a party

---

[2] See Gerhardson v. Gopher News Co., 698 F.3d 1052, 1056–57 (8th Cir. 2012) (holding that the statute of limitations was not tolled during the time period in which an unsuccessful motion to intervene was pending); Strandlund v. Hawley, 532 F.3d 741, 745–46 (8th Cir. 2008) (stating that the statute of limitations is not tolled when a case is dismissed pursuant to Federal Rule of Civil Procedure 21 for misjoinder); Garfield v. J.C. Nichols Real Estate, 57 F.3d 662, 666 (8th Cir. 1995) (finding that the statute of limitations was not tolled when the plaintiffs filed a voluntary stipulation of dismissal without prejudice); Moore v. St. Louis Music Supply Co., 539 F.2d 1191, 1194 (8th Cir. 1976) (stating that the statute of limitations is not tolled when a case is dismissed without prejudice for failure to prosecute); MacIntyre v. Lender Processing Servs., Inc., Civ. No. 12-1514 (PAM/SER), 2012 WL 4872678, at *3 (D. Minn. Oct. 15, 2012) (stating that the statute of limitations would not ordinarily be tolled when a case is dismissed without prejudice on grounds of claim-splitting); Graves v. Principi, 294 F.3d 1350, 1356 (Fed. Cir. 2002) (finding that the plaintiff's voluntary dismissal without prejudice of his appeal to Veterans Court put him in the same position as if the appeal had never been filed).

can re-plead a claim, and the amended complaint satisfies Rule 15(c)—as was the case here with regard to RFC's breach of contract claim based on loans sold on or after May 14, 2006—the amended complaint relates back to the date of the original complaint for statute-of-limitations purposes. See United States ex rel. Vosika v. Starkey Labs., Inc., Civ. No. 01-709 (DWF/SRN), 2004 WL 2065127, at *2–3 (D. Minn. Sept. 8, 2004) (finding that "the statute of limitations ceased running from the filing of the original Complaint" where the Second Amended Complaint satisfied Rule 15(c), even though the First Amended Complaint had been dismissed without prejudice for failure to plead fraud with particularity); Siegel v. Converters Transp., Inc., 714 F.2d 213, 215–16 (2d Cir. 1983) (applying Rule 15(c) to relate an amended complaint alleging a derivative action back to the date of filing of the original complaint, which had been dismissed without prejudice for erroneously asserting an individual claim); Gordon v. Green, 602 F.2d 743, 747 (5th Cir. 1979) (dismissing a complaint for violation of Rule 8 and holding that the filing of a proper amendment would relate back to the original filing per Rule 15(c), "thus eliminating any question concerning the statute of limitations").

Second, as for the loans sold prior to May 14, 2006, the continuing obligation theory that RFC advances is not based on Hometown's alleged failure to fulfill pre-suit remedial

---

3    See Moore v. Chamberlain, 559 F. App'x 969, 970 (11th Cir. 2014) (rejecting the plaintiff's attempt to apply Rule 15(c) as between complaints filed in separate actions when the first action was dismissed without prejudice for insufficient service of process); Abram-Adams v. Citigroup, Inc., 491 F. App'x 972, 974–75 (11th Cir. 2012) (holding that Rule 15(c) did not apply where, after the plaintiff's complaint was dismissed without prejudice for failure to comply with the court's deadline, she was required to initiate a new lawsuit).

10

obligations, as Hometown argues, (see Hometown's Mem. at 11 n.1), but rather is based on Hometown's alleged breaches of the representation and warranty in Section A201(M) that it would "promptly notify" RFC of any material acts or omissions regarding the loans. (Second Am. Compl. ¶ 24(b) (citing Client Guide A201(M)); see id. ¶ 20.) As this Court discussed in Residential Funding Co., LLC v. Academy Mortgage, "'[w]here a warranty relates to a future event that will determine whether or not it is breached, the statute does not begin to run until the happening of such future event.'" 59 F. Supp. 3d 935, 952 (D. Minn. 2014) (quoting City of Pipestone v. Wolverine Ins. Co., Civ. No. 4-84-634, 1985 WL 1845, at *4 (D. Minn. June 28, 1985)). As alleged, a breach of the representation and warranty in Section A201(M) could relate to an event that occurred, if at all, after the sale of a loan. Accordingly, it is plausible from the face of the Second Amended Complaint that the statute of limitations for a claim based on a loan sold to RFC prior to May 14, 2006 would not begin to run until after May 14, 2006.

Moreover, this Court is not bound by Judge Magnuson's ruling in Embrace I. Hometown relies heavily on the "law of the case" doctrine, (see Hometown's Reply at 2–3), which "'expresses the practice of courts generally to refuse to reopen what has been decided,'" Cottier v. City of Martin, 604 F.3d 553, 556 (8th Cir. 2010) (quoting Messinger v. Anderson, 225 U.S. 436, 444 (1912)). However, according to the Eighth Circuit, the law of the case doctrine "is 'not a limit to [the courts'] power.'" Id. (quoting Messinger, 225 U.S. at 444). Rather, "'[a] court has the power to revisit prior decisions of its own or of a coordinate court in any circumstances, although as a rule courts should be loathe to do so in

the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice.'" Starks v. Rent-A-Center, 58 F.3d 358, 364 (8th Cir. 1995) (quoting Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988)). The doctrine, however, "has less force at the trial court level, where it is essentially a management practice to allow a logical progression toward a final resolution." Paulson v. Greyhound Lines, Inc., 628 F. Supp. 888, 891 (D. Minn.), aff'd, 804 F.2d 506 (8th Cir. 1986). Thus, for example, "[o]ne judge denying a summary judgment motion does not preclude a successor judge from granting it. A successor judge has the same discretion to reconsider a ruling as the first judge would." Id. (internal citations omitted).

The Court finds that Judge Magnuson, and this Court as his successor, are permitted by Federal Rule of Civil Procedure 54(b) to reconsider Embrace I. Under Rule 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims . . . does not end the action as to any of the claims . . . and may be revised at any time before the entry of a judgment adjudicating all the claims . . . ." Embrace I adjudicated fewer than all of RFC's claims. As such, it did not end the action as to any of the claims, including the breach of contract claims that were dismissed with prejudice on statute-of-limitations grounds. And, because judgment adjudicating all of the claims has not yet been entered, the ruling may be revised.

Even if "extraordinary circumstances" are required for this Court to revisit the ruling in Embrace I, the Court finds that such circumstances exist. In Embrace I, Judge Magnuson dismissed with prejudice RFC's breach of contract claims as alleged in RFC's First

Amended Complaints against Hometown and other defendants regarding loans acquired prior to May 14, 2006 because—despite referencing Section A201(M) of the Client Guide—RFC did not "mention any continuing obligations." 27 F. Supp. 3d at 983–84 & n.4. In other words, RFC failed to properly allege its continuing obligation theory. However, after RFC amended its complaints to properly allege breaches based on that theory, Judge Magnuson in <u>Embrace II</u> permitted those same breach of contract claims to proceed. 2015 WL 1275340, at *2–3. Although Hometown's action had since been transferred to this Court as part of the consolidated proceedings, RFC similarly amended its complaint against Hometown. In light of <u>Embrace II</u>, and this Court's finding that RFC's breach of contract claim as amended is sufficient to prevent dismissal on statute-of-limitations grounds, the Court finds that it would be manifestly unjust to preclude RFC from proceeding on that claim as to the loans it acquired from Hometown prior to May 14, 2006.[4] Therefore, Hometown's motion to dismiss Count I as time-barred is denied.

### B. Liquidated Loans

Hometown also argues that RFC's breach of contract claim fails because the Client Guide contained a "survival clause" in Section A209(c), under which the representations and warranties at issue were only effective for the "life of the Loans." (<u>See</u> Hometown's Mem. at 12–13.) Hometown argues that courts interpret such language as limiting the time period in which lawsuits arising from a breach of the representation and warranty must be

---

[4] The Court declines Hometown's request to also reconsider Judge Magnuson's denial in <u>Embrace I</u> of Hometown's motion to dismiss Count II of RFC's First Amended Complaint. Hometown raised this issue for the first time in a letter submitted to the Court on June 17, 2015 [Doc. No. 538], with no opportunity for RFC to respond.

filed. (See id.) In opposition, RFC asserts that this argument was raised in Decision One's Motion to Dismiss, and that Hometown has waived the argument by failing to join in that Motion. (Pl.'s Opp. at 14–15.) In the alternative, RFC argues that Hometown's Motion should be denied for the same reasons RFC articulated in response to Decision One's Motion.[5] (Id. at 15.)

The defendants in this consolidated action were ordered to join Decision One's Motion to the extent that the issues raised therein were "common," (Pretrial Order No. 4 [Doc. No. 214] at 3), and the Court notes that Hometown's arguments regarding liquidated loans are the same as those raised by Decision One (even if, as Hometown points out, Decision One sought to dismiss RFC's First Amended Complaint). Because Hometown has not raised any new issues (and, in fact, has cited to the same cases that Decision One relied upon), the Court finds no cause to depart from its reasoning as stated in its Order denying Decision One's Motion:

> The Court cannot properly dismiss RFC's claims based on liquidated loans at this stage of the proceedings. [I]n each of the Eighth Circuit and District of Minnesota cases relied upon by [Hometown], the contract language at issue expressly limited the time period in which claims based on breaches of the contract could be asserted. For example, in Eckert v. Titan Tire Corp., the contractual language at issue provided that "'[t]he representations and warranties of the parties . . . and the right to make a claim for indemnification hereunder for breaches of representations and warranties or otherwise with respect thereto shall survive only for a period of one (1) year after the Closing Date.'" 514 F.3d 801, 803 (8th Cir. 2008) (emphasis added). The Eighth Circuit held that "the plain language of [the

---

[5] Hometown takes issue with RFC's incorporation by reference of its briefing on Decision One's Motion, stating: "Absent joinder by Hometown therein, RFC may not rely on its arguments made in its Opposition to Decision One's motion to dismiss." (Hometown's Reply at 8.) However, Hometown has not demonstrated any resulting prejudice. Accordingly, the Court will consider RFC's previously-raised arguments.

contract] makes it clear that the parties sought to require that <u>claims</u> for breaches of representations and warranties . . . be brought within one year of the close of the transaction." <u>Id.</u> at 804 (emphasis added); see also <u>Pentair, Inc. v. Wis. Energy Corp.</u>, 545 F. Supp. 2d 917, 920 (D. Minn. 2008) ("'The representations and warranties shall survive the Closing for a period lasting until, and no claim or action shall be brought . . . for breach of a representation or warranty after the lapse of, twelve (12) months after the Closing.'"); <u>Caddy Prods., Inc. v. Greystone Int'l, Inc.</u>, Civ. No. 05-301 (JRT/FLN), 2006 WL 2385149, at *2 (D. Minn. Aug. 17, 2006) ("'The representations and warranties . . . , and all claims with respect to such representations and warranties hereunder, shall terminate upon the expiration of two (2) years following the Closing Date.'"). Contrary to the language at issue in those cases, Section A209(c) does not expressly restrict the time period in which a claim based on representations and warranties can be initiated. Accordingly, the contractual language is—at best—ambiguous, in which case its interpretation cannot be resolved on a motion to dismiss. See <u>Olympus Ins. Co. v. AON Benfield, Inc.</u>, 711 F.3d 894, 898 (8th Cir. 2013) ("If the court determines that a contract is ambiguous, its interpretation then becomes a question of fact for the jury and the district court should not grant a motion to dismiss.").

<u>In re RFC & ResCap Liquidating Trust Litig.</u>, No. 13-cv-3451 (SRN/JJK/HB), 2015 WL 3756476, at *5 (D. Minn. June 16, 2015). Accordingly, Hometown's Motion is denied to the extent that it seeks dismissal of RFC's breach of contract claims based on liquidated loans.

## IV.    ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Defendant Hometown Mortgage Services, Inc.'s Unique Issue Motion to Dismiss Count I of Plaintiff's Second Amended Complaint [Doc. No. 317] is **DENIED**.

Dated:  July 28, 2015                             s/Susan Richard Nelson
                                                  SUSAN RICHARD NELSON
                                                  United States District Judge