UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: RFC and ResCap Liquidating Trust Litigation<br><br>This document relates to: ALL ACTIONS | File No. 13-cv-3451 (SRN/JJK/HB)<br><br>**PRETRIAL ORDER NO. 13** |

**DEPOSITION PROTOCOL ORDER AND STIPULATION**

In addition to the Amended Consolidated Case Management Order (the "CMO") dated July 20, 2015, Pretrial Order No. 8, dated April 16, 2015, and Order Regarding Informal Dispute Resolution During Depositions, the Court orders the following with regards to depositions in the Consolidated Case:

    **A**.    **Rule 30(b)(6) Depositions of Plaintiffs**

        **1.**    **Phase I Common Issue Depositions**:  Defendants may take up to six days (8 hours per day) of common issue depositions which shall include non-defendant specific testimony about:

            a.    the meaning of, interpretation of and general course of dealing with respect to the provisions of the Client Guide;

            b.    the meaning of, interpretation of and general course of dealing with respect to form Seller and Client Contracts and their relationship and interaction with the Client Guide;

            c.    the meaning of, interpretation of and general course of dealing with respect to form Master Commitment and

        Variance Letters and their relationship and interaction with the other form documents outlined above;

  d.    a description of the universe of form Riders to Master Commitment and Variance Letters;

  e.    the meaning and interpretation of form Loan Exception Approval Requests and any other form documents used in connection with the purchase of loans by RFC from the correspondent lenders in these cases;

  f.    RFC's databases and systems;

  g.    RFC's bankruptcy;

  h.    Reserving and losses;

  i.    Loan securitization;

  j.    Any other common topics that are not either defendant-specific or loan-specific.

2. **Sequencing, Designation, and Court Resolution**

  **a.**    **Phase I Common Issue 30(b)(6) Depositions** shall take place in advance of any other 30(b)(6) testimony of the Plaintiffs.  Following Phase I Common Issue 30(b)(6) Depositions, Defendants shall commence fact deposition testimony of the Plaintiffs.  At the conclusion of all fact deposition testimony of the Plaintiffs, the parties shall meet and confer regarding the possible designation of any fact

deposition testimony as 30(b)(6) testimony and the Defendant's proposal, at that point time, regarding the length and scope of any defendant-specific 30(b)(6) testimony required of Plaintiffs. Any disagreements shall be presented to the Court for resolution. If the Defendants need more time for Phase I Common Issue 30(b)(6) Depositions, they should exhaust the meet and confer process and, if necessary, raise the issue with the Court.

  b. **Phase II Defendant-Specific 30(b)(6) Depositions** shall take place after the process described above.

B. **Rule 30(b)(6) Depositions of Defendants**

 1. **Phase I Policy and Practice Depositions**: Plaintiffs may take up to one eight hour day of policy and practice depositions of each Defendant. Those depositions shall include testimony about:

  a. that Defendant's general lending and underwriting policies, procedures, guidelines, software, audit procedures and the like regarding their lending practices during the relevant time;

  b. that Defendant's policies and procedures regarding their use of appraisers;

  c. that Defendant's policies and practices regarding the sale of residential mortgage loans to RFC;

      d.    that Defendant's training of individuals performing the quality control and audit processes and the like;

      e.    that Defendant's corporate structure;

      f.    any issue regarding policies and practices in general.

**2. Sequencing, Designation, and Court Resolution**

      a.    A **Phase I Policy and Practice Deposition** of any given Defendant shall take place in advance of any other 30(b)(6) testimony of Defendants. Following a Phase I Policy and Practice Deposition for any given Defendant, Plaintiffs shall commence fact deposition discovery of that Defendant. At the conclusion of all fact discovery of any given Defendant, Plaintiffs and that Defendant shall meet and confer regarding the possible designation of any fact deposition testimony as 30(b)(6) testimony and the Plaintiffs' proposal, at that point in time, regarding the length and scope of any defendant-specific 30(b)(6) testimony required of that Defendant. Any disagreement shall be presented to the Court for resolution.

**C.    Overlap Between Rule 30(b)(6) and Fact Depositions**

Unless otherwise agreed to by the parties or ordered by the Court, to the extent a fact deponent is also designated by any party as a Rule 30(b)(6) witness as to any topic identified by Defendants pursuant to Section 3(a) of the CMO or by Plaintiffs pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure (an "Overlapping Witness"), the

4

Overlapping Witness's fact deposition and Rule 30(b)(6) deposition shall occur concurrently. Unless otherwise agreed to by the parties or ordered by the Court, an Overlapping Witness shall not be deposed more than once as a fact deponent.

### D.     Identification of Documents for Rule 30(b)(6) Depositions

Not less than 10 calendar days before a Rule 30(b)(6) deposition of one or two days, the party or parties taking the deposition shall identify no more than one hundred (100) documents that relate to the topic(s) on which the witness has been designated to testify. In the event a Rule 30(b)(6) deposition is scheduled for more than two days, the party or parties taking the deposition shall identify no more than fifty (50) documents per scheduled deposition day that relate to the topic(s) on which the witness has been designated to testify. The witness shall review those documents prior to the Rule 30(b)(6) deposition, and be prepared to testify regarding those documents to the extent practicable. This section does not prohibit the party or parties taking the deposition from using additional exhibits during the deposition. This section also does not modify the parties' obligations pursuant to Section B(4) of the CMO with respect to fact witnesses.

To the extent that a Rule 30(b)(6) deposition is scheduled for within 14 calendar days of the date that this order is entered, the parties shall agree to a date (no later than four (4) business days before the date of the deposition) on which the deposing party will identify documents pursuant to this section.

### E.     Designation of Prior Testimony as Rule 30(b)(6) Testimony

Plaintiffs and Defendants are encouraged to meet and confer on an ongoing basis to discuss the potential designation of fact deposition testimony in the RFC

Actions[1] as Rule 30(b)(6) testimony. If the parties cannot agree on a particular designation, the parties are welcome to raise the issue with the Court for resolution. Fact deposition testimony outside the RFC Actions may also be so designated but only upon the agreement of the parties.

### F.     Witnesses Not Previously Deposed

All parties shall have the right to depose, prior to the witness' live testimony at trial, any witness designated to testify at trial who has not previously been deposed in the RFC Actions.

### G.     Court Reporter Will Keep Time for All Depositions

The court reporter will keep record of the time for all depositions. During each fact deposition, the court reporter will inform the parties when the 7-hour time limit has been reached. At the end of each day of the Rule 30(b)(6) deposition, the court reporter will inform the parties of the amount of deposition time that has already been used for that deposition day, and if any applicable time limit for the Rule 30(b)(6) deposition has been reached. The parties shall inform the court reporter of any applicable time limits prior to the commencement of any day of Rule 30(b)(6) testimony.

---

[1] The RFC Actions shall be defined as the above-captioned consolidated action and underlying actions, the separately managed actions assigned to Magistrate Judge Bowbeer, *In re ResCap Liquidating Trust Mortg. Purchase Litig.*, Adv. No. 14-07900 (S.D.N.Y.), and underlying actions. With Judge Bernhardson's approval, these actions may include the related actions pending in Minnesota state court.

## H.     Scheduling of Depositions

Consistent with the requirements of the CMO, the parties shall coordinate in good faith regarding the scheduling of all fact and Rule 30(b)(6) depositions. Unless the parties otherwise agree, no more than five depositions of Plaintiffs' deponents, and no more than five depositions of Defendants' deponents, shall be scheduled in the cases on the same day. To the extent a fact deponent is a former employee, a party may request that a subpoena be issued to compel the testimony of the former employee. To the extent that the fact deponent is represented by counsel for one of the parties, that counsel shall accept service of the subpoena on behalf of the former employee for a deposition on a date agreed to by the parties. If a party is unable for any reason to produce for deposition a witness who is a former employee, the party shall inform the party or parties that have requested the deposition of the witness as soon as practicable. A party is not obligated to produce as a deponent a former employee who refuses to appear for a deposition absent the issuance of a subpoena. However, the party is required to make best efforts to assist in arranging for the deposition of the former employee even if the employee is separately represented.

Absent agreement of the parties, no deposition may be noticed or scheduled for Thanksgiving Day, the day after Thanksgiving, Christmas Eve, Christmas Day, New Year's Eve, New Year's Day or any federal holiday. For the convenience of any witness who is a non-party or former employee of a party, depositions may be scheduled on Saturdays and Sundays.

The parties shall endeavor to create and maintain a master calendar of scheduled depositions that can be viewed online by any party. The master calendar will be jointly maintained by Plaintiffs and the Deposition Committee created pursuant to Section B(1) of the CMO.

### I.     Attendance at Depositions

Unless otherwise agreed to by the parties or ordered by the Court, attendance at depositions (either in person or by telephone) will be limited to counsel for parties in the RFC Actions (including any necessary non-attorney staff), no more than one client representative for the defending party and no more than one client representative for the deposing party, the deponent, the deponent's counsel, and the court reporter (including the court's reporter's staff, such as a videographer). Any person attending a deposition, either in person or by phone, for any party must state an appearance on the record at the deposition.

Unless otherwise agreed to by the parties, all depositions shall be taken and defended in person. However, parties who are not taking or defending a deposition may attend by telephone or a similar service provided by the court reporter. Not less than two (2) business days before a deposition, any person intending to attend the deposition, either physically or by telephone, must be identified.

### J.     Deposition Questionnaire Shall Be Completed Before Each Deposition

With respect to a deponent who is a current employee of the party asked to produce the witness, or a Rule 30(b)(6) designee, at least one calendar day before a fact or Rule 30(b)(6) deposition, the party affiliated with the fact witness shall provide the

deposing party or parties a completed background questionnaire, a copy of which is attached hereto as Exhibit A, or, alternatively an up-to-date curriculum vitae or resume. With respect to deponents who are former employees of a party, the parties agree to make best efforts to have the deponent complete the questionnaire or, alternatively, provide an up-to-date curriculum vitae or resume prior to the deposition.

### K.  Exhibit Numbering

Exhibits to depositions will be identified in the following manner:  First, witnesses will be assigned consecutive numbers using leading zeros (*i.e.*, the first witness whose deposition is taken will be 001; the second will be 002).  Witness numbers will be assigned as witnesses are noticed and dates of their depositions are confirmed.  Second, each exhibit for a deposition will then be assigned a four-digit number starting with 0001.  Thus, the first exhibit to the first deposition will be 001-0001; the second exhibit will be 001-0002, and so on, through conclusion of that deposition.  The exhibits for the second deposition taken will be 002-0001; 002-0002, and so on, through conclusion of that deposition.

### L.  Videotaping of Depositions

At the request of any party, any deposition may be videotaped by the court reporting service.  Any such request must be included in the deposition notice or subpoena, or otherwise be made at least seven (7) days before the deposition.

### M.  Court Reporter Stipulation

The following statement shall be included in each transcript by the court reporter:

Upon completion of the transcription of today's session, the original transcript shall be sent to counsel for the witness by the court reporter. Counsel shall promptly forward it to the witness for review, correction, and signature under penalty of perjury. The witness shall have 30 calendar days from the day of receipt of the original transcript (not including any preliminary or "rough" transcripts) within which to review, make any correction, sign the deposition transcript under penalty of perjury, and return it to counsel. The original transcript shall be deemed signed if the witness fails to return the signed deposition transcript within 30 calendar days from the day of receipt of the original transcript.

The witness's counsel shall then forward the original transcript plus corrections to the court reporter, who will promptly notify all counsel of its receipt and any changes to testimony made by the witness. If the witness is not represented by counsel, the original transcript will be sent to the witness by the court reporter.

After review, correction, and signature within 30 calendar days from the date of receipt, the witness shall return the original transcript to the court reporter, who will notify all counsel of its receipt and any changes to testimony by the witness. The court reporter will deposit the original transcript on a secure website. If, for any reason, the original is lost, misplaced, not returned, not signed, or unavailable, a certified copy may be used in its place for all purposes. The court reporter is otherwise relieved of any statutory duties.

**N.     Joinder of Objections**

Unless otherwise stated on the record, an objection made by counsel for any Defendant shall be deemed to have been made by all other Defendants.

**O.     Modifications of This Order and Stipulation**

The terms of this Order and Stipulation may be modified by agreement of all the parties, by agreement of Plaintiffs and the Deposition Committee, or by order of the Court.

**IT IS SO ORDERED.**

DATED: November 6, 2015

                                              s/Susan Richard Nelson
                                              SUSAN RICHARD NELSON
                                              United States District Judge