**quinn emanuel** trial lawyers | los angeles

865 S. Figueroa St., 10th Floor, Los Angeles, California 90017 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3206**

WRITER'S EMAIL ADDRESS
**daniellegilmore@quinnemanuel.com**

July 25, 2016

**VIA ECF**

Hon. Hildy Bowbeer
United States District Court
632 Federal Building
316 N. Robert Street
St. Paul, MN 55101

Re:   *In Re: RFC and ResCap Liquidating Trust Litigation*, No. 13-cv-3451
       This document relates to:  *Residential Funding Co., LLC v. Impac Funding Corp.*, No. 13-cv-3506

To the Honorable Hildy Bowbeer:

  Pursuant to the Court's Informal Dispute Resolution ("IDR") Order (ECF No. 743) and February 25, 2016 Minute Order (ECF No. 1337), Plaintiff respectfully submits this position letter in support of its request that the Court compel Defendant Impac Funding Corporation ("Impac") to supplement its Rebuttal Re-underwriting Disclosure ("Rebuttal") so that it complies with Pretrial Order No. 14 (ECF No. 1280) ("Pretrial Order") requiring Impac to provide "a description of the specific basis" for any loan-level disagreement "with reference to documents as necessary," and Your Honor's May 20, 2016 IDR Order (ECF No. 1590) (the "IDR Order")[1] requiring "the [re-underwriting rebuttal] disclosures from all parties to be meaningful, to identify with specificity each of the bases on which a party alleges a breach of applicable guidelines or rebuts those allegations, and to identify with specificity documents or testimony (where applicable) sufficient to show a basis for the facts asserted." Despite this Court's IDR Order and its guidance to "all parties," Impac has refused to follow the IDR Order on the basis that it only applies to the two Defendants to which the IDR was directed.

  A. **Impac Should Amend Its Rebuttal To Provide Loan-Level Specificity**

  Impac's Rebuttal does not provide specific loan-level responses to *any* of the breaches asserted in Plaintiffs' opening report as required by the Pretrial Order and the IDR Order. For example, nowhere in any of Impac's loan-level responses does it contend that the asserted breach

---

[1]   The IDR Order concerned Branch Banking & Trust and First Mortgage Corp.

quinn emanuel urquhart & sullivan, llp
LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE
LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS

is incorrect; nor do the responses provide citations to any guideline provision that might rebut the asserted breach. Instead, Impac's report lodges the following boilerplate response to each and every breach:

> Impac objects to Plaintiffs' Supplemental Re-Underwriting Disclosure on the grounds that Impac was not a party to the 2001 Client Contract between PDFC and RFC . . . . Notwithstanding these objections, Impac disagrees with RFC's assertion of a breach with respect to this loan on the following grounds: Discovery has revealed RFC was aware that loans purchased from PDFC did not necessarily meet RFC's underwriting guidelines as set forth in the Client Guide, but instead were underwritten according to PDFC's guidelines or other criteria negotiated between the parties (including modification of RFC's own underwriting requirements). These modified criteria were knowingly accepted and approved by RFC so RFC could achieve the sales volume that it and its investors desired. Such actions resulted in the sale of loans by PDFC to RFC pursuant to terms outside the representations and warranties in the purportedly applicable Client Guide(s). . . .

*See* Rebuttal at Column AR (internal citations omitted).[2]

The foregoing boilerplate response, which in substance amounts to an improper general objection, is insufficient. If Impac intends to rebut loan-level breaches on grounds other than a general contention that the Client Guide is inapplicable, it must provide specific citations to the precise PDFC guidelines that purportedly rebut the breach. As the IDR Order states:

> To the extent [Defendant] may argue that it did not breach a particular RFC guideline identified in RFC's Initial Re-underwriting Disclosures, or a [Defendant] guideline matching or identical in content to an RFC guideline, on grounds other than inapplicability of the guideline, [Defendant] must supplement its disclosures to identify those grounds and provide a meaningful disclosure sufficient to show the basis for its position.

ECF No. 1590 at 1b.

Such specificity is essential to the purpose of the interim re-underwriting process, which is to narrow the issues for expert reports and expert discovery. As is, Impac's Rebuttal does not enable Plaintiff to assess the merits of Impac's position. For example, Plaintiff's opening report asserted that, for several loans, the "stated income [was] not reasonable." In response, it is not enough for Impac to indicate that it disagrees with the breaches because other guidelines purportedly apply. *See, e.g.*, Exhibit A, Impac's Rebuttal at Cell Number 182, Loan Number

---

[2] As directed by the Court (Tr. of Feb. 25, 2016 Case Mgmt. Conf. at 61), Plaintiff's Re-underwriting Disclosure and Impac's Rebuttal are attached as Exhibit A (filed under seal). Plaintiff's Re-underwriting Disclosure is contained in columns A though AQ and Impac's Rebuttal is contained in column AR.

11166057 at Columns A, AJ- AM, and AR. It must provide specific information concerning the basis for its objection, including (as applicable) citations to the purportedly applicable guidelines, the relevant sections of those guidelines, and any supporting documents inside or outside the loan file (such as income information purportedly supportive of the stated income). Without this information, which the IDR Order required, Plaintiff is left to guess whether Impac disagrees with the breach on grounds other than its general assertion of inapplicability of the Client Guide.

Accordingly, to the extent Impac intends to rebut certain loan-level breaches on grounds other than a general assertion that the Client Guide is the wrong guideline, the Court should compel Impac to supplement its Rebuttal with the specificity required in its Pretrial Order and IDR Order. This specificity includes citations to the specific PDFC guidelines Impac contends apply on a loan-level basis and citations to documents in the loan file or other evidence Impac contends rebuts the identified breach. If Impac does not intend to rely on other information or documents to rebut Plaintiff's asserted breaches, it should say so as to every at-issue loan.

**B.     Impac Should Amend Its Rebuttal To Identify Purportedly Applicable Agreements**

Impac's Rebuttal cites no executed agreements in support of the assertion that PDFC guidelines control, instead relying solely on emails and deposition testimony. In response, Plaintiff requested confirmation that Impac is unaware of executed agreements. To date, Impac has failed to provide such confirmation, leaving Plaintiff to guess whether Impac is relying on controlling evidence that it has refused to disclose. To ensure a meaningful disclosure process, Impac should be required to confirm—one way or the other—whether it is relying on executed agreements not disclosed in its Rebuttal. Plaintiff cannot appropriately analyze the Rebuttal and narrow the issues for expert reports and expert discovery without this information. Accordingly, the Court should compel Impac to confirm whether it is relying on executed agreements purportedly supportive of its assertion that PDFC guidelines govern asserted breaches, and if so, provide the relevant citations.[3]

\*     \*     \*

For the foregoing reasons, Plaintiff respectfully requests that the Court compel Impac to supplement its Rebuttal consistent with the Pretrial Order and IDR Order within ten days by: (1) specifying on a loan-level basis the specific PDFC guideline and the specific provisions within the PDFC guidelines that rebut each asserted breach (or confirming that there is none); (2) specifying on a loan-level basis any documents inside or outside the loan file that purportedly support Impac's disagreement with an asserted breach; and (3) providing citations to any executed agreement that purportedly establish the applicability of PDFC guidelines (or confirming that Impac is not aware of any).

---

[3] Although Plaintiff requested this information several times without success (*see, e.g.,* Impac's Responses to Pls.' Fifth Set of Interrogatories to Defs. on Common Issues, attached as Ex. B hereto), the Parties plan to further attempt to resolve this particular issue and will inform the Court if they are able to do so.

Respectfully submitted,

  */s/ Danielle Gilmore*

Danielle Gilmore