**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: RFC AND RESCAP LIQUIDATING TRUST LITIGATION | Civil No. 13-3451 (SRN/HB) |
| _____ _____ | |
| **This Document Relates to:** | |
| **Civil No. 17-194 (PAM/HB)** | |
| RESCAP LIQUIDATING TRUST, | |
| Plaintiff, | |
| v. | |
| FIRST TENNESSEE BANK, N.A., | |
| Defendant, | |
| and | **ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL** |
| **Civil No. 17-198 (SRN/HB)** | |
| RESCAP LIQUIDATING TRUST, | |
| Plaintiff, | |
| v. | |
| WMC MORTGAGE, LLC, *as Successor to WMC Mortgage Corp. F/K/A Weyerhaeuser Mortgage Company*, | |
| Defendant. | |

Jessica J. Nelson and Donald G. Heeman, **FELHABER LARSON**, 220 South Sixth Street, Suite 2200, Minneapolis, MN 55402, Peter Evan Calamari, David Lawrence Elsberg, and Isaac Nesser, **QUINN EMANUEL URQUHART & SULLIVAN, LLP**, 51 Madison Avenue, 22nd Floor, New York, NY 10010, Anthony Paul Alden and Johanna Yao Ong, **QUINN EMANUEL URQUHART & SULLIVAN, LLP**, 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90017, and Jeffrey Alan Lipps and Jennifer A.L. Battle, **CARPENTER LIPPS & LELAND LLP**, 280 Plaza, Suite 1300, 280 North High Street, Columbus, OH 43215, for plaintiff.

Sharon Robin Markowitz, **STINSON LEONARD STREET LLP**, 150 South 5th Street, Suite 2300, Minneapolis, MN 55402, for both defendants.

Todd A. Noteboom, W. Anders Folk, Timothy P. Griffin, William Thomson, and Rachel Davis, **STINSON LEONARD STREET LLP**, 150 South 5th Street, Suite 2300, Minneapolis, MN 55402, and Amanda Flug Davidoff and James Harris Congdon, **SULLIVAN & CROMWELL LLP**, 1700 New York Avenue N.W., Suite 700, Washington, DC 20006, for First Tennessee Bank, N.A.

The individual matters before this court, *ResCap Liquidating Trust v. First Tennessee Bank, N.A.* ("*First Tennessee*") and *ResCap Liquidating Trust v. WMC Mortgage, LLC*, ("*WMC*"), both filed January 23, 2017, are two of dozens of lawsuits that Plaintiff ResCap Liquidating Trust ("ResCap") has filed against mortgage loan originators over the course of many years. (Compl., Jan. 23, 2017, Case No. 17-194, Docket No. 1; Compl., Jan. 23, 2017, Case No. 17-198, Docket No. 1.) In January 2015, well before the filing of these two individual matters, the Court consolidated for pretrial purposes the related cases then pending before United States District Judge Susan Richard Nelson. (Administrative Order, Jan. 27, 2015, Case No. 13-3451, Docket No. 100; *see also* Am. Administrative Order, Jan. 29, 2015, Case No. 13-3451, Docket No. 102.) Thus, shortly after ResCap filed the complaints in *First Tennessee* and *WMC*, the Court reassigned the matters to the consolidated proceeding before Judge Nelson. (Clerk's Notice of Initial Case Assignment, Case No. 17-198, Jan. 23, 2017, Docket No. 2; Am. Administrative Order, Jan. 25, 2017, Case No. 17-194, Docket No. 5; Administrative Order, Jan. 24, 2017, Case No. 17-198, Docket No. 5.)

On February 10, 2017, attorneys from the law firm Stinson Leonard Street ("Stinson") filed a notice of appearance in *First Tennessee*. (*See* Notice of Appearance, Feb. 10, 2017, Case No. 17-194, Docket No. 7.) Shortly thereafter, Judge Nelson *sua sponte* recused, pursuant to 28 U.S.C. § 455, because her spouse is a member of the Stinson firm. (Order of Recusal & Reassignment, Feb. 13, 2017, Case No. 17-194, Docket No. 10.) An attorney from Stinson first appeared in *WMC* on February 21, 2017. (*See* Letter to Magistrate Judge, Feb. 21, 2017, Case No. 17-198, Docket No. 7.) Relying on a prior order (the "December Order") disqualifying Stinson when a different defendant in the consolidated action – Impac Funding Corporation ("Impac") – retained Stinson mid-stream in ongoing litigation, (*see* Mem. Op. & Order ("December Order"), Dec. 8, 2016, Case No. 13-3451, Docket No. 2023), ResCap now requests that the Court prohibit Stinson from representing Defendants First Tennessee Bank, N.A. ("First Tennessee") and WMC Mortgage, LLC ("WMC").

As the Court noted in the December Order, (*see id.* at 12), the Eighth Circuit reviews orders disqualifying counsel carefully because "the potential for abuse by opposing counsel is high." *Droste v. Julien*, 477 F.3d 1030, 1035 (8th Cir. 2007). Disqualifying a party's counsel of choice is an "extreme measure" that "should be imposed only when absolutely necessary." *Macheca Transp. Co. v. Phila. Indemn. Ins. Co.*, 463 F.3d 827, 833 (8th Cir. 2006) (citations omitted). The party seeking disqualification bears the burden of showing that this outcome is warranted, *see A.J. by L.B. v. Kierst*, 56 F.3d 849, 859 (8th Cir. 1995), but if there are genuinely "legitimate

doubts," they "must be resolved in favor of disqualification," *Olson v. Snap Prods., Inc.*, 183 F.R.D. 539, 542 (D. Minn. 1998).

Reviewing the motion at hand, the Court finds the situation in *First Tennessee* and *WMC* distinguishable from the circumstances giving rise to the December Order. Most importantly, First Tennessee and WMC retained Stinson attorneys less than a month after service of process; in contrast, Impac retained Stinson attorneys almost two years after Judge Nelson took the reins in that case. (*See* December Order at 15.) While there is the danger that some inefficiency will result from separate proceedings, (*see id.*), Judge Nelson has invested very little time in *First Tennessee* or *WMC* (*cf. id.* at 15-16 (explaining that Stinson should be disqualified in part because Judge Nelson had already "overseen numerous pre-trial disputes" in the *Impac* litigation and there were "discovery disputes that have not yet become the subject of a formal motion and that [would] likely relate back to earlier decisions Judge Nelson has made in the case").) And while the potential for judge-shopping will always be present when a judge is related to a local attorney, the Court finds First Tennessee's and WMC's retention of Stinson from the outset does not raise the same red flags as Impac's mid-litigation retention of Stinson. (*See id.* at 14-15.) Balancing all the relevant circumstances, the Court finds that disqualification of Stinson attorneys is not warranted.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff ResCap Liquidating Trust's Motion to Disqualify

- 5 -

Counsel [Case No. 13-3451, Docket No. 2247] in the individual matters of *ResCap Liquidating Trust v. First Tennessee Bank, N.A.*, Case No. 17-194, and *ResCap Liquidating Trust v. WMC Mortgage, LLC*, Case No. 17-198, is **DENIED**.

DATED:  March 27, 2017                              ____s/ John R. Tunheim____
at Minneapolis, Minnesota.                                JOHN R. TUNHEIM
                                                                         Chief Judge
                                                               United States District Court