UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In Re: RFC and RESCAP Liquidating  Civil File No. 13-3451 (SRN/HB)
Trust Actions

**ORDER**

___

**Order Regarding Plaintiffs' Reasonableness Report and Defendants' Depositions of Ally Financial, Inc. and Timothy Devine**
___

SUSAN RICHARD NELSON

Before the Court is a letter request from Plaintiffs regarding the disclosure of their opening expert report concerning the reasonableness of the ResCap bankruptcy settlement (the "Reasonableness Report") and Defendants' possible use of information in the Reasonableness Report at the depositions of Ally Financial, Inc. and Timothy Devine (collectively, "Ally"). (Pls.' Letter of 5/25/17 [Doc. No. 2612].) Plaintiffs ask the Court to enter an order precluding the defense attorneys who will be preparing for or taking the Ally depositions from using the Report in the depositions. (Id. at 1.) Plaintiffs contend that permitting Defendants such access in advance of the Ally depositions would be inconsistent with the agreed-upon sequence of fact and expert discovery, and would give Defendants an unfair advantage "if Defendants use the Reasonableness Report as an outline for the depositions of Ally and Mr. Devine, or indeed examine or impeach Ally or Mr. Devine using the expert opinions in the Report." (Id.) Additionally, Plaintiffs note

1

that the Court previously utilized a temporary screening approach with respect to an unrelated dispute between Plaintiffs and Defendant First Guaranty Mortgage Corporation ("FGMC"). (Id.) (citing Text Only Order of 5/11/17 [Doc. No. 2588].) Plaintiffs therefore request that the attorneys assigned to depose the Ally deponents, and the attorneys assisting them, be screened from the Reasonableness Report until after the depositions. (Id.)

Defendants oppose Plaintiffs' request for several reasons. They first argue that Plaintiffs fail to explain how the Ally fact witnesses could be "impeached" with Plaintiffs' expert opinion. (Defs.' Letter of 5/30/17 at 1-2 [Doc. No. 2613].) They assert that the better course is to follow the standard discovery practice of permitting all counsel to review and use the materials once they have been produced. (Id. at 2.) Moreover, they assert that it would be unfair for their examining deposition attorneys to be screened from the Reasonableness Report, while Plaintiffs' attorneys would have access to the Report and be able to ask the Ally deponents questions based on that knowledge. (Id.) Finally, Defendants distinguish the context of the earlier ruling concerning FGMC. (Id. at 3.)

The Court denies Plaintiffs' request. Following the standard procedure of providing the Report to all counsel will enable counsel to prepare for, take, and defend the Ally depositions. However, given Plaintiffs' valid concerns about timing and fairness, after the depositions, and without disrupting the current schedule, Plaintiffs' reasonableness expert may file a supplemental report limited to addressing any issues arising from the Ally depositions.

Dated: June 5, 2017	s/Susan Richard Nelson
 	SUSAN RICHARD NELSON
 	United States District Judge