**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

In Re: RFC and RESCAP Liquidating       Civil File No. 13-3451 (SRN/HB)
Trust Actions

**ORDER**

_____

**Order Regarding Defendants' Motion to Compel Discovery of Iron Mountain Servicing Records**
_____

SUSAN RICHARD NELSON

Before the Court is Defendants' Motion to Compel Discovery of Iron Mountain

Servicing Records [Doc. No. 2441]. For the reasons set forth below, Defendants' motion

is granted in part and denied in part.

**I.      BACKGROUND**

In November 2016, Plaintiffs Residential Funding Company, LLC and the

RESCAP Liquidating Trust (collectively, "RFC") located approximately 14,500 boxes of

hard copy documents stored at Iron Mountain records management locations, possibly

containing loan servicing-related documents. Plaintiffs had previously agreed to produce

loan servicing files for the at-issue loans in their possession, custody, or control. (RFC's

Responses to Defs.' First Set of Interrogs. and Requests for Prod. (Request No. 2).) After

the parties met and conferred regarding the 14,500 additional boxes, RFC reviewed a

sample of them, disclosing the results of the sampling process to Defendants in December

2016.  (Ex. C to Supalla Decl. [Doc. No. 2445] (A. Alden Letter of 12/19/16).)  Based on

the sampling process, Plaintiffs found responsive documents in Los Angeles (814 boxes)

and Connecticut (195 boxes).  (Id. at 1.)

In response to Defendants' request to review the sampled documents, RFC

produced the 108 files identified through the sampling process.  (Ex. D to Supalla Decl.

(A. Alden Letter of 1/27/17).)   Following their review, Defendants determined that

Plaintiffs or third parties had not previously produced some of the documents.  (Supalla

Decl. ¶ 6.)   Defendants then requested that Plaintiffs review the remaining boxes in the

Los Angeles and Connecticut Iron Mountain sites that they had not previously reviewed–a

total of 907 boxes–and produce any non-privileged documents concerning the at-issue

loans.  (Id. ¶ 7.)  RFC refused, noting that the sampled documents had yielded only a 2%

rate of responsiveness.  (Ex. E to Suppalla Decl. (4/5/17-4/6/17 Email Chain).)  However,

Plaintiffs offered to facilitate Defendants' access to the documents, should Defendants

wish to manually pull and review them at their own expense.  (Id.)  Defendants refused

and filed the instant motion to compel.

## II.     DISCUSSION

Under Rule 26, the Federal Rules authorize discovery

> regarding any nonprivileged matter that is relevant to any party's claim or
> defense and proportional to the needs of the case, considering the importance
> of the issues at stake in the action, the amount in controversy, the parties'
> relative access to relevant information, the parties' resources, the importance
> of the discovery in resolving the issues, and whether the burden or expense
> of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Rule 34 describes the general procedures and requirements for discovery requests within the scope of Rule 26(b), requiring the responding party "to produce and permit the requesting party . . . to inspect, copy, test, or sample" items "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). The responding party "must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request[.]" Fed. R. Civ. P. 34(b)(E)(i).

Defendants argue that Plaintiffs' offer of access to the Iron Mountain documents for Defendants' inspection and review fails to meet the requirements of Rule 34. (Defs.' Mem. Supp. Mot. to Compel at 6 [Doc. No. 2444].) They cite authority for the general proposition that simply because the producing party regularly stores documents, it does not necessarily follow that the producing party can merely make them available for inspection–an option otherwise available under Rule 34(b) for documents kept in the "usual course of business." (Id.) (citing Mizner Grand Condominium Ass'n v. Traveler's Prop. Cas. Co. of Am., 270 F.R.D. 698, 700 (S.D. Fla. 2010); In re Sulfuric Acid Antitrust Litig., 231 F.R.D. 351, 353 (N.D. Ill. 2005); Fifth Third Bank v. KC II Insure Servs., No. 11-cv-2101 CM/DJW, 2011 WL 5920949, at *5 (D. Kan. Nov. 28, 2011); American Int'l Specialty Lines Ins. Co. v. NWI-I, Inc., 240 F.R.D. 401, 410-11 (N.D. Ill. 2007); Alford v. Aaron Rents, Inc., No. 3:08-cv-683, 2010 WL 2765260, at *24 (S.D. Ill. May 17, 2010); Tussing v. Sprinkle, No. 8:13-CV-153-T-35MAP, 2013 WL 12164691, at *2 (M.D. Fla. Oct. 22, 2013); In re G-I Holdings Inc., 218 F.R.D. 428, 439 (D. N.J. 2003); Cardenas v.

<u>Dorel Juvenile Grp., Inc.</u>, 230 F.R.D. 611, 618 (D. Kan. 2005)).

From the Court's review of this authority, these cases are highly fact-specific. Moreover, Plaintiffs point to authority in which courts have applied the ordinary-course-of-business standard differently to bankrupt entities, permitting the inspection of stored documents in satisfaction of that standard.  (Pls.' Opp'n Mem. at 8-9) (citing <u>Hagemeyer N. Am., Inc. v. Gateway Data Sciences Corp.</u>, 222 F.R.D. 594, 598 (E.D. Wisc. 2004) (finding that documents stored by the then-bankrupt defendant were kept in the usual course of business such that the defendant discharged its duty under the rules by giving plaintiff continuing access to the materials); <u>Devon Mobile Comm. Liquidating Trust v. Adelphia Comm. Corp.</u>, 338 B.R. 546, 551 (Bankr. S.D.N.Y. 2005) (permitting access to a bankruptcy debtor's stored documents as being kept in the "usual course of business").

As in the cases cited by Plaintiffs, RFC has not engaged in an effort to conceal discovery, nor has it deliberately presented Defendants with something akin to a "document dump."   Rather, the 907 Iron Mountain boxes were placed in storage between 1997-2009, several years prior to this litigation and prior to RFC's bankruptcy.   (Decl. of Colette Wahl ¶ 15 [Doc. No. 2548].)   RFC has not accessed the overwhelming majority of these files for a number of years.  (<u>Id.</u>)  None of the files stored in Connecticut have been accessed since 2009, and only 12 of the 814 boxes of files in Los Angeles have been accessed since 2009, with the last boxes most recently accessed in March 2012.  (<u>Id.</u>) Particularly given RFC's status in bankruptcy, the Court finds that it has demonstrated that these stored documents have been kept in the usual course of business, consistent with

Hagemeyer and Devon Mobile.

Both parties, however, raise valid points concerning the need for the requested discovery, on one the hand, and the burden of producing it, on the other hand. Plaintiffs did agree to produce loan servicing files for the at-issue loans and Plaintiffs' sample yielded responsive documents. As this Court has repeatedly noted, Defendants are entitled to loan servicing documents for the at-issue loans. However, the responsive documents represented a very low percentage of the overall volume of discovery and required considerable time and expense for Plaintiffs to review and produce. In light of the foregoing discussion regarding the usual course of business, and balancing Defendants' need for the requested information against Plaintiffs' burden, the parties shall split the review and cost of this discovery equally. Accordingly, Defendants' motion is granted in part and denied in part.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendants' Motion to Compel Discovery of Iron Mountain Servicing
   Records [Doc. No. 2441] is **GRANTED in part** and **DENIED in part**.

Dated: June 14, 2017                         s/Susan Richard Nelson
                                             SUSAN RICHARD NELSON
                                             United States District Judge