UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In Re: RFC and RESCAP Liquidating            Civil File No. 13-3451 (SRN/HB)
Trust Actions

**ORDER**

_____

**Order Regarding First Guaranty Mortgage Corporation's Revised Phase II Rule 30(b)(6) Topics**
_____

SUSAN RICHARD NELSON

Before the Court are letters from Defendant First Guaranty Mortgage Corporation ("FGMC") and Plaintiffs regarding a dispute concerning the scope of FGMC's Revised Phase II Rule 30(b)(6) Topics. (Letters of 5/30/17 [Doc. Nos. 2616 & 2617].)

Previously, the Court issued an order on February 10, 2017 ("the February 10 Order") [Doc. No. 2199] regarding FGMC's Motion to Compel Plaintiffs' Phase II Rule 30(b)(6) Testimony.[1] The Court ruled that during Phase II, FGMC may seek testimony regarding RFC's practices that are unique or specific to FGMC. (See Order of 2/10/17 at 8.) However, FGMC may not seek contention answers or answers to legal issues, calculation of damages, or common issues. (Id. at 9.) The February 10 Order provided examples of questions or topics outside the permitted scope of inquiry, including questions

---

[1] Approximately eight other Defendants raised similar issues with the Court at that time, which the Court collectively addressed in the February 10 Order.

requiring legal answers about whether a breach occurred or about which guidelines apply. (Id.)  However, the Court permitted FGMC to ask loan-specific questions regarding up to eight exemplar loans for which there was evidence of facts contradictory to the application of RFC's general policies and practices.  (Id. at 10.)

After FGMC and Plaintiffs continued to dispute the scope of FGMC's proposed Rule 30(b)(6) questions and accompanying exhibits, FGMC informed the Court of the unresolved dispute via letter [Doc. Nos. 2377 & 2585].  In response to FGMC's request, the Court declined to conduct an in camera review of the material at that time.  (Text-Only Order of 5/11/17 [Doc. No. 2588].)  Rather, the Court directed FGMC to provide the material to the RFC attorney contesting the scope of the topics, after which the parties were directed to meet and confer.  (Id.)  The Court also directed that the materials were not to be shared with RFC's Rule 30(b)(6) witnesses or defending attorneys.  (Id.)  If the parties were unable to resolve the matter, the Court directed them to so advise the Court. (Id.)

While the FGMC and Plaintiffs have reached some agreement concerning FGMC's revised topics, several areas of disagreement remain.  From the Court's review of FGMC's Revised Phase II Rule 30(b)(6) Topics Annotated, many of the proposed topics are not permitted by the Court's prior ruling.  Accordingly, FGMC is directed to propose Phase II Rule 30(b)(6) topics comparable in scope to those proposed by other Defendants.  (See, e.g., Rule 30(b)(6) Lists from Defendants iServe and Impac, Ex. B to Pls.' Letter of 3/10/17 [Doc. No. 2302-2].)  The Court expects the parties to resolve this matter without

further Court involvement and without the need for extensions to the discovery schedule.

**SO ORDERED.**

Dated: July 11, 2017                                             s/Susan Richard Nelson
                                                                 SUSAN RICHARD NELSON
                                                                 United States District Judge