# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: RFC and ResCap Liquidating Trust Litigation | Court File No. 13-cv-3451 (SRN/HB) |
| *This document relates to*: ALL ACTIONS[1] | **ORDER** |

Pursuant to the parties Stipulation Concerning Payment of Costs for Additional Iron Mountain and Corodata Documents [Doc. No. 2732], **IT IS HEREBY ORDERED THAT:**

1. Plaintiffs will undertake the collection, review, and production of any responsive, non-privileged, servicing-related documents from 907 boxes stored at Iron Mountain (the "Iron Mountain Boxes"), and Defendants will collectively reimburse Plaintiffs for fifty (50) percent of all costs Plaintiffs incur in doing so.

2. Plaintiffs shall collect, review, and produce responsive, non-privileged, servicing-related documents relating to certain previously identified at-issue loans that may be contained in approximately 724 boxes stored at a Corodata facility in the San Diego area (the "Corodata Boxes"), and the Defendants that have identified at-issue loans will collectively reimburse Plaintiffs for fifty (50) percent of all costs Plaintiffs incur collecting, reviewing, and producing responsive, non-privileged, servicing-related documents from the Corodata Boxes.

---

[1] This agreement does not relate to the Second Wave actions.

3. Upon completion of Plaintiffs' collection, review, and preparation for production of any responsive, non-privileged documents relating to servicing of the at-issue loans from the Iron Mountain Boxes and the Corodata Boxes, Plaintiffs will make a written request to Mark Schroeder of Briggs and Morgan, on behalf of Defendants in both the Consolidated and Separately Managed Actions, for reimbursement of fifty (50) percent of Plaintiffs' total costs incurred, along with customary documents evidencing the costs, a completed form W-9, and wiring instructions ("Plaintiffs' Reimbursement Request"). To the extent reasonably practicable, the written request will separately identify the costs related to the Iron Mountain Boxes and the Corodata Boxes.

4. Within ten (10) business days of receiving Plaintiffs' Reimbursement Request, Defendants shall wire to the ResCap Liquidating Trust in immediately available funds the full amount of Plaintiffs' Reimbursement Request. Within three (3) business days of receipt of full payment, Plaintiffs will produce any responsive, non-privileged, servicing-related documents pertaining to the at-issue loans from the Iron Mountain Boxes and the Corodata Boxes to Defendants.

5. Plaintiffs shall be under no obligation to produce to Defendants any documents from the Iron Mountain Boxes or the Corodata Boxes until Plaintiffs' Reimbursement Request is paid in full, or the Court orders otherwise.

6. Plaintiffs shall not be required to seek reimbursement from individual Defendants, or to enforce this Stipulation against individual Defendants. Any negotiations and/or agreements concerning the division of payment among individual

Defendants shall not involve Plaintiffs and shall have no impact on Defendants' collective obligation to reimburse Plaintiffs under this Stipulation.

7. In the event Defendants do not timely satisfy in full Plaintiffs' Reimbursement Request under paragraph 3, above, Plaintiffs may utilize the IDR process to compel payment. In the event Plaintiffs' IDR is successful, Defendants shall also reimburse Plaintiffs for all reasonable attorneys' fees and costs incurred in connection with the IDR. Plaintiffs shall not be required to seek reimbursement from individual Defendants.

**IT IS SO ORDERED.**

DATED: August 11, 2017             <u>s/Susan Richard Nelson</u>
                                   SUSAN RICHARD NELSON
                                   United States District Judge