# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: RFC and RESCAP Liquidating Trust Action | Case No. 0:13-cv-3451 (SRN/HB)<br><br>**MEMORANDUM OPINION AND ORDER RE: SEVENTH AMENDMENT SUPPLEMENTAL BRIEFING** |

SUSAN RICHARD NELSON, United States District Judge

Shortly before the Court issued its Summary Judgment ruling (*see* Aug. 15, 2018 Order [Doc. No. 4307] ("Summ. J. Order"))[1], it *sua sponte* raised the following question: "were this Court to decide on summary judgment that [ResCap[2]] must prove the reasonableness of the Bankruptcy Settlements at trial and that the question of reasonableness is an issue of fact," must "the jury, or the Court, act as a factfinder in that inquiry"? (*See* Aug. 1, 2018 Order for Suppl. Briefing [Doc. No. 4128] at 1 ("Suppl. Br. Order").)

In its Summary Judgment ruling, the Court held that reasonableness could not be determined as a matter of law, on any of the settlements, and that "the reasonableness of [the

---

[1] The opinion may also be found at *In re RFC and RESCAP Liquidating Trust Action*, --- F. Supp. 3d ---, 2018 WL 3911424 (D. Minn. 2018). For purposes of this order, the Court assumes familiarity with both the facts of this litigation and the *Miller-Shugart* reasonableness framework.

[2] Although prior orders in this litigation refer to Plaintiff as "Residential Funding Company, LLC" (or "RFC"), the parties jointly moved for, and the Court accepted, a stipulation substituting "ResCap Liquidating Trust" for "RFC" as the sole named plaintiff. (*See* Sept. 6, 2018 Order on Stipulation [Doc. No. 4350].) The Court will refer to Plaintiff as "ResCap" for short.

Bankruptcy Settlements] is a fact issue and genuine issues of material facts remain in dispute." (Summ. J. Order at 84.) Thus, the Court must now answer the constitutional inquiry contemplated in its Order for Supplemental Briefing.

After carefully considering the parties' submissions, in both briefing and at oral argument, and after independently reviewing the (admittedly scant) case law concerning this issue, the Court rules that the Seventh Amendment requires the reasonableness of the Bankruptcy Settlements to be tried before a jury. Although both sides raise strong arguments regarding this unsettled legal question, the Court ultimately feels compelled by the "federal policy favoring jury trials" to send this issue to the jury. *Simler v. Conner*, 372 U.S. 221, 222 (1963).

### I. DISCUSSION

#### A. Legal Standard

The Seventh Amendment preserves, "[i]n Suits at Common Law, . . . the right of trial by jury." U.S. Const. amend. VII. To determine if this right applies to a given case or issue, the Supreme Court instructs lower courts to ask three questions. First, the Court must consider whether "the action in question . . . is more analogous to an action that would have been tried [in 18th-century England] in a court of law or in equity." *Entergy Arkansas, Inc. v. Nebraska*, 358 F.3d 528, 541 (8th Cir. 2004) (citing *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 (1989)). Second, the Court must consider whether "the remedy sought . . . 'is legal or equitable in nature.'" *Id.* (quoting *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 565 (1990)). Third, if the answers to the first two questions suggest that the lawsuit and the remedy are more legal than equitable (and hence best decided by a jury), the Court must

2

consider "whether the particular trial decision must fall to the jury in order to preserve the substance of the common-law right as it existed in 1791." *Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 708 (1999) (citing *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 376 (1996)).[3]

Further, courts must treat these questions as matters of federal procedural law, even if it sits in diversity jurisdiction. "The characterization of a state-created claim as legal or equitable for purposes of whether a right to jury trial is indicated *must be made by recourse to federal law.*" *InCompass IT, Inc. v. XO Commc'n Servs., Inc.*, 719 F.3d 891, 896 (8th Cir. 2013) (quoting *Simler*, 372 U.S. at 222) (emphasis added). This federal law analysis is conducted with the understanding that "[m]aintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." *InCompass IT, Inc. v. XO Commc'n Servs. Inc.*, No. 10-cv-3853 (SRN/JJG), 2012 WL 512401, at *1 (D. Minn. Feb. 15, 2012) (quoting *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 501 (1959)).

### B. Analysis

Although the Court acknowledges that Minnesota law treats the reasonableness of pre-trial settlements as an equitable matter to be decided by a court, *see Alton M. Johnson Co. v. M.A.I. Co.*, 463 N.W. 2d 277 (Minn. 1990), an analysis under the federal law framework

---

[3] Although some Supreme Court decisions only focus on the first two of these questions, *Monterey* and *Markman* clarify that courts should consider the third question, too. *See Texas Advanced Optoelectronic Sols, Inc., v. Renesas Elec. America, Inc.*, 895 F.3d 1304, 1319-20 (Fed. Cir. 2018) (noting the different approaches).

3

reveals that this issue is better categorized as legal, rather than equitable. *Accord Fox v. Admiral Ins. Co.*, No. 12-cv-8740 (MSS), 2016 WL 3520145, at *7-12 (N.D. Ill. June 28, 2016). The Seventh Amendment therefore requires a jury trial.

*First*, this is a contractual indemnity action. (*See, e.g.*, *RFC v. HLC*, No. 14-cv-1716 (SRN/HB) Am. Compl. [Doc. 1 Ex. 2] ¶ 11.)[4] And, as then-Justice Stras noted in a recent Minnesota Supreme Court decision, "an action for contractual indemnity" is "traditionally classified as an action at law." *United Prairie Bank-Mountain Lake v. Haugen Nutrition & Equip., LLC*, 813 N.W. 2d 49, 56 (Minn. 2012) (collecting case law); *see also Atlas Roofing Co. v. Occupational Safety & Health Review Comm'n*, 430 U.S. 442, 459 (1977) ("suits for damages for breach of contact" were "suits at common law" at the time of the Founding). As such, this suit is most analogous to an action that would have been tried before a jury in an 18th-century English court of law.

*Second*, the sole remedy ResCap seeks through this lawsuit is money damages. (*See, e.g.*, Am. Compl. ¶ 77.) The Supreme Court has repeatedly stated the "general rule that monetary relief is legal." *Monterey*, 526 U.S. at 710 (quoting *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 352 (1998)); *accord Curtis v. Loether*, 415 U.S. 189, 195-96 (1974) (damages are "the traditional form of relief offered in the courts of law"). Indeed, "[i]f the claim is for relief traditionally found at law, such as contract damages, then the availability of a trial by jury [is] at its zenith." *InCompass*, 719 F.3d at 896. Thus, the remedy sought by

---

[4] Although the Complaint also pleaded breach of contract, the Court understands that ResCap is only advancing to trial on its contractual indemnity claim.

ResCap in this case is legal, and accordingly within the province of the Seventh Amendment's jury requirement.

However, *third*, and most challenging, is the question of whether this particular *issue*, *i.e.*, the Bankruptcy Settlements' reasonableness, "must fall to the jury in order to preserve the substance of" the contractual indemnity right "as it existed in 1791." *Monterey*, 526 U.S. at 708. Both sides present fair arguments on this front.

On the one hand, ResCap points out that, even if it ultimately seeks money damages, Minnesota law treats the reasonableness of a pre-trial settlement as an "equitable limitation" on its contractual indemnity rights. (Pl.'s Supp. Br. [Doc. No. 4272] at 8.) In particular, ResCap cites the Minnesota Supreme Court decision *Alton M. Johnson*, which analogized the *Miller-Shugart* reasonableness inquiry to the equitable remedy of specific performance. *See* 463 N.W. 2d at 279 (reasonableness determination "more accurately portrayed as an action to enforce an agreement against an indemnifier who was not a party to the agreement"). ResCap also relies on *Alton M. Johnson* in arguing that evidence of a settlement's reasonableness (*e.g.*, "expert opinion[s] of trial lawyers," "verdicts in comparable cases," "the likelihood of favorable or unfavorable rulings on legal defenses") is "best understood and weighed by a trial judge." *Id.*; *accord Am. Cas. Co. v. Kemper*, No. 07-cv-1149 (PHX/GMS), 2009 WL 1749388, at *2 (D. Ariz. June 18, 2009) (evaluating "the reasonableness of an award decided between two parties to be imposed on another," "rests on traditional concerns of fairness that lie at the heart of a court's equitable powers"). Finally, ResCap cites a handful of District of Minnesota opinions in which this Court appeared to treat the reasonableness of a *Miller-Shugart* settlement as "an issue . . . to be decided by the court" (albeit without any

discussion, or even acknowledgement of, the Seventh Amendment issue). *Schmid v. Fireman's Fund Ins. Co.*, No. 98-cv-2355 (ADM/AJB), 2001 WL 1640029, at *3 (D. Minn. Dec. 19, 2001); *see also C.H. Robinson Co. v. Zurich American Ins. Co.*, No. 02-cv-4793 (PAM/RLE), 2003 WL 22533329, at *4 (D. Minn. Nov. 3, 2003); *Vetter v. Subotnik*, 844 F. Supp. 1352, 1355 (D. Minn. 1992).

On the other hand, Defendants riposte that, regardless of whether Minnesota law treats the reasonableness inquiry as an equitable or legal issue, this Court must decide this question solely by reference to federal law. And, under the historical analysis of legal versus equitable remedies used by federal courts, the reasonableness inquiry is "more akin to merely declaring [Defendants'] debt or monetary obligation to [ResCap], instead of commanding [Defendants] to do or refrain from a specific act." *Fox*, 2016 WL 3520145, at *9; *accord Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 477 (1962) ("[I]t is difficult to conceive of an action of a more traditionally legal character" than "an action on a debt allegedly due under a contract."). To the extent Justice Simonett's opinion in *Alton M. Johnson* correctly points out fairness problems with trying a settlement's reasonableness to a jury, Defendants argue, this approach does not accord with the Supreme Court's historical analysis. *See Fox*, 2016 WL 3520145, at *10 ("[T]his general sense of 'equity' as fairness is not the same as an 'equitable' remedy, as understood historically.") (citing 1 Dan B. Dobbs, Law of Remedies §§ 2.1(3), 2.6(3) (1993)). Finally, Defendants invoke the "federal policy favoring jury decisions of disputed fact questions," and note the fact-bound nature of a reasonableness determination in this case. *Byrd v. Blue Ridge Rural Elec. Co-op., Inc.*, 356 U.S. 525, 638 (1958); *see also Monterey*, 526 U.S. at 720 (the principle --"[i]n actions at law[,] predominantly factual issues are in most

cases allocated to the jury" -- "rests on a firm historical foundation" and "serves 'to preserve the right to a jury's resolution of the ultimate dispute'") (quoting *Markman*, 517 U.S. at 377).

The Court agrees with Defendants, albeit with some hesitancy. As a practical matter, Justice Simonett's reasoning in *Alton M. Johnson* makes a great deal of sense. Not only is a trial judge better equipped to understand the kind of evidence relevant to the reasonableness of a pre-trial settlement, but, in a multi-defendant litigation like this one, a single judicial ruling on reasonableness avoids the specter of inconsistent verdicts. However, two arguments convince the Court that the Seventh Amendment mandates a jury trial here.

First, because the reasonableness determination is so intertwined with the money damages ResCap seeks, it is more analogous to legal relief than equitable relief. The Court agrees with Judge Shah of the Northern District of Illinois's historical analysis, in that the reasonableness inquiry functions more like a benchmark for a "monetary obligation" and less like a "command[]" that Defendants "do or refrain from a specific act." *Fox*, 2016 WL 3520145, at *9. In so holding, Judge Shah did not primarily rely on Illinois substantive law, as ResCap contends (*see* Pl.'s Supp. Br. at 6-7), but rather applied the historical "distinction between legal and equitable remedies" favored by the Supreme Court. *Fox*, 2016 WL 3520145, at *11. Further, although ResCap rightly notes that the Minnesota Supreme Court analogized reasonableness to the equitable remedy of specific performance in *Alton M. Johnson*, the state Supreme Court did not utilize the federal Supreme Court's historical approach, and instead relied more on fairness and other practical concerns. *See InCompass*, 719 F.3d at 896 ("The characterization of a state-created claim as legal or equitable for

purposes of whether a right to jury trial is indicated must be made by recourse to federal law.").

Second, to the extent this question presents a close call, federal law compels the Court to err on the side of a jury trial. The Supreme Court has repeatedly extolled the "federal policy favoring jury trials," especially with respect to disputed questions of fact. *Simler*, 372 U.S. at 222; *accord, e.g.*, *Monterey*, 526 U.S. at 720; *Chauffeurs*, 494 U.S. at 564-65; *Byrd*, 356 U.S. at 638; *Beacon Theatres*, 359 U.S. at 501. As such, one leading treatise has noted that "[t]he strength of [the federal] policy [favoring jury trials of issues of fact] in itself may provide the answer in cases in which the historical test gives no clear guidance." 9 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2302.1 (3d ed. 2018).

The Supreme Court's decision in *Monterey* offers an apt comparison. In that Section 1983 regulatory takings case, the Court considered whether the question of "whether . . . [a] city's decision to reject a particular development plan bore a reasonable relationship to its proffered justifications," was "proper to submit . . . to the jury" under the Seventh Amendment. *Monterey*, 526 U.S. at 721. The Court first determined that there was neither a "precise analogue" to the issue at common law nor an on-point precedent from its prior case law. *Id*. at 719-20. In deciding the question, then, the Court relied on the principle that, "in actions at law," "predominantly factual issues are in most cases allocated to the jury." *Id*. at 720 (citing *Baltimore & Carolina Line, Inc. v. Redman*, 295 U.S. 654, 657 (1935)). Because the "reasonable relationship" issue was "essentially fact-bound in nature," the Court held that the Seventh Amendment compelled a jury trial on the issue. *Id*. at 721. Similarly, here, the reasonableness of the Bankruptcy Settlements is undoubtedly a "predominantly factual"

8

inquiry. Although the jury will have to untangle a complicated web of facts, and then apply those facts to the law, the Supreme Court has never enunciated a "complexity exception" to the Seventh Amendment. *See* Wright & Miller, Fed. Prac. & Proc. Civ. § 2302.1 (extended discussion); *see also Monterey*, 526 U.S. at 720 (issue went to the jury even though it would involve "complex factual assessments of the purposes and economic effects of government actions"); *In re U.S. Fin. Sec. Litig.*, 609 F.2d 411, 431 (9th Cir. 1979) (finding "no complexity exception to the Seventh Amendment" and noting that "many types of cases" "require a [federal] jury to unravel complicated factual issues").[5]

As a final note, the Court finds the three District of Minnesota decisions cited by ResCap unavailing. In *Schmid*, Judge Montgomery decided on summary judgment that the reasonableness of a *Miller-Shugart* settlement raised "genuine issues of material facts," and cited *Alton M. Johnson* in passing for the principle that reasonableness was "to be decided by the court as the factfinder." *Schmid*, 2001 WL 1640029, at *3. However, the Court merely cited the *Alton* rule without addressing the Seventh Amendment considerations discussed

---

[5] Admittedly, the Supreme Court's decision in *Markman* gives the Court some pause. In that case, the Supreme Court held that, in a patent infringement suit, a court may act as the finder of fact for claim construction without running afoul the Seventh Amendment, even if the Amendment required the ultimate question of infringement to go to a jury. 617 U.S. 370. In so holding, the Court partially relied on "functional considerations." *Id*. at 388. In particular, that "[t]he construction of written instruments is one of those things that judges often do and are likely to do better than jurors unburdened by training in exegesis." *Id*. However, this case is distinguishable because there is no history of federal judges determining the reasonableness of pre-trial settlements the way there was of courts construing patents. *See id.* at 382-89. Nor is there a federal policy at stake here akin to the federal policy in favor of patent uniformity. *See id*. at 390-91. Further, the facts of this case more closely resemble *Monterey*, which the Court decided three years after *Markman*.

herein. Indeed, it does not appear that the Court ever proceeded to conduct a bench trial on reasonableness. *Vetter* and *C.H. Robinson Co.* are similarly distinguishable. In *Vetter*, Judge Magnuson found a *Miller-Shugart* settlement reasonable as a matter of law on summary judgment, which the Court expressly declined to do in this case. *See Vetter*, 844 F. Supp. At 1355. Finally, *C.H. Robinson Co.* called reasonableness an "equitable issue" in passing without discussing either the merits of a pre-trial settlement or the judge-jury question at issue here. *See C.H. Robinson Co.*, 2003 WL 22533329, at *4.

For these reasons, the Court concludes that the Seventh Amendment requires ResCap to prove to a jury that the Bankruptcy Settlements were "reasonable and prudent." *Miller v. Shugart*, 316 N.W. 2d 729, 735 (Minn. 1982). The Court is confident that the parties will try this discrete issue before the jury in a reasonable manner, and will not litigate *in toto* the very trial the Bankruptcy Settlements obviated.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the reasonableness of the Bankruptcy Settlements will be determined by a jury.

Dated:  September 18, 2018                              <u>s/Susan Richard Nelson</u>
                                                        SUSAN RICHARD NELSON
                                                        United States District Judge