**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| In Re: RFC and ResCap Liquidating Trust Litigation | No. 13-cv-3451 (SRN/HB) |
| This document relates to:<br><br>Residential Funding Company, LLC, Plaintiff<br><br>v.<br><br>Home Loan Center, Inc., Defendant | No. 14-cv-01716 (SRN/HB) |

**DEFENDANT HOME LOAN CENTER'S
<u>TRIAL BRIEF</u>**

## **PRELIMINARY STATEMENT**

Defendant Home Loan Center submits this trial brief pursuant to the Court's pretrial order. This brief addresses the nine topics listed in the order.

### A. Trial Counsel

The following counsel will try the case on behalf of Home Loan Center:

| Name | Law Firm | Telephone Number | Email Address |
| --- | --- | --- | --- |
| Elizabeth V. Kniffen | Zelle LLP | (612) 359-4261 | ekniffen@zelle.com |
| Rory Zamansky | Zelle LLP | (612) 359-4280 | rzamansky@zelle.com |
| R. Hackney Wiegmann | Williams & Connolly LLP | (202) 434-5546 | hwiegmann@wc.com |
| Matthew V. Johnson | Williams & Connolly LLP | (202) 434-5819 | mjohnson@wc.com |
| Jesse T. Smallwood | Williams & Connolly LLP | (202) 434-5162 | jsmallwood@wc.com |
| N. Mahmood Ahmad | Williams & Connolly LLP | (202) 434-5793 | mahmad@wc.com |
| Matthew B. Nicholson | Williams & Connolly LLP | (202) 434-5189 | mnicholson@wc.com |
| Kyle E. Thomason | Williams & Connolly LLP | (202) 434-5853 | kthomason@wc.com |
| Krista M. Anderson | Williams & Connolly LLP | (202) 434-5241 | kanderson@wc.com |

### B. Party Representative

One or more of the following corporate representatives will be seated at counsel table: Valentyna DeCristo, Corporate Secretary for Home Loan Center, or John Henson, acting General Counsel for Home Loan Center's parent company, LendingTree.

### C. Jury/Non-Jury

Home Loan Center submits that this case should be tried to a jury. Pursuant to this Court's Order, the right to a jury trial includes the question whether RFC's bankruptcy settlements were reasonable. *See* ECF 4458.

### D. Length of Trial

Home Loan Center estimates that trial, including jury selection and jury charge, will last approximately four to five weeks.

### E. Jurisdiction

The Court has diversity jurisdiction over the Liquidating Trust's contractual indemnity claims pursuant to 28 U.S.C. § 1332.

### F. Facts

The following is a brief summary of the facts Home Loan Center expects to elicit at trial. As the Defendant, Home Loan Center expects the facts it will present to be guided, in large part, by Plaintiff's presentation of its case. Home Loan Center nevertheless provides a brief overview of the fact issues on which it expects to affirmatively present evidence.

*First*, Home Loan Center will present evidence regarding its commercial relationship with RFC. The evidence will show that Home Loan Center and RFC started their business relationship in 2002. Shortly thereafter, Home Loan Center and RFC entered into the "Assetwise Direct Criteria Agreement." That agreement set forth limited representations and warranties that remained Home Loan Center's responsibility when using RFC's proprietary, automated underwriting program, Assetwise Direct.

Over the next few years, Home Loan Center primarily sold loans to RFC through Assetwise Direct. Home Loan Center also sold loans to RFC that were manually underwritten to RFC's Client Guide. As time passed, Home Loan Center grew in size, but the number of loans it sold to RFC decreased, as Home Loan Center sold more loans to RFC's competitors.

In 2006, RFC implemented two separate, but related strategies to win back Home Loan Center's business. First, RFC started purchasing pools of second-lien loans from Home Loan Center in "bulk" packages that Home Loan Center had originated for RFC's competitors—and not originated or sold pursuant to RFC's Client Guide. Second, RFC started purchasing "flow" loans that Home Loan Center had originated using the automated underwriting program of rival Countrywide. When it purchased these loans, RFC knew the loans were not intended to comply with the Client Guide's requirements and agreed to accept them on those terms. .

RFC's strategy to purchase loans that Home Loan Center had originated for RFC competitors was successful. In 2006, Home Loan Center started selling significantly more

3

loans to RFC, particularly through bulk purchases. This practice continued until 2007, when RFC essentially exited the market.

*Second*, Home Loan Center will present evidence about the reasonableness of the settlements following RFC's May 2012 bankruptcy and for which RFC here seeks indemnity. RFC reached settlements with RMBS trusts to which it sold mortgage loans and with monoline insurers which insured certain certificates issued by those trusts, and RFC seeks indemnity for certain of those settlements. Fact and expert testimony will show that certain of these settlements were not reasonable based on the facts known to RFC at the time and when evaluated in the context of comparable settlements.

*Third*, Home Loan Center will present evidence about the claims RFC settled, which are relevant for purposes of allocation. Home Loan Center bears no responsibility for all or part of certain claims that RFC resolved in its settlements. Home Loan Center will adduce evidence about the nature and strength of the settled claims. For example, it will show that RFC settled claims based on alleged breaches of its own servicing obligations.

Similarly, Home Loan Center will present evidence that RFC resolved claims based on representations that RFC itself made to trusts or monoline insurers when it did not receive the same representations from Home Loan Center (or other originators). Home Loan Center further intends to present evidence from the underlying pre-petition litigation to reinforce the strength and nature of these settled claims.

*Finally*, Home Loan Center expects to present expert testimony to rebut the Liquidating Trust's sampling and damages methodologies.

**G.     Claims and Defenses**

The following is a brief summary of the Liquidating Trust's claims and Home Loan Center's affirmative defenses:

The Liquidating Trust seeks contractual indemnity from Home Loan Center for a population of 1,980 "at issue" loans. Specifically, the Liquidating Trust claims that, under RFC's Client Guide, it is entitled to indemnity for a portion of the liabilities RFC incurred in four settlements—the MBIA Settlement, the FGIC Settlement, the Syncora Settlement, and the Trust Settlement—allegedly as a result of breaches of Home Loan Center's representations to RFC.[1]

With respect to each settlement, the Liquidating Trust must prove six essential elements: (1) that RFC and Home Loan Center agreed that the at-issue loans would comply with the representations in RFC's Client Guide; (2) that the Liquidating Trust has determined that certain of the at-issue loans breached representations in RFC's Client Guide; (3) that Home Loan Center's alleged breaches of representations in RFC's Client Guide were a contributing cause of the claims RFC settled; (4) that RFC's settlement was reasonable and prudent; (5) that RFC entered the settlement in good faith; and (6) that there is a reasonably certain and non-speculative basis for allocating the settlement to determine the portion attributable to claims allegedly caused by Home Loan Center's breaches.

---

[1] The Liquidating Trust does not seek indemnity for the Assured Settlement. That is for good reason: that settlement *exceeded* Assured's total losses and was patently unreasonable. With respect to the Ambac Settlement, the Liquidating Trust purports to seek indemnity, but its own expert found that Home Loan Center was not responsible for a single dollar of that settlement. Accordingly, Home Loan Center does not discuss that settlement here.

### 1. Applicability of RFC's Client Guide.

First, the Liquidating Trust must prove, with respect to each at-issue loan, that there was an agreement between RFC and Home Loan Center that the loan would comply with the representations in RFC's Client Guide. Under Minnesota law, an agreement is a manifestation of mutual assent, which may be made orally, in writing, or by conduct. *See* 4 Minn. Practice, Jury Instructions Guides–Civil CIVJIG 20.10 (6th ed. 2017) (collecting cases). The test depends on the parties' outward manifestations of assent, not on uncommunicated subjective intentions. *Hill v. Okay Const. Co.*, 252 N.W.2d 107, 114 (Minn. 1977); *Holt v. Swenson*, 90 N.W.2d 724, 728–29 (Minn. 1958).

With respect to this element, the Liquidating Trust claims that the parties agreed to buy and sell each at-issue loan pursuant to a contract that incorporated the Client Guide's representations. Home Loan Center disputes that claim with respect to three categories of loans: (1) loans approved through Assetwise; (2) loans sold in "bulk" packages; and (3) pay option adjustable rate mortgage loans sold in 2006–2007 ("POA loans").

For loans approved through Assetwise, Home Loan Center contends that the parties agreed to buy and sell the loans pursuant to the Assetwise Direct Criteria Agreement. That agreement contains specific representations that supersede those in the Client Guide.

For loan sold in "bulk" packages, Home Loan Center contends that the parties agreed to buy and sell the loans wholly outside the Client Guide. Specifically, they agreed that the loans would have the characteristics set forth in spreadsheets known as "bid tapes."

For POA loans, Home Loan Center contends that the parties agreed to buy and sell the loans wholly outside the Client Guide. Specifically, the parties agreed that the loans would comply with criteria set by an unrelated third-party, Countrywide.

At trial, the Liquidating Trust will bear the burden of proving that the parties agreed that each of these categories of loans would comply with the representations in RFC's Client Guide. *See Grandoe Corp. v. Gander Mountain Co.*, 761 F.3d 876, 889 (8th Cir. 2014) (where plaintiff "assert[s] the applicability of a contract," it "bears the burden [of] proving the existence of that contract under Minnesota law"). If the Liquidating Trust fails to sustain that burden as to any category of loans, then Home Loan Center is not liable for the Liquidating Trust's allegation that certain loans in that category breached the Client Guide's representations.

If, however, the Liquidating Trust does sustain its burden as to a category of loans, then the jury will have to consider Home Loan Center's defenses of equitable estoppel and waiver. *First,* the doctrine of equitable estoppel prevents a party from asserting its legal rights where it acted in such a way as to induce the other party to detrimentally rely on its actions. *See Pollard v. Southdale Gardens of Edina Condo. Ass'n, Inc.*, 698 N.W.2d 449, 454 (Minn. Ct. App. 2005). To establish this defense, Home Loan Center must prove three elements: (1) that RFC made promises or inducements that it would buy loans that did not comply with the representations in the Client Guide; (2) that Home Loan Center reasonably relied on RFC's promises or inducements; and (3) that Home Loan Center will be harmed by reliance on RFC's promises or inducements, unless RFC is equitably estopped from

enforcing the Client Guide. *See* Summ. J. Op. 115–16. If Home Loan Center establishes equitable estoppel as to one or more categories of loans, then the Liquidating Trust is precluded from enforcing the Client Guide as to those categories.

*Second*, the doctrine of waiver prevents a party from enforcing rights that it has intentionally relinquished. *See State ex rel. Swanson v. 3M Co.*, 845 N.W.2d 808, 819 (Minn. 2014). To establish this defense, Home Loan Center must prove that (1) RFC had knowledge of a right to claim that loans should comply with representations in RFC's Client Guide, and (2) RFC intentionally waived that right. *See* Summ. J. Op. 116–20. With respect to the second element, the jury may infer that RFC intended to waive compliance with the Client Guide's representations if RFC acted inconsistently with those provisions. *See Exner v. Minneapolis Pub. Sch., Special Sch. Dist. No. 1*, 849 N.W.2d 437, 441 (Minn. Ct. App. 2014). If Home Loan Center establishes this defense as to one or more categories of loans, then the Liquidating Trust is precluded from enforcing the Client Guide as to those categories.

### 2. Breaches of Representations in RFC's Client Guide

Turning to the second element, if the Liquidating Trust establishes that the parties agreed that some or all of the at-issue loans would comply with the Client Guide's representations, and Home Loan Center has not established equitable estoppel or waiver as to those loans, then the jury will need to consider whether the loans breached the Client Guide's representations. With respect to this element, the Court has held (over Home Loan Center's objection) that the Liquidating Trust has "sole discretion" to determine whether loans breached the Client Guide's representations. *See* Summ. J. Op. 69–74.

8

Accordingly, if the jury reaches this element for one or more loans in the Home Loan Center sample, then, under the Court's ruling, the jury will need to accept the findings by the Liquidating Trust's reunderwriters regarding whether those loans breached the Client Guide's representations. As discussed below, however, it remains for the jury to decide (1) whether the Liquidating Trust has proved that Home Loan Center's alleged breaches of representations to RFC resulted in breaches of RFC's separate representations to trusts or monoline insurers, and (2) whether the Liquidating Trust has proved that the results from its sample provide a reliable and reasonably certain basis for allocating the settlements.

### 3. Causation

As to the third element, the Liquidating Trust must prove there was a causal connection between the alleged breaches of Home Loan Center's representations to RFC and the liabilities RFC incurred in connection with each settlement. Regarding this element, the Court has held (over Home Loan Center's objection) that the Liquidating Trust must demonstrate that each alleged breach of Home Loan Center's representations to RFC was a "contributing cause" of the claims RFC resolved in settlement. Summ. J. Op. 95.

To make this showing, the Liquidating Trust must prove two links in a causal chain. *First*, it must prove that an alleged breach of Home Loan Center's representations to RFC resulted in a breach of RFC's separate trust-level representations to the relevant trust or monoline insurer. If Home Loan Center breached a representation to RFC without that breach resulting in a breach of RFC's separate trust-level representations, then the Home

Loan Center breach was not a contributing cause of RFC's settlement liabilities. *See* Summ. J. Op. 100.

*Second,* the Liquidating Trust must prove that the trust-level breaches it now alleges were a contributing cause of the claims it resolved in settlement. If the Liquidating Trust alleges that a breach of Home Loan Center's representations to RFC resulted in breaches of particular RFC representations to trusts or monolines, but the trusts or monolines never actually asserted breaches of those representations at the time of settlement, then the alleged Home Loan Center breach was not a contributing cause of RFC's liabilities.

### 4.     Settlement Reasonableness

As to the fourth element, the Liquidating Trust must prove that the amount of each settlement was reasonable and prudent. *See* Summ. J. Op. 77–81. Specifically, it must demonstrate that a reasonably prudent person in RFC's position would have settled for that amount, in light of the facts bearing on RFC's potential liability and exposure to damages at the time of settlement. *Miller v. Shugart*, 316 N.W.2d 729, 735 (Minn. 1982).

To carry this burden, the Liquidating Trust must prove not only that a jury *could have* found RFC liable for damages exceeding the settlement amount, but also that a jury likely *would have* done so. *See Jorgenson v. Knutson*, 662 N.W.2d 893, 904–05 (Minn. 2003). If the Liquidating Trust fails to make this showing with respect to a settlement, then it may not seek damages for that settlement. *See Burbach v. Armstrong Rigging & Erecting, Inc.*, 1998 WL 747905, at *1–2 (Minn. Ct. App. Oct. 27, 1998).

### 5.  Good Faith

Regarding the fifth element, the Liquidating Trust must prove that RFC entered each of its settlements in good faith. *See Brownsdale Co-op. Ass'n v. Home Ins. Co.*, 473 N.W.2d 339, 342 (Minn. Ct. App. 1991) ("[T]he settlement must be reasonable and entered in good faith to be enforceable"). A party acts in good faith if it acts honestly and observes commercial standards of fair dealing. *See* 4 Minn. Practice, Jury Instruction Guides–Civil CIVJIG 20.55 (6th ed. 2017); Restatement (Second) of Contracts § 205 cmt. a (1981); Black's Law Dictionary, *Good Faith* (10th ed. 2014).

Significantly, good faith is a subjective standard. *See generally J.E.B. v. Danks*, 785 N.W.2d 741, 749 (Minn. 2010) ("Generally speaking, good faith is a matter of subjective intent."). As this Court recognized, good faith "speaks not of objective reasonableness, but of subjective motivation." Summ. J. Op. 135. Thus, unlike the reasonableness element, the good-faith element focuses on what RFC actually believed at the time of settlement. *Cf. In re UnitedHealth Grp. Inc. Shareholder Deriv. Litig.*, 754 N.W.2d 544, 563 (Minn. 2008) (reasoning that statute's "good faith requirement," unlike "its reasonableness requirement," focused on the "particular state of mind required").[2]

---

[2] Home Loan Center notes that, when ruling on the motion to modify the mediation order, the bankruptcy court stated that "courts in Minnesota" apply "an objective test to determine the reasonableness of the settlement, the allocation of the settlement, and the indemnitee's good faith in settling." *In re ResCap, LLC*, 536 B.R. 132, 148 (Bankr. S.D.N.Y. 2015). The bankruptcy court, however, erroneously conflated the tests for reasonableness and allocation with the test for good faith. Indeed, the bankruptcy court did not cite a single Minnesota case holding that good faith is assessed under an objective standard.

Accordingly, the Liquidating Trust must prove that, at the time RFC settled in mediation, RFC subjectively had an honest state of mind and was observing standards of fair dealing.

### 6. Allocation

Turning to the sixth element, the Liquidating Trust bears the burden of allocating each settlement to determine the portion, if any, for which it may seek indemnity from Home Loan Center. *See UnitedHealth Grp. Inc. v. Exec. Risk Specialty Ins. Co.*, 870 F.3d 856, 862–63 (8th Cir. 2017). Specifically, the Liquidating Trust may seek indemnity from Home Loan Center only for the portion of each settlement attributable to claims against RFC that were caused by breaches of Home Loan Center's representations to RFC. *See* Summ. J. Op. 97, 99. The Liquidating Trust may not seek indemnity for the portions of each settlement attributable to other claims—including claims caused by other originators' breaches, claims caused by breaches for which RFC is solely responsible, and claims relating to RFC's own servicing practices.

The Liquidating Trust must allocate each of RFC's settlements among indemnifiable and non-indemnifiable claims. Specifically, it must prove how a reasonable party in RFC's position would have allocated each settlement based on the *relative* value of the indemnifiable and non-indemnifiable claims at the time of settlement. *UnitedHealth*, 870 F.3d at 863–66; *UnitedHealth Grp. Inc. v. Columbia Cas. Co.*, 47 F. Supp. 3d 863, 872–90 (D. Minn. 2014). The Liquidating Trust must prove allocation to a reasonable degree of certainty and may not engage in speculation or guesswork. *UnitedHealth*, 870 F.3d at 865 (citing *Faust v. Parrott*, 270 N.W.2d 117, 120 (Minn. 1978)).

Here, the Liquidating Trust seeks to carry its burden of proof on allocation by using statistical sampling. For each settlement for which it seeks indemnity, the Liquidating Trust will need to prove at trial that its sampling methodology is reliable and provides a reasonably certain basis for allocating the settlement. *See* Summ. J. Op. 149–50, 173–76; *Daubert* Op. 11, 14. If it fails to do, then the Liquidating Trust may not recover damages with respect to that settlement.

### H. Unresolved Issues

The following substantive, evidentiary, or procedural issues remain unresolved:

- **Pending Motions *in Limine*:** The parties' motions *in limine* are under advisement.

- **Disputes Concerning Jury Instructions and Special Verdict Form:** The parties have filed proposed closing jury instructions and a proposed special verdict form. *See* ECF Nos. 4504–05. To the extent the parties disagree, the respective proposals are bolded and accompanied by the parties' authorities and objections.

- **Disputes Concerning Exhibit Lists:** Pursuant to the Court's instruction during the September 21 conference, each party has identified up to 400 case-in-chief and cross-examination exhibits that it may introduce or use during trial. To the extent the parties disagree, the respective objections are reflected on the exhibit lists filed by the parties. Home Loan Center expects that the parties will continue to discuss with the Court disputes concerning exhibit lists leading up to, and during, trial.

- **Disputes Concerning Witness Lists:** Home Loan Center expects that the parties will discuss disputes concerning their respective witness lists with the Court during the October 9, 2018 pretrial conference.

- **Disputes Concerning Deposition Designations:** The parties have filed proposed deposition designations, objections to such designations, counter-designations, and objections to such counter-designations. Home Loan Center expects that the parties will discuss with the Court

> disputes concerning their respective deposition designations leading up to, and during, trial.

- **Proffer Concerning RFC's Sole Responsibility:** Pursuant to the Court's October 1, 2018 Order, *see* ECF No. 4497, Home Loan Center will make a proffer regarding RFC's sole responsibility at the October 9 pretrial conference.

Home Loan Center reserves its right to identify additional unresolved issues in light of any case developments.

## I.     Sequestration

Pursuant to the Court's instruction during the October 4 pretrial conference, Home Loan Center will meet and confer with Plaintiff regarding sequestration of witnesses. To the extent the parties disagree, Home Loan Center expects that such disputes will be presented to the Court during the October 9 pretrial conference.

Dated: October 5, 2018                    Respectfully submitted,

                                              ZELLE LLP

                                              By: */s/ Elizabeth V. Kniffen*
                                                  Daniel Millea, #0245963
                                                  Elizabeth V. Kniffen, #0346329
                                                  Rory Zamansky, #0330620
                                                  500 Washington Avenue South
                                                  Suite 4000
                                                  Minneapolis, MN 55415
                                                  Telephone: (612) 339-2020
                                                  Facsimile: (612) 336-9100
                                                  dmillea@zelle.com
                                                  ekniffen@zelle.com
                                                  rzamansky@zelle.com

                                            WILLIAMS & CONNOLLY LLP
                                               R. Hackney Wiegmann (*pro hac vice*)
                                               Matthew V. Johnson #0324875
                                               Jesse T. Smallwood (*pro hac vice*)
                                               725 Twelfth Street, N.W.
                                               Washington, DC 20005
                                               Telephone: (202) 434-5000
                                               Facsimile: (202) 434-5029
                                               hwiegmann@wc.com
                                               mjohnson@wc.com
                                               jsmallwood@wc.com

                                            *Attorneys for Defendant Home Loan Center, Inc.*