THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: RFC and ResCap Liquidating Trust Litigation | Court File No. 13-cv-3451 (SRN/HB) |
| *This document relates to:*<br><br>ResCap Liquidating Trust v. Home Loan Center, Inc., No. 14-cv-1716 (SRN/HB) | **PLAINTIFF'S TRIAL BRIEF** |

Plaintiff submits this trial brief pursuant to the Court's Trial Notice and Final Pretrial Order [Doc. No. 3929] and Local Rule 39.1.

## 1. Plaintiff's Trial Counsel

William Price
Anthony P. Alden
Matthew Scheck
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
williamprice@quinnemanuel.com
anthonyalden@quinnemanuel.com
matthewscheck@quinnemanuel.com
(213) 443-3000

Peter E. Calamari
Sascha N. Rand
Isaac Nesser
Jennifer J. Barrett
Deborah K. Brown
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010

1

>petercalamari@quinnemanuel.com
>sascharand@quinnemanuel.com
>isaacnesser@quinnemanuel.com
>jenniferbarrett@quinnemanuel.com
>deborahbrown@quinnemanuel.com
>(212) 849-7000
>
>Donald G. Heeman
>Jessica J. Nelson
>Randi J. Winter
>Felhaber Larson
>220 South Sixth Street, Suite 2200
>Minneapolis, MN 55402
>dheeman@felhaber.com
>jnelson@felhaber.com
>rwinter@felhaber.com
>(612) 339-6321

2. **Plaintiff's Party Representative:** John Ray, Liquidating Trust Manager.

3. **Jury/Non-Jury:** Jury.

4. **Length Of Trial:** Up to 21 days, including jury selection and jury charge.

5. **Jurisdiction:** The basis of federal jurisdiction is 28 U.S.C. § 1334.

6. **Facts To Be Proven At Trial:** Plaintiff will prove that HLC sold hundreds of loans to Residential Funding Company LLC ("RFC") between 2002 and 2007 in breach of the parties' Client Contract and the GMAC-RFC Client Guide (the "Client Guide"); that HLC's breaches were a contributing cause of the liabilities and losses that RFC incurred in its bankruptcy settlements (the "Indemnifiable Claims"); that the settlements were reasonable and in objective good faith; and the dollar amount of HLC's liability based on Plaintiff's Allocated Breaching Loss Approach.

**7.     Claim And Defenses.**  Plaintiff's claim is for contractual indemnity.  *See* Mem. Op. & Order on Common-Issue Mots. for Summ. J. ("SJ Order") at 57 [Doc. No. 4307]; 10/4/2018 Order [Doc. No. 4515].

HLC is pursuing an affirmative defense of equitable estoppel, which this Court described in the Court's SJ Order and elsewhere.  *See* SJ Order at 115 (HLC may attempt to prove "certain instances" in which "RFC may, on occasion, have acted in a way so as to estop it now from enforcing the Client Guide"); 10/1/2018 Order at 6 [Doc. No. 4497] (equitable estoppel is potentially available only in "limited circumstances");  *id.* at 7 ("HLC may not seek to introduce anecdotal, hearsay evidence that simply reflects generalized variances from RFC's underwriting criteria.  Rather, it must offer evidence of a stated departure from the provisions and remedies of the Client Guide as to specific HLC loans or specific bulk transactions, made by a person with authority at RFC.");  *see also* 9/14/2018 Hr'g Tr. 13:10-22 ("[W]hat would be admissible ... would be non-hearsay competent evidence that, despite the fact that HLC signed the client contract incorporating the Client Guide, that there were communications between a person capable of doing that at RFC and a person capable of doing that at HLC in which HLC was advised that they could deviate in part or entirely from the Client Guide and HLC reasonably relied on that.  And that could take two forms.  One could be actual communications between ... people with the authority to be able to make that decision between the two companies, or it could be an internal document reflecting that communication.").

HLC's only other affirmative defense is the so-called "sole cause" defense. The Court in its SJ Order held it would be premature to dismiss the defense based on the record then before the Court and indicated the Court would assess the issue again on a more complete record. SJ Order at 109. The Court has since ordered HLC to proffer evidence purportedly supporting the defense on October 9, 2018, holding that to "cross-examine [Plaintiff's expert] Snow with respect to RFC-only liability based on a 'gap or mismatch,' ... HLC must present non-speculative, admissible evidence in support of [the defense]." 10/1/2018 Order at 8.

In its jury instructions and elsewhere, HLC has indicated it believes it has a waiver defense. Plaintiff disagrees with HLC and intends to discuss its position with the Court at the pretrial conference on October 9, 2018.

**8.    Unresolved Issues.**  Unresolved substantive, evidentiary, and procedural issues include the following:

***Substantive Issues.***  Substantive issues for trial include (1) the Client Guide's applicability to the at-issue loans (including availability of equitable estoppel); (2) the at-issue loans' contributing causation of RFC's liabilities and losses (including HLC's sole cause defense); (3) the reasonableness and objective good faith of RFC's bankruptcy settlements; and (4) the dollar amount of HLC's liability.

On the first issue (Client Guide applicability), it is undisputed that RFC and HLC entered into a Client Contract that incorporates the Client Guide, which includes multiple indemnity clauses governing the purchase and sale of loans HLC sold to RFC. HLC has not adduced evidence demonstrating that the Client Guide does not govern the at-issue

4

loans.  In this respect, the Court has held that "anecdotal, hearsay evidence that simply reflects generalized variances from RFC's underwriting criteria" is not, on its own, probative of whether the Client Guide as a whole governed the loans, and that HLC "must offer evidence of a stated departure from the provisions and remedies of the Client Guide as to specific HLC loans or specific bulk transactions, made by a person with authority at RFC."  10/1/2018 Order at 7.  HLC has not done so.  Nor has it offered evidence that the Client Contract and Client Guide were superseded by the Assetwise Direct Agreement.  Finally, despite repeated opportunities, HLC has not adduced evidence of equitable estoppel within the Court's above-described parameters.  *See id.* 6 ("[T]he exemplars attached to HLC's letter do not contain evidence supporting the very limited circumstances under which estoppel evidence might be relevant at trial.").

On the second issue (causation), Plaintiff will prove that HLC's breaches were a contributing cause of RFC's liabilities and losses.  HLC's purported evidence to the contrary is mistaken.  HLC's "sole cause" defense likewise fails because HLC has not adduced evidence that RFC was the sole cause of its liability on any at-issue loan.  *See* SJ Order at 95 (adopting "contributing cause" standard); *see* 10/1/2018 Order at 9 (documents "allegedly reflective of RFC's 'business strategy' to deviate from the Client Guide, simply show that RFC occasionally bought loans that were underwritten pursuant to non-RFC underwriting standards"; this alone "does not support HLC's defense of RFC-only liability.").

On the third issue (reasonableness and objective good faith), Plaintiff will prove the at-issue settlements were reasonable and in objective good faith.  *See, e.g., Miller v.*

*Shugart*, 316 N.W.2d 729, 735 (Minn. 1982) ("The test … is what a reasonably prudent person in the position of the defendant would have settled for on the merits of plaintiff's claim."); *see also In re Residential Capital, LLC*, 536 B.r. 132, 148 (Bankr. S.D.N.Y 205) ("[C]ourts in Minnesota and New York apply an objective test to determine the reasonableness of the settlement, the allocation of the settlement, and the indemnitee's good faith in settling."). The Court has already reviewed significant amounts of this evidence and excluded much of the evidence HLC proposed to introduce in opposition. *See* SJ Order at 15-17 (discussing facts); *Daubert* Order at 60-62 [Doc. No. 4471].

As to the fourth issue (amount of liability), the Court has held that Plaintiff's Allocated Breaching Loss Approach is "a reasonably certain basis for assessing and allocating damages that is not speculative, remote, or conjectural" (SJ Order at 174 (internal quotations omitted), and "offers a highly sophisticated methodology to provide a basis for the factfinder to determine [HLC's] damages, if any" (*id.* at 175). The Court has also held that statistical sampling is a permissible method of proof. *Id.* at 59-60. Plaintiff will prove the dollar amount of HLC's liability using these methodologies.[1]

***Evidentiary Issues***. The parties have disputes regarding documents on their respective exhibit lists, including the priority exhibits exchanged this week, and are due to meet and confer in advance of the October 9, 2018 pretrial conference. The parties also have a dispute regarding HLC's "sole cause" defense as noted above, and HLC is due to proffer any purported evidence for discussion during the October 9, 2018

---

[1] As to HLC's liability for Plaintiff's attorneys' fees in the current action, the parties have agreed to present any disputes to the Court by motion.

conference. Plaintiff has also objected to five witnesses on HLC's witness list and the Court has directed HLC to respond. Finally, the parties have exchanged objections to their respective deposition designations.

*Procedural Issues.* As to voir dire, the parties are conferring about the Court's proposal during the October 4, 2018 conference. As to jury instructions and the verdict form, Plaintiff will be prepared to present oral argument during the October 9, 2018 conference to the extent the Court believes such argument would be helpful.

9. **Sequestration.** During the October 4, 2018 pretrial conference, the Court described sequestration procedures as to which the parties are due to meet and confer.

Dated:  October 5, 2018

| FELHABER LARSON | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
|---|---|
| By: /s/ Jessica J. Nelson<br>Donald G. Heeman, #286023<br>Jessica J. Nelson, #347358<br>Randi J. Winter, #0391354<br>220 South Sixth Street, Suite 2200<br>Minneapolis, MN  55402-4504<br>Telephone:  (612) 339-6321<br>Facsimile:  (612) 338-0535<br>dheeman@felhaber.com<br>jnelson@felhaber.com<br>rwinter@felhaber.com | Peter E. Calamari (*pro hac vice*)<br>Jennifer J. Barrett (*pro hac vice*)<br>Sascha N. Rand (*pro hac vice*)<br>Isaac Nesser (*pro hac vice*)<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone:  (212) 849-7000<br>Facsimile:  (212) 849-7100<br>petercalamari@quinnemanuel.com<br>jenniferbarrett@quinnemanuel.com<br>sascharand@quinnemanuel.com<br>isaacnesser@quinnemanuel.com |
| CARPENTER LIPPS & LELAND LLP<br>Jeffrey A. Lipps (*pro hac vice*)<br>Jennifer A.L. Battle (*pro hac vice*)<br>280 Plaza, Suite 1300<br>280 North High Street<br>Columbus, Ohio 43215<br>Telephone:  (614) 365-4100<br>Facsimile:  (614) 365-9145<br>lipps@carpenterlipps.com<br>battle@carpenterlipps.com | QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>William C. Price (*pro hac vice*)<br>Anthony P. Alden (*pro hac vice*)<br>Johanna Ong (*pro hac vice*)<br>Matthew Scheck (*pro hac vice*)<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Telephone:  (213) 443-3000<br>Facsimile:  (213) 443-3100<br>williamprice@quinnemanuel.com<br>anthonyalden@quinnemanuel.com<br>johannaong@quinnemanuel.com<br>matthewscheck@quinnemanuel.com |

*Attorneys for Plaintiff ResCap Liquidating Trust*