## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: RFC and RESCAP Liquidating Trust Action<br><br>*This document relates to*:<br><br>ResCap Liquidating Trust v. Home Loan Center, Inc., Case No. 14-cv-1716 (SRN/HB) | Case No. 0:13-cv-3451 (SRN/HB)<br><br>**ORDER RE: ADMISSIBILITY OF CERTAIN EVIDENCE CONCERNING MBIA'S PROOFS OF CLAIMS AGAINST GMAC MORTGAGE AND RESCAP** |

SUSAN RICHARD NELSON, United States District Judge

In this Order, the Court addresses the admissibility of MBIA's Proofs of Claim against RFC's affiliates, Residential Capital LLC ("ResCap") and GMAC Mortgage (as opposed to MBIA's Proof of Claim against RFC), and related testimony.

This issue first arose in the parties' summary judgment briefing, in which HLC (among other mortgage lender defendants) contended that these two Proofs of Claim rendered the MBIA settlement facially unreasonable because, when ResCap and GMAC's Proofs of Claim are taken into account, "MBIA's $1.45 billion in Allowed Claims [against RFC] far exceeds the total amount RFC could have been liable for had it litigated rather than settled MBIA's claims." (Defs.' Summ J. Br. [Doc. No. 3251] at 85.) Plaintiff responded that evidence concerning Allowed Claims granted to RFC's affiliates "says nothing about the reasonableness of" RFC's settlement with MBIA because "Defendants have not (and cannot) offer any evidence that MBIA will recover more than it is owed in total." (Pl.'s Opp. Br. [Doc. No. 3720] at 49.) In its Summary Judgment ruling, the Court considered both sides'

arguments, and concluded that, "[o]n this record, [it] was unable to rule that the Settlements [including the MBIA Settlement] were reasonable as a matter of law." (Summ. J. Order [Doc. No. 4307] at 80.)

The parties again brought this issue to the Court's attention during the October 4 pre-trial hearing (*see* Oct. 4, 2018 Hr'g Tr. [Doc. No. 4539] at 57-66), and subsequently submitted letter briefing on the matter. (*See* HLC's Oct. 8, 2018 Letter [Doc. No. 4546] at 4-6; Pl.'s Oct. 8, 2018 Letter Regarding the *Ivanhoe* Rule [Doc. No. 4541].) Upon further consideration of the issue, and for the following reasons, the Court will preclude HLC from arguing or introducing any evidence concerning MBIA's Proofs of Claim against GMAC Mortgage and ResCap, including argument that these Proofs of Claim render the MBIA settlement unreasonable.

**I.     HLC's Argument**

HLC's exhibit list includes Proofs of Claim that MBIA, one of the Monoline Insurers, filed against GMAC Mortgage and ResCap (*see* DX-162 (ResCap) and DX-163 (GMAC Mortgage)),[1] despite the fact, as HLC concedes, in this lawsuit the Liquidating Trust is only seeking indemnity for a portion of MBIA's $1.45 billion Allowed Claim against RFC. HLC argues, nonetheless, that the Proofs of Claim against GMAC Mortgage and ResCap are admissible to show that the $1.45 billion claim allowed by the Bankruptcy Court was not reasonable.

---

[1]     HLC's most recent Exhibit List may be found in Appendix A of HLC's Oct. 9, 2018 Letter [Doc. No. 4566-1].

2

In light of the fact that MBIA's claims against GMAC Mortgage and ResCap "relate[d] to RFC-sponsored trusts," and because MBIA "recovered hundreds of millions of dollars [from GMAC Mortgage and ResCap] based on [these two] allowed claims," (*see* HLC Letter at 5-6), HLC contends that the Court should permit it to argue to the jury that, at the time of RFC and MBIA's settlement, it was objectively unreasonable to believe that MBIA could have recovered damages from RFC exceeding $1.45 billion. (*See id*. at 5 (citing *Mytyy v. Johnson Constr., Inc*., 1999 WL 768352, at *7-8 (Minn. Ct. App. Sept. 28, 1999)).) Preventing the jury from considering this evidence, HLC argues, would run afoul of Minnesota's prohibition on double recovery, because MBIA could not have recovered damages from GMAC Mortgage, ResCap, *and* RFC for the *same* injury. (*Id*. at 5 n.2 (citing *Toyota-Lift of Minn., Inc. v. Am. Warehouse Sys., LLC*, 868 N.W.2d 689, 696 (Minn. Ct. App. 2015)).) Therefore, HLC argues that it should be "permitted to adduce evidence that MBIA advanced and settled claims against GMAC Mortgage and ResCap that relate to RFC-sponsored trusts, and cross-examine Plaintiff's experts regarding the extent to which they accounted for MBIA's recoveries on those claims." (*Id*. at 5.)

HLC also argues that this evidence relates to allocation. The Liquidating Trust's damages expert, Dr. Karl Snow, allocated a portion of the $1.45 billion MBIA settlement to HLC based on his Allocated Breaching Loss Approach. However, HLC notes, Dr. Snow did not consider the aforementioned recoveries MBIA received from GMAC and ResCap. "Those recoveries," HLC concludes, "must be deducted from the MBIA settlement liability to avoid overcharging any originator like HLC for its portion of that allowed claim liability." (*Id*. at 6.)

3

## II. Plaintiff's Response

In response, Plaintiff argues that HLC misconstrues the law, that this evidence is legally irrelevant, and that introducing this line of argument would only serve to confuse the jury. As to its legal relevance, Plaintiff argues that any evidence or argument seeking to reduce MBIA's Allowed Claim against RFC is improper because "[t]his Court has already held as a matter of law that the Trust is entitled to indemnity for liabilities incurred by RFC," *i.e.*, "the Allowed Claims against RFC established by the Bankruptcy Court." (Pl.'s Letter at 1 (citing Summ J. Order [Doc. No. 4307] at 84).)

Moreover, Plaintiff notes that the longstanding federal bankruptcy "*Ivanhoe* rule" entitles a creditor like MBIA to "allowance of its full claim against [RFC], even if [MBIA] has claims against or recovers from other entities on the same debt or obligation." (*Id.* at 2 (citing *Ivanhoe Bldg. & Loan Ass'n v. Orr*, 295 U.S. 243, 245-47 (1935), and *Bd. of Comm'rs v. Hurley*, 169 F. 92, 97 (8th Cir. 1909)).) Therefore, Plaintiff argues, MBIA's Allowed Claim against RFC, for which Plaintiff now seeks indemnification, cannot be "reduced simply because another entity [like GMAC Mortgage or ResCap] may be co-liable." (*Id.*)

This federal bankruptcy principle, Plaintiff makes clear, aligns with Minnesota's prohibition on double recovery. Under state law, like under federal bankruptcy law, RFC may seek indemnity for the full amount of MBIA's Allowed Claim against it even if MBIA has received partial satisfaction from GMAC Mortgage and ResCap. (*Id.* at 3 (citing *Collins v. Farmers Ins. Exch.*, 135 N.W.2d 503, 507 (Minn. 1965)).) The only limit on MBIA's Allowed Claim is full satisfaction. Here, however, there is no "evidence in the record that MBIA has received a 'double recovery' (*i.e.*, more than what it is owed), whether from RFC, or GMAC,

4

ResCap, and RFC combined." (*Id*. at 4.) "Indeed," Plaintiff adds, "each of their bankruptcy estates have returned cents on the dollar to their creditors." (*Id*.)

Finally, Plaintiff concludes, this evidence fails to show, as a matter of law, that RFC was unreasonable in settling MBIA's claims against it for an Allowed Claim of $1.45 billion. "To the extent MBIA asserted joint and several liability claims against RFC, GMAC, and ResCap for losses on RFC-sponsored trusts," Plaintiff argues, "it is indisputable that a jury would have been able, as a matter of settled law, to find RFC liable for the full amount of the damages." (*Id*. (citing *Witzman v. Lehrman, Lehrman & Flom*, 601 N.W. 2d 179, 185-86 (Minn. 1999)).)

### III. Ruling

After further considering the parties' post-Summary Judgment briefing and argument on this matter, the Court concludes that the law precludes HLC from introducing this evidence. Although both *Ivanhoe* and Minnesota law prohibit "double recoveries," there is no risk of a double recovery in this case. Importantly, no evidence in the record indicates that MBIA had come anywhere close to receiving full satisfaction on its claims at the time of settlement, whether from RFC, ResCap, GMAC Mortgage, or some combination of the three, or has received such a recovery since. (*See* Pl.'s Letter at 4.) Moreover, at the time of settlement, MBIA appeared to hold all three parties jointly and severally liable for the alleged misconduct, leaving it free to pursue the entirety of its damages claim against RFC. (*See* HLC Letter Ex. 2 [Doc. No. 4547] ¶ 105 (excerpted Hawthorne Expert Rep.) ("MBIA asserted that each of the ResCap entities against which it asserted claims was jointly and severally liable,

5

on theories of aiding and abetting, for the entire amount of MBIA's losses on all securitizations.").)

Therefore, in this action, the law permits Plaintiff to seek indemnification from HLC for a portion of MBIA's full Allowed Claim against RFC, unhindered by any partial recoveries MBIA may have received from ResCap or GMAC Mortgage. *See, e.g.*, *Hurley*, 169 F. at 97 ("[T]he holder of a claim, upon which several parties are personally liable, may prove his claim against the estates of those who become bankrupt and may at the same time pursue the others at law, and, *notwithstanding partial payments after the bankruptcy by other [parties]* or their estates, he may recover dividends from each estate in bankruptcy upon the *full amount of his claim* at the time the petition in bankruptcy was filed therein *until from all sources he has received full payment* of his claim, but no longer.") (emphases added).

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that, under the Supreme Court's decision in *Ivanhoe* and the Eighth Circuit's decision in *Hurley*, HLC is precluded from arguing or introducing any evidence concerning MBIA's Proofs of Claim against GMAC Mortgage and ResCap, including argument that these Proofs of Claim render the MBIA settlement unreasonable, because such evidence is not relevant as a matter of law.

Dated: October 11, 2018                  __/s/ **Susan Richard Nelson**__
                                                                SUSAN RICHARD NELSON
                                                                United States District Judge