# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: RFC and RESCAP Liquidating Trust Action<br><br>*This document relates to*:<br><br>ResCap Liquidating Trust v. Home Loan Center, Inc., Case No. 14-cv-1716 (SRN/HB) | Case No. 0:13-cv-3451 (SRN/HB)<br><br>**ORDER RE: ADMISSIBILITY OF BILL CLEARY DEPOSITION TESTIMONY** |

SUSAN RICHARD NELSON, United States District Judge

In this Order, the Court addresses objections to Bill Cleary's videotaped deposition testimony. The parties submitted letters on this matter. (*Compare* HLC's Oct. 16, 2018 Letter [Doc. No. 4620] *with* ResCap's Oct. 16, 2018 Letter [Doc. No. 4621].) The Court also heard oral argument from both sides on October 15 and October 17. Furthermore, during the October 17 argument, ResCap noted its objection to Defendant's Exhibit 77 ("DX-77") on Rule 403 grounds.

The Court OVERRULES all objections to the videotaped deposition testimony of Bill Cleary, dated April 27, 2016, with the exception of the following excerpts. As to them, the Court SUSTAINS the objections:

1. 105:22 to 106:08
2. 121:10 to 123:08
3. 159:20 to 161:03

The videotaped depositions shall be edited to remove the question, objection, and answer to every sustained objection.

The Court disagrees with HLC's argument that portions of Mr. Cleary's testimony, at pages 51, 70, 145, and 305, should be excluded because his testimony relates to his "unexpressed subjective understanding about when the Client Guide applied." (HLC's Letter at 1.) First, Mr. Cleary was RFC's head of trading for non-prime products. This experience provides him with adequate foundation to testify about the bulk bid and contract negotiation process. Second, Mr. Cleary's testimony in these portions of his deposition concerns RFC's routine business practices, as does his testimony in the many portions of his deposition that HLC designated (and that ResCap objected to). This testimony is accordingly admissible under both Fed. R. Evid. 406 and Fed. R. Evid. 701, and is certainly relevant to the issues being tried before the jury. Indeed, ResCap's witnesses have already testified about RFC's routine business practices, after proper foundation had been laid, and HLC's witnesses will have the same opportunity in the future.

As a final matter, the Court OVERRULES ResCap's Rule 403 objection to DX-77, which is referenced in Mr. Cleary's deposition on 156:16 to 158:21. Mr. Cleary testifies that, although price is sometimes agreed to orally, "you follow up later with the details and the confirmations of those in writing." Any reference to this document in argument or on cross-examination (of any witness) must describe Mr. Cleary's statements in this context. Failure to do so would be both misleading and unfairly prejudicial under Fed. R. Evid. 403.

Dated: October 17, 2018
      **/s/ Susan Richard Nelson**
SUSAN RICHARD NELSON
United States District Judge