**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In Re: RFC and ResCap Liquidating Trust Litigation | No. 13-cv-3451 (SRN/HB) |
| This document relates to: <br><br> Residential Funding Company, LLC, Plaintiff <br><br> v. <br><br> Home Loan Center, Inc., Defendant | No. 14-cv-01716 (SRN/HB) |

**DEFENDANT HOME LOAN CENTER'S**
**<u>PROPOSED SPECIAL VERDICT FORM</u>**

## <u>PRELIMINARY STATEMENT</u>

Pursuant to the Court's request, Defendant Home Loan Center respectfully submits the following revised special verdict form.  Home Loan Center believes that the Court should employ the special verdict form that Home Loan Center submitted on October 2, 2018.  *See* ECF 4505.  Nonetheless, in light of the Court's rulings and reserving all rights for appeal, Home Loan Center submits the following revised special verdict from for the Court's consideration.

## DEFENDANT'S PROPOSED VERDICT FORM

I.  **Liability for Certain Categories of Loans**

    A.    Bulk Loans

Has the Plaintiff proven by a preponderance of the evidence that Home Loan Center and RFC agreed that the Client Guide would apply to loans sold in "bulk" packages?

Yes _____     No _____

If your answer is No, then Plaintiff may not recover indemnity with respect to "bulk" loans, and you should proceed directly to Part I.B. below.

If your answer is Yes, you must accept the Plaintiff's determinations that certain "bulk" loans in the Plaintiff's Home Loan Center sample breached representations and warranties in the Client Guide, and you should proceed to Part I.B. below.

    B.    POA Loans

Has the Plaintiff proven by a preponderance of the evidence that Home Loan Center and RFC agreed that the Client Guide would apply to pay option adjustable rate mortgage loans sold in 2006–2007 ("POA loans")?

Yes _____     No _____

If your answer is No, then Plaintiff may not recover indemnity with respect to POA loans, and you should proceed directly to Part II below.

If your answer is Yes, you must accept the Plaintiff's determinations that certain POA loans in the Plaintiff's Home Loan Center sample breached representations and warranties in Client Guide, and you should proceed directly to Part II below.

2

II.     **Allocation and Damages**

   A.     **MBIA Settlement**

   Has the Plaintiff proven to a reasonable degree of certainty what dollar amount of the MBIA Settlement, if any, should be allocated to claims against RFC resulting from breaches by Home Loan Center of representations and warranties in the Client Guide?

   Yes _____        No _____

   If your answer is No, the Plaintiff may not recover indemnity with respect to the MBIA Settlement.

   If your answer is Yes, specify the amount of the MBIA Settlement that resulted from breaches by Home Loan Center of representations and warranties in the Client Guide.  Your answer may not exceed $33,984,559, which are the damages alleged by the Plaintiff with respect to the MBIA Settlement:_____

   B.     **FGIC Settlement**

   Has the Plaintiff proven to a reasonable degree of certainty what dollar amount of the FGIC Settlement, if any, should be allocated to claims against RFC resulting from breaches by Home Loan Center of representations and warranties in the Client Guide?

   Yes _____        No _____

   If your answer is No, the Plaintiff may not recover indemnity with respect to the FGIC Settlement.

   If your answer is Yes, specify the amount of the FGIC Settlement that resulted from breaches by Home Loan Center of representations and warranties in the Client Guide.  Your answer may not exceed $819,906, which are the damages alleged by the Plaintiff with respect to the FGIC Settlement:_____

3

### C.    Syncora Settlement

Has the Plaintiff proven to a reasonable degree of certainty what dollar amount of the Syncora Settlement, if any, should be allocated to claims against RFC resulting from breaches by Home Loan Center of representations and warranties in the Client Guide?

Yes _____     No _____

If your answer is No, the Plaintiff may not recover indemnity with respect to the Syncora Settlement.

If your answer is Yes, specify the amount of the Syncora Settlement that resulted from breaches by Home Loan Center of representations and warranties in the Client Guide.  Your answer may not exceed $4,336, which are the damages alleged by the Plaintiff with respect to the Syncora Settlement:_____

### D.    Trust Settlement

Has the Plaintiff proven to a reasonable degree of certainty what dollar amount of the Trust Settlement, if any, should be allocated to claims against RFC resulting from breaches by Home Loan Center of representations and warranties in the Client Guide?

Yes _____     No _____

If your answer is No, the Plaintiff may not recover indemnity with respect to the Trust Settlement.

If your answer is Yes, specify the amount of the Trust Settlement that resulted breaches by Home Loan Center of representations and warranties in the Client Guide.  Your answer may not exceed $5,842,270, which are the damages alleged by the Plaintiff with respect to the Trust Settlement:_____

_____
Foreperson

Dated: _____

4

Dated: November 6, 2018

Respectfully submitted,

ZELLE LLP

By: */s/ Elizabeth V. Kniffen*
  Daniel Millea, #0245963
  Elizabeth V. Kniffen, #0346329
  Rory Zamansky, #0330620
  500 Washington Avenue South
  Suite 4000
  Minneapolis, MN 55415
  Telephone: (612) 339-2020
  Facsimile: (612) 336-9100
  dmillea@zelle.com
  ekniffen@zelle.com
  rzamansky@zelle.com

WILLIAMS & CONNOLLY LLP
  R. Hackney Wiegmann (*pro hac vice*)
  Matthew V. Johnson #0324875
  Jesse T. Smallwood (*pro hac vice*)
  725 Twelfth Street, N.W.
  Washington, DC 20005
  Telephone: (202) 434-5000
  Facsimile: (202) 434-5029
  hwiegmann@wc.com
  mjohnson@wc.com
  jsmallwood@wc.com

*Attorneys for Defendant Home Loan Center, Inc.*