**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In Re: RFC and RESCAP Liquidating Trust Action<br><br>*This document relates to*:<br><br>ResCap Liquidating Trust v. Home Loan Center, Inc., Case No. 14-cv-1716 (SRN/HB) | Case No. 13-cv-3451 (SRN/HB)<br><br><br>**FINAL JURY INSTRUCTIONS** |

**Instruction No. 1**

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. Now I am going to give you some additional instructions.

You have to follow all of my instructions – the ones I gave you earlier, as well as those I give you now. Do not single out some instructions and ignore others, because they are all important. This is true even though I am not going to repeat some of the instructions I gave you at the beginning of the trial.

You will have copies of all of the instructions in the jury room. Remember, you have to follow all my instructions.

**Instruction No. 2**

I have not intended to suggest what I think your verdict should be by any of my rulings or comments during the trial.

**Instruction No. 3**

As I previously instructed you, the evidence from which you will decide the facts will consist of the testimony of witnesses, documents, and other things received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that the court may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them for you now:

1. Statements, arguments, and questions by lawyers are not evidence.

2. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If I sustained an objection to a question or exhibit, you must ignore the question or the exhibit and should not try to guess what the information might have been. If I overruled the objection, that means you should consider that evidence. However, you should not give more weight to testimony a witness gives after an objection has been overruled. Do not draw any conclusions from the question itself or the fact that I overruled the objection.

3. Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence and must not be considered.

4. Anything that you see or hear outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs, and instruct you on the purposes for which the item of evidence can and cannot be used.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. You may consider both kinds of evidence. The law makes no distinction between the weight to be given to direct or circumstantial evidence.

During the trial, I sometimes spoke with the lawyers out of your hearing, either by having a bench conference or "sidebar" while you were present in the courtroom, or by calling a recess. The purpose of these conferences was to decide how certain evidence was to be treated under the rules of evidence and then to make certain that nothing will come before you which might jeopardize the fairness of the trial or which might be improper for you to hear under the rules of law that govern jury trials.

From the evidence, you will decide what the facts are. You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life. You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict. You are the sole judges of the facts; but you must follow the law as stated in my instructions, whether you agree with it or not.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness's present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness's other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things. You will have to decide whether a

4

contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood; that may depend on whether it has to do with an important fact or only a small detail.

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists as to those whom we call "expert witnesses." Witnesses who, by education and experience, have become expert in some art, science, profession, or calling, may state their opinions as to relevant and material matters, in which they profess to be expert, and may also state their reasons for the opinion.

You should consider each expert opinion received in evidence in this case, and give it such weight as you may think it deserves. You should also consider the reasons the witness gives for the opinion and the witness's source of information. If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

As I previously instructed you, testimony may be presented through a deposition. A deposition contains the sworn, recorded answers to questions asked of the witness in advance of the trial. At trial, the parties presented the testimony of certain witnesses by showing you excerpts of videotaped recordings of the deposition testimony. Such testimony is entitled to the same consideration as live testimony. You should judge its believability and weight and otherwise consider the testimony in the same way as if the witness had been present, and had testified from the witness stand.

~~You heard evidence in this case concerning proofs of claim that were filed in the Bankruptcy Court. As I previously instructed you, allegations made in a proof of claim are not evidence that the allegations are true and you must not consider them for their truth. A proof of claim reflects only mere accusations against another party. In this case you may consider them only as evidence of some of the information that was available to the parties at the time of the bankruptcy settlements, and for no other purpose.~~

**Defendant's Objection: HLC objects to the language stricken in redline above. HLC respectfully submits that the instruction is extraneous and confusing in light of the Court's ruling granting Plaintiff's motions for judgment as a matter of law on the reasonableness and good faith of the bankruptcy settlements.**

### Instruction No. 4

This is a civil case. You will have to decide whether certain facts have been proved by what is called the preponderance of the evidence. A fact has been proved by the preponderance of the evidence if you find that the fact is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than the preponderance of the evidence. It applies in criminal cases, but not in this civil case; so put it out of your mind.

### Instruction No. 5

6

As you have heard, the Liquidating Trust's claim against HLC is for contractual indemnification. Contractual indemnification is an agreement to pay another party for losses and liabilities that it incurred, in accordance with the terms of that agreement.

To establish its indemnification claim, the Liquidating Trust must prove each of the following by a preponderance of the evidence:

*First*, the Liquidating Trust must prove that the parties agreed that the Client Guide applied to <ins>the loans sold by HLC to RFC for which the Liquidating Trust seeks indemnification</ins> <del>some or all of the loans sold by HLC at issue</del> in this case. <ins>I will refer to those loans as the at-issue loans.</ins> To meet <del>this</del> <ins>its</ins> burden, the Liquidating Trust must establish that RFC and HLC entered into an agreement for HLC to sell RFC at-issue loans that incorporated the Client Guide. An agreement is a manifestation of mutual assent. A manifestation of mutual assent may be made orally, in writing, by the actions of the parties, or by a combination of all three.

<ins>HLC disputes that the Client Guide applied to two categories of at-issue loans: (1) loans sold in "bulk" packages; and (2) pay option adjustable rate mortgage loans sold in 2006-2007 ("POA loans"). If the Liquidating Trust does not sustain its burden of proof as to either of these categories of loans, then the Liquidating Trust may not seek indemnity with respect to loans in that category.</ins>

**Defendant's Objection:  The Court's instruction fails to define the "loans sold by HLC at-issue in this case" or specify the categories of loans that are disputed.**

*Second*, for the loans sold by HLC to RFC under the Client Guide, the Liquidating Trust must show that HLC breached representations and warranties contained in the

7

Client Guide. As I previously instructed you, the Court has already determined that, under the Client Guide, the Liquidating Trust has the exclusive right to declare, in its sole discretion, whether loans sold to RFC by HLC breached the representations and warranties in the Client Guide. Thus, <u>if you determine that a loan or category of loans is governed by the Client Guide and</u><s>if</s> the Liquidating Trust says <u>the</u> <s>a</s> loan breached the representations and warranties in the Client Guide, you must accept that statement as fact.

**Defendant's Objection:   The Court's instruction is ambiguous because it fails to specify that the jury should only reach this step of the analysis if the jury determines that a loan or category of loans is governed by the Client Guide.**

*Third*, the Liquidating Trust must prove that HLC's breaches of the Client Guide representations and warranties were a contributing cause of the claims the RMBS Trusts and Monoline Insurers brought against RFC in its bankruptcy proceeding; claims that were eventually settled. Because the Court has already ruled, as a matter of law, that the Liquidating Trust has met its burden of proving contributing cause, you must accept this element as proven.

*Fourth*, the Liquidating Trust must prove that the bankruptcy settlements for which it seeks indemnification were reasonable and prudent, and entered into in good faith. Because the Court has already ruled, as a matter of law, that the Liquidating Trust has met its burden of proving reasonableness and good faith, you must also accept this element as proven.

*Fifth*, if the Liquidating Trust proves a right to indemnification, then it must prove what amount, if any, it may recover from HLC. To do so, the Liquidating Trust must

prove, to a reasonable degree of certainty, what amount of the liabilities and losses it settled in the bankruptcy are attributable to HLC's breaches of Client Guide representations and warranties. ~~However, T~~the Liquidating Trust need not prove this with precision, but it must present a non-speculative basis for proving damages ~~not prove this amount to a level of mathematical precision~~.

**Defendant's Objection: The term "a level of mathematical precision" is ambiguous. Defendant's proposed instruction would adopt language from *UnitedHealth Grp. Inc. v. Exec. Risk Specialty Ins. Co*., 870 F.3d 856, 863 (8th Cir. 2017).**

**Defendant's Authorities:** *UnitedHealth Grp. Inc. v. Exec. Risk Specialty Ins. Co.*, 870 F.3d 856, 864–66 (8th Cir. 2017); *UnitedHealth Grp. Inc. v. Columbia Cas. Co.*, 47 F. Supp. 3d 863, 877–80 (D. Minn. 2014).

## Instruction No. 6

A corporation acts only through its agents or employees, and any agent or employee of a corporation may bind the corporation by acts and statements made while acting within the scope of his or her actual or apparent authority, or within the scope of his or her duties as an employee of the corporation.

There are two basic types of authority: actual authority and apparent authority. Actual authority is authority that a corporation actually grants an agent or employee, whether expressly or through implication. Apparent authority is the power held by an agent or employee to bind the corporation in dealings with another party when the other party reasonably believes the agent or employee has authority to act on behalf of the corporation and that belief can be traced to the corporation's words or conduct.

**Defendant's Authorities:** Eighth Circuit Model Civil Instruction § 5.23 (2018) (modified); Restatement (Third) of Agency §§ 2.01, 2.03 (2006); *Powell v. MVE Holdings, Inc.*, 626 N.W.2d 451, 457–58 (Minn. Ct. App. 2001).

[Formatted: Font: Not Bold, No underline]

**Instruction No. 7**

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be the truth, because all jurors have to agree on the verdict.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But, do not come to a decision just because other jurors think it is right, or just to reach a verdict. Remember you are not for or against any party. You are judges – judges of the facts. Your only job is to study the evidence and decide what is true.

*Third*, if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the bailiff and I will answer you as soon as I can, either in writing or here in court. While you are deliberating, do not tell anyone – including me – how many jurors are voting for any side.

*Fourth*, your verdict must be based only on the evidence and on the law I have given to you in my instructions. Nothing I have said or done was meant to suggest what I think your verdict should be. The verdict is entirely up to you.

*Finally*, the verdict form is your written decision in this case. You will take this form to the jury room, and when you have all agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.