# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: RFC and RESCAP Liquidating Trust Action<br><br>*This document relates to*:<br><br>*ResCap Liquidating Trust v. iServe Residential Lending, LLC as successor to United Residential Lending LLC*, Case No. 13-cv-3531 (SRN/HB) | Case No. 0:13-cv-3451 (SRN/HB)<br><br>**ORDER RE: PLAINTIFF'S REQUEST TO STRIKE DEFENDANT iSERVE'S JURY TRIAL DEMAND** |

SUSAN RICHARD NELSON, United States District Judge

For the following reasons, the Court grants Plaintiff's[1] request to strike Defendant iServe's jury demand. This action will be tried to the Court.

## I.   BACKGROUND

On August 25, 2004, Plaintiff and Defendant's predecessor companies signed a three-page "client contract" in which both parties agreed to, among other things, "fully waive any right to trial by jury to the extent that any such right now exists or arises after the date of this Contract." (Dec. 7, 2018 Letter [Doc. No. 4752] Ex. A § 15 ("Client Contract").) Moreover, the parties agreed, "this waiver of the right to trial by jury . . . is intended to encompass each instance and each issue for which the right to trial by jury would otherwise apply." (*Id*.) The Contract further stated that either party may submit "this Contract" "to any court having

---

[1]   On December 11, 2018, the parties stipulated that ResCap Liquidating Trust is the sole Plaintiff in this case. (*See* Doc. No. 4760.) The Court will therefore use the singular "Plaintiff" in this Order.

jurisdiction over the subject matter" "as conclusive evidence of this waiver." (*Id.*) This waiver is in bold lettering and sits in a stand-alone paragraph titled "Waiver of Jury Trial."

On December 15, 2013, Plaintiff sued Defendant for breach of contract, and for contractual indemnification. (*See* Case No. 13-cv-3531 Compl. [Doc. No. 1].) The Complaint did not include a jury trial demand. However, notwithstanding the aforementioned waiver, Defendant included a demand for "a jury trial on all issues so triable" in its Answer to this Complaint, as well as in its Answer to Plaintiff's Second Amended Complaint. (*See* Case No. 13-cv-3531 An. [Doc. No. 75]; Case No. 13-cv-3451 An. to Second Am. Compl. [Doc. No. 1188].)

In January 2015, Defendant iServe's case was consolidated with dozens of other cases brought by Plaintiff against similarly-situated mortgage lender defendants, for pre-trial purposes. As the consolidated action proceeded through discovery and motion practice, Plaintiff did not move to strike Defendant's jury trial demand. Indeed, neither party raised the issue of bench trial versus jury trial at all. However, as this individual case neared trial, Plaintiff discovered that Defendant would not consent to a bench trial.

As such, on December 7, 2018, Plaintiff moved to strike Defendant's jury trial demand. (*See* Dec. 7, 2018 Letter.)[2] Put simply, Plaintiff argues that Defendant "contractually waived its right to a jury trial," and, under numerous cases applying Federal Rule of Civil Procedure 39, a party's "prior jury demand may be stricken at any time." (*Id.* at 1-3.) Defendant, in contrast, argues that, because "the parties and the Court have consistently

---

[2] Plaintiff made this motion by way of a joint letter, in which both parties detailed their respective positions.

conducted themselves on the assumption that this case would be heard by a jury," "it is too late now for [Plaintiff] to seek enforcement of a contractual jury waiver." (*Id*. at 3-4.)

## II. RULING

The Court agrees with Plaintiff. Defendant's argument that Plaintiff "waived its right to enforce the jury waiver" lacks legal support. (*Id*. at 3.) For one, it is black-letter law that a party may "knowingly and voluntarily" waive its Seventh Amendment right to trial by jury by contract, just as the parties did here. *See Nw. Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 373 F.2d 136, 142 (8th Cir. 1967) ("[I]t is . . . well-settled that a right to a jury trial may be waived."). Moreover, numerous courts have held that a party that has contracted for a waiver of its jury trial right may move to strike a jury trial demand "at any time, even on the eve of trial." *See, e.g.*, *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 312, 226-27 (3d Cir. 2007) (upholding motion to strike jury demand based on contractual waiver "a few weeks before trial" and noting that "a party may file a motion to strike a jury demand at any time under Fed. R. Civ. P. 39(a)"); *Mowbray v. Zumot*, 536 F. Supp. 2d 617, 621 (D. Md. 2008) (determining, approximately one month before trial, that case would proceed as a bench trial based on contractual waiver and stating that "it is well-established that a party (or the Court on its own initiative) may move to strike a jury demand at any time, even on the eve of trial"); *accord United States v. Schoenborn*, 860 F.2d 1448, 1455 (8th Cir. 1988) (upholding a court's decision to strike a jury demand "the day before trial," on grounds that the defendant had "no constitutional or statutory right to a jury trial" in an equitable action brought by the government); Dec. 7, 2018 Letter at 2-3 (citing numerous other cases).

3

Defendant does not cite any case law to the contrary.[3] Rather, Defendant suggests that the Court should "exercise its discretion" "[i]n the particular circumstances of this case," and find Plaintiff's motion to strike untimely. (Dec. 7, 2018 Letter at 4.) Specifically, Defendant argues that Plaintiff's delay in moving to strike prejudiced it. For instance, Defendant notes that, because it believed this case would be tried before a jury, it "devised its litigation strategy" on that assumption and "refrain[ed] from offering certain expert witnesses it feared might unduly confuse a jury." (*Id.*) Defendant does not offer any more specific examples of prejudice.

Here, Plaintiff and Defendant, both sophisticated financial entities, knowingly and voluntarily contracted away their Seventh Amendment jury trial rights. And Plaintiff has never expressly relinquished that right. The Court is therefore dutybound to uphold the parties' contractual waiver, even with discovery complete and trial scheduled for early next year. Moreover, to the extent the timeliness of Plaintiff's Rule 39 motion is a matter for the Court's discretion, the Court finds that, under the unique circumstances of this consolidated action, Plaintiff did not substantially prejudice Defendant by waiting to bring this motion. The Client Contract makes plain that Plaintiff's motion to strike has been a possibility since the onset of this action. Defendant should have "devised its litigation strategy" accordingly. (*Id.* at 4.) To paraphrase a fellow District Court's observation in an analogous situation, it was not reasonable to "assum[e]," even following years of discovery, "that [Plaintiff] had by its

---

[3] Although Defendant cites general Minnesota state law holding that a contractual right may be waived by "unreasonable delay in asserting the right," it does not cite any case law addressing the specific circumstance at issue here. (*See* Dec. 7, 2018 Letter at 3 (citing *Winters v. Kiffmeyer*, 650 N.W.2d 167, 170 (Minn. 2002)).)

silence on the subject acquiesced in a jury trial . . . given the waiver [Plaintiff] bargained for, obtained, and never stated was relinquished." *Bear Stearns Funding, Inc. v. Interface Group-Nevada, Inc.*, No. 03-cv-8259 (CSH), 2007 WL 3286645, at *5 (S.D.N.Y. Nov. 7, 2007) (granting motion to strike jury demand two-and-a-half years after jury demand asserted).

For these reasons, Plaintiff's motion to strike Defendant iServe's jury demand [Doc. No. 4752] is **GRANTED**. This action will be tried to the Court.

Dated:  December 20, 2018                 **/s/ Susan Richard Nelson**
SUSAN RICHARD NELSON
United States District Judge