**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In Re: RFC and ResCap Liquidating Trust Litigation | Court File No. 13-cv-3451 (SRN/HB) |
| *This document relates to:*<br><br>ResCap Liquidating Trust v. Freedom Mortgage Corp., No. 14-cv-5101 | **ORDER** |

This matter came before the Court on Plaintiff ResCap Liquidating Trust's letters [Doc. Nos. 4797 & 4804] requesting the setting of briefing schedules on certain outstanding issues in advance of the January 31, 2019 Case Management Conference, and Defendant Freedom Mortgage Corp.'s response [Doc. No. 4801]. After reviewing the parties' submissions, **IT IS HEREBY ORDERED**:

1. Plaintiff's anticipated motions *in limine* to preclude certain categories of evidence, discussed in Plaintiff's December 6, 2018 letter [Doc. No. 4745] shall be due on or before **January 7, 2019**. Defendant Freedom Mortgage Corp. ("Freedom") shall file any opposition memoranda to Plaintiff's motions *in limine* by **January 24, 2019**. The Court will hear oral argument on the motions at the January 31, 2019 Case Management Conference.

2. The parties are permitted to submit simultaneous supplemental *Daubert* briefs addressing the impact of developments occurring after the initial briefing of the parties' *Daubert* motions. Each side's brief shall be limited to no more than eight double-

spaced pages and must be filed by **January 7, 2019**.[1] The Court will consider these issues at the January 31, 2019 Case Management Conference.

3. Plaintiff's request for leave to file targeted defendant-specific summary judgment motions is **GRANTED in part and DENIED in part.**

    a. **Application of the Client Guide**

Absent a factual record at this time, the Court will not consider a summary judgment motion on the application of the Client Guide to Defendant's at-issue loans.

    b. **Reasonableness and Good Faith of the Settlements**

Freedom agrees that it will not claim or otherwise argue at trial that RFC settled the claims against it in bad faith or for an unreasonable amount. (Def.'s Dec. 26, 2018 Letter at 4 [Doc. No. 4801].) Absent a stipulation, however, Plaintiff must present evidence at trial to establish that the settlements were reasonable and made in good faith. If Freedom will not enter a stipulation, the Court will entertain a summary judgment motion on this issue.

    c. **Equitable Estoppel**

Freedom bears the burden of establishing the affirmative defense of equitable estoppel. Much like the proffer required of HLC, the Court will require Freedom to make a proffer at the January 31, 2019 Case Management Conference of the evidence that it intends to offer at trial in support of this defense.

---

[1] The parties agreed to a January 4, 2019 submission date, but given the close proximity of January 4, the Court extends the deadline to January 7.

**SO ORDERED**.

BY THE COURT:

Dated: January 2, 2019

<u>s/Susan Richard Nelson</u>
SUSAN RICHARD NELSON
United States District Judge