# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: RFC and ResCap Liquidating Trust Action<br><br>*This document relates to*:<br><br>*ResCap Liquidating Trust v. Primary Residential, Mortg., Inc.*, Case No. 16-cv-4070 (SRN/HB) | Case No. 13-cv-3451 (SRN/HB)<br><br>**ORDER RE: PRMI'S MOTION FOR A JURY TRIAL** |

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on PRMI's motion for a jury trial under Fed. R. Civ. P. 39(b). For the following reasons, the Court denies the motion.

## I. BACKGROUND

On December 2, 2016, Plaintiff ResCap Liquidating Trust ("ResCap") sued Defendant Primary Residential Mortgage, Inc. ("PRMI") for breach of contract and for indemnification. (*See* Compl., Case No. 16-cv-4070 [Doc. No. 1].) The lawsuit was part of a "second wave"[1] of lawsuits that ResCap filed against mortgage lender defendants, based on residential mortgage-backed securities transactions that occurred in the run-up to the 2008 financial crisis. ResCap did not request a jury trial in its Complaint.

---

[1]  The 73 lawsuits filed by ResCap between 2013 and 2014 were deemed "first wave" lawsuits. By contrast, the ten lawsuits filed by ResCap in late 2016 and early 2017, including its suit against PRMI, were deemed "second wave" lawsuits. Although "first wave" cases proceeded on a different timeline than "second wave" cases, both sets of cases were nonetheless treated as part of the same consolidated "ResCap litigation."

The Court Clerk's office received ResCap's Complaint, and, in line with its typical practice, randomly assigned the case to a judge of this District, Senior District Court Judge David S. Doty. In light of the fact that ResCap's lawsuit against PRMI was related to the ongoing RFC and ResCap Liquidating Trust consolidated litigation in this District, *see generally* Case No. 13-cv-3451, almost immediately after initially assigning the case to Judge Doty, the Clerk's office then reassigned the case to the undersigned. The Clerk's office noted the reassignment with the following docket entry: "Case reassigned to Judge Susan Richard Nelson and Magistrate Judge Hildy Bowbeer for *all further proceedings* In Re: RFC and RESCAP Liquidating Trust Litigation. Senior Judge David S. Doty, Magistrate Judge Becky R. Thorson no longer assigned to case." (*See* PRMI Clarification Letter [Doc. No. 2103], Ex. C (emphasis added).)

Shortly thereafter, on January 6, 2017, PRMI's counsel[2] filed a "clarification letter" requesting that the docket entry be corrected to accord with the then-prevailing "Consolidation Order" in the wave one litigation. (*Id.*) That is, PRMI requested that the docket entry be clarified to state that its case was only consolidated with the other ResCap matters for "pretrial purposes," that the undersigned's involvement in the case was solely on a "temporary basis," and that, when the time came for summary judgment and trial, the case would be "transferred back to" Judge Doty. (*Id.*; *accord* PRMI Consolidation Order at 2-3 ("[PRMI's case] will hereby be consolidated before Judge Susan Richard Nelson and

---

[2] As will be noted again below, PRMI's counsel, *i.e.*, Matthew V. Johnson and his colleagues at the law firms of Williams & Connolly LLP and Zelle LLP, were then counsel to two other defendants already included in the consolidated litigation: Home Loan Center, Inc., and Decision One Mortgage, Inc.

2

Magistrate Judges Jeffrey J. Keyes and Hildy Bowbeer for all pretrial purposes, including the coordination of all discovery matters, settlement discussions, non-dispositive motions and dispositive motions, other than summary judgment and trial. . . . At such time as Judge Susan Richard Nelson deems appropriate, the cases will be transferred back to their original District Judge and Magistrate Judge for summary judgment, if appropriate, and trial.").)

A few weeks later, on January 23, 2017, the Court amended the December 2, 2016 docket entry to reflect the Consolidation Order, as PRMI requested. (*See* Case No. 16-cv-4070 [Doc. No. 5] ("AMENDED Administrative Order consolidating In Re: RFC and ResCap Liquidating Trust Litigation cases, *for pretrial purposes*, into Civil File No. 13-cv-3451 (SRN/HB). All consolidated cases are reassigned, *on a temporary basis*, to Judge Susan Richard Nelson and Magistrate Judge Hildy Bowbeer.") (emphasis added).)

"In reliance on" this amended docket entry (PRMI Br. in Support of Jury Trial [Doc. No. 5114] ("PRMI Br.") at 4), PRMI then made the strategic decision to forgo its Seventh Amendment right to a civil jury trial, and instead pursue a bench trial. (*See* PRMI An. [Doc. No. 2156] (containing no demand for a jury trial); *see also* Fed. R. Civ. P. 38(c) ("A party waives a jury trial unless its demand is properly served and filed," *i.e.*, "no later than 14 days after the last pleading directed to the issue is served").)

As "wave one" of the consolidated litigation proceeded through 2017 and 2018, however, the judges of this District determined that, for a variety of reasons, the undersigned should preside over all remaining cases through summary judgment and trial. Indeed, at multiple case management conferences between July 2017 and August 2018, this Court kept the parties fully apprised of the bench's decision in this regard. (*See, e.g.*, May 18, 2017 Hr'g

3

Tr. [Doc. No. 2621] at 47-48 (announcing the Court would be handling all "common-issue summary judgment motions," regardless of original case assignments); July 20, 2017 Hr'g Tr. [Doc. No. 2718] at 103-04 (clarifying that, "I think the bench is going to reasonably expect here that I will try the first case"); Aug. 24, 2017 Hr'g Tr. [Doc. No. 2758] at 32-34 (expanding upon the Court's earlier statement, and noting that, in response to the "guidance from the bench," the Court would be trying at least the first three cases); Aug. 23, 2018 Hr'g Tr. [Doc. No. 4338] at 231 (acknowledging that "at the beginning, the deal with the bench was that I was going to give [the cases] back to my colleagues for summary judgment and trial," but "now I have them through summary judgment and trial"); *see also* ResCap Br. in Opp. to Jury Trial Demand [Doc. No. 5122] ("ResCap Br.") at 4-7 (collecting additional citations).)

Although PRMI's counsel was present at these case management conferences and the related proceedings (by virtue of their related representations, *see supra* n.2), PRMI never sought to re-assert its Seventh Amendment right to a jury trial at the time. Rather, PRMI remained silent, even as the Court entertained consolidated argument on summary judgment and *Daubert* motions in mid-June 2018, and then rendered a 182-page "common issues" summary judgment order two months later. More striking still, PRMI remained silent as this Court and the parties spent the fall of 2018 preparing for the first (and, to date, only) trial in the consolidated ResCap litigation: the Home Loan Center ("HLC") jury trial. (*See generally* HLC Attorneys' Fees Decision [Doc. No. 5132] at 10-11 (noting the numerous HLC pre-trial conferences the Court held from August through October 2018).) This silence was notable because PRMI was represented by the same counsel as HLC (*see supra* n.2), and because

4

HLC, like PRMI, was originally supposed to return to a different judge in this District for summary judgment and trial, Judge Donovan W. Frank. Yet, in line with the discussions at the case management conferences, it did not. Thus, by the start of the HLC trial in mid-October 2018, PRMI's counsel understood that PRMI's trial would be handled by the undersigned.

The Court then presided over the HLC trial, from October 15 to November 7, 2018. Along the way, the Court resolved evidentiary disputes, heard witness testimony, and instructed the jury on the law. At the end of the trial, after the Court had rendered decisions on several pre-verdict motions for judgment as a matter of law, the jury deliberated and returned a $28.7 million verdict in favor of ResCap. Again, at no point during the HLC trial did PRMI suggest that it, too, wanted a jury trial.

On May 9, 2019, however, after the conclusion of the HLC trial, and near the close of fact discovery for the (two remaining) "second wave" cases, PRMI's counsel informed the Court, for the first time, that PRMI understood that its case would return to Judge Doty for summary judgment and a bench trial. (*See* May 9, 2019 Hr'g Tr. [Doc. No. 5105] at 70-71.) PRMI based this belief solely on the two-year-old, January 23, 2017 amended administrative docket entry. (*Id*.) After being reminded that the bench had long ago determined that it would be most efficient for the undersigned to oversee the few remaining ResCap cases through trial,[3] PRMI's counsel announced, "in that case, [PRMI will] also be filing a jury trial demand." (*Id*. at 72.)

---

[3] By this point in time, all the first wave lawsuits, and all but two of the second wave lawsuits, had settled.

PRMI filed its motion and accompanying brief shortly thereafter. (*See* PRMI Br.) ResCap filed a brief in opposition. (*See* ResCap Br.) The Court then entertained oral argument at the July 11, 2019 case management conference.

## II. DISCUSSION

### A. The Law

In civil actions like this one, the Seventh Amendment to the U.S. Constitution guarantees litigants the right to a jury trial. *See* U.S. Const., amend. VII ("In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved."); *accord* Fed. R. Civ. P. 38(a). However, "[i]t long has been settled, by an impressive array of precedents, that . . . this right, like other constitutional rights, can be waived by the parties by nonassertion." 9 Wright & Miller, Federal Practice and Procedure § 2321 (3d ed.) (hereinafter "Wright & Miller"). More specifically, according to the Federal Rules of Civil Procedure, if a party does not request a jury trial within 14 days of receiving a pleading, the party waives their right to a jury trial as to any issues raised in that pleading. *See generally id.*; *accord* Fed. R. Civ. P. 38(d). If such a waiver occurs, the issue will then be resolved by a "bench trial." In a bench trial, a judge, rather than a jury, serves as the "finder of fact," with respect to both liability and damages.

Of course, this rule, like many rules, has exceptions. That is, even if a party does not "properly demand" a jury trial under Fed. R. Civ. P. 38, the Court may, "on motion," "order a jury trial on any issue for which a jury trial might have been demanded," under Fed. R. Civ. P. 39(b). It is undisputed that district courts have broad discretion to grant or deny such motions. *See Spear v. Dayton's*, 771 F.2d 1140, 1144 (8th Cir. 1985). It is less clear, however,

6

what legal principles a court should rely on in exercising that discretion. *See generally* Wright & Miller § 2334 (canvassing the "wide divergence of views on how a court should exercise its discretion to grant relief from the time requirement on a motion under Rule 39(b)").

In this Circuit, for instance, courts have, at times, emphasized that, "when the discretion of the court is invoked under Rule 39(b), the court should grant a jury trial in the absence of strong and compelling reasons to the contrary." *Cooperman v. R.G. Barry Corp.*, 141 F.R.D. 132, 136 (D. Minn. 1992) (quoting *First Wisconsin Nat'l Bank of Rice Lake v. Klapmeier*, 526 F.2d 77, 80 (8th Cir. 1975)). At other times, however, the Eighth Circuit has suggested that, if a party requests a jury trial after having plainly waived that right, the request should only be granted if the party offers a reasonable "justification" for their delay, or explains how they would be "prejudiced" by having their claims heard at a bench trial, rather than a jury trial. *See, e.g.*, *Shelton v. Consumer Prods. Safety Comm'n*, 277 F.3d 998, 1011 (8th Cir. 2002) (affirming denial of Rule 39(b) motion where the moving party "offered no justification for their failure to timely demand a jury trial"); *Littlefield v. Fort Dodge Messenger*, 614 F.2d 581, 585 (8th Cir. 1980) (affirming denial of Rule 39(b) motion where the party offered "no justification for the failure to make an appropriate demand other than inexperience," and "pointed to no prejudice resulting from denial"). And, at still other times, district courts within the Eighth Circuit have reviewed Rule 39(b) motions under an unweighted five-factor balancing test adopted from the Fifth and Eleventh Circuits. *See, e.g.*, *Microsoft Corp. v. Ion Tech. Corp.*, No. 05-cv-1935 (JNE/SRN), 2006 WL 2085429, at *4-5 (D. Minn. July 25, 2006) (collecting citations).

7

Regardless of the specific rules governing Rule 39(b), however, it appears that, in practice, most district courts across the country, including those in this Circuit, simply "approach each application under Rule 39(b) with an open mind and an eye to the factual situation in that particular case, rather than with a fixed policy against granting the application or even a preconceived notion that applications of this kind usually are to be denied." Wright & Miller § 2334; *accord Littlefield*, 614 F.2d at 585 (quoting this language).

### B. Analysis

Here, there is no dispute that, for strategic reasons, PRMI intentionally waived its right to a jury trial at the outset of this case. There is also no dispute that PRMI had no intention of requesting a jury trial until it confirmed that the undersigned, rather than Judge Doty, would preside over a bench trial in this case. Thus, the question is whether the fact that the undersigned will preside over the PRMI trial (as opposed to Judge Doty) offers a fair justification to excuse PRMI's intentional, and longstanding, waiver of its jury trial rights. Because answering that question in the affirmative risks setting a dangerous precedent, especially for judges overseeing any group of related cases or any kind of consolidated litigation, and because PRMI does not offer any other justification for its delay, the Court denies PRMI's motion. The Court reaches this conclusion for three reasons.

*First*, as an initial matter, given PRMI's counsels' longstanding involvement in the consolidated litigation, PRMI's delay in bringing this motion was inexcusable. As the Court noted above, PRMI's counsel understood at least by the onset of the HLC trial (if not earlier than that) that the undersigned would handle its case for summary judgment and a bench trial. Moreover, PRMI's delay was not only inexcusable in its own right, but it also caused genuine

8

prejudice to ResCap. For example, as ResCap explained at the hearing and in its briefing, it identified its experts and prepared its expert reports with the understanding that its case would be tried to the bench. (*See, e.g.*, ResCap Br. at 16-17.)[4]

***Second***, even if the Court credited PRMI's assertion that it did not understand that this Court would preside over its bench trial until May 9, the *only* reason PRMI offers as to why this revelation matters is its extraordinary claim that, due to a potential overlap of certain witnesses and issues between this trial and the HLC trial, it is impossible for *this* Court (but not a different judge) to render a "fair and impartial assessment of the witnesses and evidence central to its case uninfluenced by the Court's previous experience with these witnesses." (PRMI Br. at 8.)

The Court well understands that the legitimacy of the federal court system depends on litigants knowing that their claims are being reviewed by a fair and impartial fact finder. However, there is no good reason to assume that a judge, having presided over a *jury* trial in one related case (where it did *not* make credibility determinations), cannot then "fairly and impartially" preside over a bench trial in a second related case. If anything, precedent from

---

[4] PRMI's delay was problematic on a deeper level, too. That is, by waiting to bring its motion until it did, *i.e.*, *after* the HLC trial, PRMI arguably suggested that it was "testing the waters" with a jury trial before a judge of this District (by observing the related HLC trial) before then deciding if it wanted to have a bench trial before that judge. Such conduct would be akin to "judge shopping," which, of course, has no place in the federal court system. *See Kahn v. General Motor Corp.*, 865 F. Supp. 210, 214 (S.D.N.Y. 1994) ("It is a basic proposition that all district judges are equal and that litigants have no right to choose a particular judge once a case has been filed."). Although the Court is confident neither PRMI nor its own counsel had any intention of engaging in such impermissible conduct, PRMI could have avoided this perception entirely by raising this issue at an earlier date than it did.

the recusal context strongly suggests that "on-the-job" interactions with a witness in one case does not, in any way, prevent a federal judge from fairly and impartially considering that witness's testimony in a second case. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."); *see, e.g.*, *United States v. Sammons*, 918 F.2d 592, 598-99 (6th Cir. 1990) (holding that a judge who previously presided over a criminal trial and sentencing of a defendant was not required to recuse himself from a subsequent bench trial involving the same defendant).[5]

***Third***, there is simply no doubt that this matter can be tried before the Court without prejudice to PRMI's rights as a litigant. (*See* PRMI Br. at 6-8 (relying almost exclusively on the prior argument as evidence of the prejudice it will suffer if this case were tried before a judge).) Indeed, if the HLC trial is any indication, PRMI may well be able to present *more* favorable evidence to the finder of fact in a bench trial than in a jury trial. *See, e.g.*, *In re: RFC and ResCap Liquidating Trust Litig.*, 2018 WL 4929394, at *1 (D. Minn. Oct. 11, 2018) (excluding evidence from HLC trial on Rule 403 grounds, and observing that "the Court must be more attuned to the 'danger[s] of . . . unfair prejudice, confusing the issue, misleading the

---

[5] In fact, if this Court felt it could not fairly and impartially preside over a bench trial in this case, federal law requires it to acknowledge its impartiality, and recuse itself accordingly. *See* 28 U.S.C. § 455(a) ("Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.").

jury, undue delay, wasting time, or needlessly presenting cumulative evidence,' than were this a bench trial or summary judgment hearing").

For these reasons, PRMI's motion is denied.

**SO ORDERED**.

Dated: July 25, 2019                          **/s/ Susan Richard Nelson**
                                                          SUSAN RICHARD NELSON
                                                          United States District Judge