## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: ResCap Liquidating Trust Litigation | Case No. 13-cv-3451 (SRN/HB) |
| _____ | |
| *This document relates to*: | **ORDER** |
| ResCap Liquidating Trust v. Primary Residential Mortgage, Inc., No. 16-cv-4070 | |

SUSAN RICHARD NELSON, United States District Judge

Before the Court is a dispute between Plaintiff ResCap Liquidating Trust ("the Trust") and Defendant Primary Residential Mortgage, Inc. ("PRMI"), concerning the disclosure and clarification of certain defenses that PRMI has identified. The parties have submitted letters reflecting their respective positions. (Pl.'s Letter [Doc. No. 5210]; Def.'s Letter [Doc. No. 5211].) The Trust contends that prompt resolution of this issue is necessary for the preparation of its summary judgment memorandum and to avoid unfair surprise at trial. (Pl.'s Letter at 1.) The parties' affirmative summary judgment motions are to be filed by October 29, 2019. (May 17, 2019 Order [Doc. No. 5109] at 2.)

At the September 2019 Case Management Conference, the Court directed Defendant to disclose the following information, no later than September 25, 2019: (1) which of its 41 defenses it intends to pursue for purposes of summary judgment and trial; (2) which of those it contends is an affirmative defense; and (3) clarification of the meaning of the defenses that

Plaintiff identified in the Appendix to its September 13, 2019 letter [Doc. No. 5204].  (Sept. 17, 2019 Minute Order [Doc. No. 5205] at 1.)

At issue here is the 37th defense that Defendants asserted in its Answer, which states, "The Complaint is barred, in whole or in part, by the terms, disclaimers, and disclosures in the contracts and because the contracts between the parties limit Plaintiff's remedy." (*See* Ex. 1 to Pl.'s Letter [Doc. No. 5210-1] (Sept. 25, 2019 Disclosure) at 5.)   In Defendant's September 25 disclosure, it clarified this defense as follows:  "Plaintiff's claims are barred, in whole or in part, because the terms, disclaimers, and disclosures incorporated in the contracts between PRMI and RFC, preclude or limit recovery by Plaintiff." (*Id.*)  Plaintiff asserts that this clarification is "nearly verbatim" to Defendant's Answer and is unduly broad.  (Pl.'s Letter at 2.)  The Trust asserts that it requires greater specificity in order to properly move for summary judgment and prepare for trial.   (*Id.*)

The parties met and conferred about this dispute on October 10, 2019.  (*Id.*)  At that time, Plaintiff proposed, as a compromise, that "PRMI identify only those contractual terms, conditions, or disclaimers on which PRMI maintains that the Trust's claims are barred and as to which the Trust is not already on notice from the pleadings, discovery responses, 30(b)(6) testimony, and expert reports in this case, as well as the common-issue summary judgment and *HLC* briefing in Wave One." (*Id.*)

On October 17, PRMI responded to the proposed compromise, finding it "unworkable." (Ex. 2 to Pl.'s Letter [Doc. No. 5210-2 at 3] (Oct. 17, 2019 email from K. Clouser to I. Nesser).)  PRMI stated that it "does not expect to assert in its affirmative summary judgment motion any contractual provisions that have not previously been raised in

some manner either in this case or in the first-wave cases, such that Plaintiff would be on notice of those provisions." (*Id.*) However, it further noted that because the 37th defense is not an affirmative defense, it reserved "the right to assert, at summary judgment and/or trial, that Plaintiff has failed to demonstrate an entitlement to relief based on the terms of any of the applicable contracts between PRMI and RFC." (*Id.*)

Plaintiff asks the Court to order PRMI to identify the contractual terms, conditions, or disclaimers upon which it bases this defense by October 23, 2019. (Pl.'s Letter at 2.) It argues that PRMI's failure to provide clarification will allow PRMI to unfairly surprise the Trust at summary judgment or at trial by relying on terms and conditions for which PRMI has failed to afford proper notice. (*Id.*)

PRMI opposes the Trust's request. It argues that in response to an email from Plaintiff, it explained that its 37th defense "simply means that Plaintiff cannot prove its entitlement to relief under the terms of the applicable contracts and that those contracts limit any recovery by, for example, permitting indemnity only for losses, rather than liabilities." (Def.'s Letter at 2.) It asserts that it is not required to "exhaustively" identify "each and every term of each and every applicable contract" that might be inconsistent with Plaintiff's claims. (*Id.*) Further, it posits that Plaintiff cannot credibly contend that PRMI intends to surprise the Trust when PRMI has identified the specific contracts applicable to each PRMI loan, provided loan-by-loan reunderwriting disclosures, and confirmed that it will not affirmatively seek summary judgment based on any contract term that was not raised in the First Wave cases. (*Id.*)

The Court finds that Defendant's defense requires further clarification, particularly given the broad scope of the Client Guide. Therefore, to the extent that PRMI intends to

present a defense based upon terms, disclaimers, and disclosures incorporated in the contracts

between PRMI and RFC, including the Client Guide, that PRMI has not previously identified

in this litigation or that was not identified in the First Wave litigation, it must be disclosed to

avoid unfair surprise.  This clarification shall be disclosed by October 25, 2019.  If PRMI has

no intention to pursue such a defense, it need not respond.

**SO ORDERED**.


Dated: October 21,  2019             s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge