**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In Re: ResCap Liquidating Trust Litigation | Case No. 13-cv-3451 (SRN/HB) |
| *This document relates to*:<br><br>ResCap Liquidating Trust v. Primary Residential Mortgage, Inc., No. 16-cv-4070 | **ORDER** |

SUSAN RICHARD NELSON, United States District Judge

Before the Court is an October 23, 2019 letter request [Doc. No. 5215] from Defendant Primary Residential Mortgage, Inc. ("PRMI"), seeking a 5,000-word increase in its summary judgment brief and reply brief. The deadline for the filing of the parties' affirmative summary judgment motions is October 29, 2019. (May 17, 2019 Order [Doc. No. 5109] at 2.)

PRMI asserts that while it does not intend to duplicate the briefing in the First Wave litigation, it "was not a party to that briefing" and "must establish its own record and present its own case to the court." (Def.'s Oct. 23, 2019 Letter at 1.) It contends that this case presents "numerous issues, including issues implicating facts specific to PRMI and issues that were not raised in the first wave cases." (*Id.*) While PRMI sought to obtain Plaintiff's agreement to the increased word limit, it notes that Plaintiff refused, stating that it has been working to prepare its own opening brief without an enlargement of the word limit. (*Id.*) In light of Plaintiff's opposition, although PRMI's request relates only to its own word limit, it "does not oppose" a commensurate increase in Plaintiff's opposition memorandum. (*Id.*)

As noted, Plaintiff ResCap Liquidating Trust ("the Trust") opposes PRMI's request. (Pl.'s Oct. 23, 2019 Letter [Doc. No. 5216] at 1–2.) The Trust argues that Defendant's "last-minute" request is prejudicial, as the Trust has been preparing its summary judgment memorandum with the understanding that the standard word limit would apply. (*Id.* at 1–2.) Likewise, it is unpersuaded that PRMI-specific facts, which PRMI does not identify in its request, require an enlargement of briefing. (*Id.*) The Trust further opposes the size of the enlargement, finding it unreasonable, particularly as the parties have only 14 days in which to prepare their respective opposition briefs and 10 days for replies. (*Id.* at 2.) Finally, the Trust states that it offered to discuss with PRMI, after the filing of the affirmative briefs, whether to reallocate the combined 24,000-word limit between moving and opposing briefs. (*Id.*) Plaintiff contends that this alternative "would allow both parties to assess initial arguments and redistribute word allocations accordingly, while avoiding a substantial increase in the total amount of briefing," and would avoid "the prejudice a late-hour expansion would cause the Trust." (*Id.*)

The Court finds that, if granted, Defendant's request, made *six days* before the summary judgment filing deadline, would indeed prejudice the Trust. The Court issued the summary judgment deadline over *five months* ago, on May 17. (May 17, 2019 Order at 2.) The Trust has been preparing its affirmative memorandum based on that deadline and with the understanding that the standard word limits would apply. Until yesterday, Defendant lodged no objection to the standard word limit, although it had ample time and opportunity to do so. Plaintiff notes that at the September 2019 Case Management Conference, the Trust expressed its understanding that the standard word limits would apply, to which the Court

agreed. (*Id.*) (citing Sept. 17, 2019 CMC Tr. at 29) ("THE COURT: Is there some agreement about page limits for summary judgment? MR NESSER: We had not discussed that. I had assumed that the default page limits would apply. THE COURT: I would assume so as well."). Defendant did not object or raise concerns about word limitations at that time. Plaintiff also notes that before the September Case Management Conference, in PRMI's status letter to the Court, it stated, "The parties have met and conferred regarding summary judgment and *Daubert* motions and do not appear to have any ripe disputes." (PRMI's Status Letter [Doc. No. 5203] at 2.) The Trust asserts that during these discussions, PRMI voiced no objection to the word limit or suggested a potential need for an expanded limit. (Pl.'s Oct. 23, 2019 Letter at 1 n.1.)

While PRMI does not provide any examples of fact-specific issues that warrant an additional 5,000 words of briefing, even acknowledging that some facts are likely unique to PRMI, there are significant issues and facts that overlap with those presented in the First Wave actions. The Court is very familiar with these common issues and facts, as are counsel—the same counsel who litigated a First Wave case to jury verdict. PRMI has not persuaded the Court that a 5,000-word increase is necessary. As the Court has advised, the parties here should not devote substantial briefing to overlapping issues that were extensively litigated in the First Wave litigation. Rather, as with any legal memorandum, counsel should exercise sound legal judgment in prioritizing their arguments within the confines of the Local Rules' briefing requirements.

The Court also finds the requested size of PRMI's word limit to be unreasonable. An additional 5,000 words would result in approximately 24 additional pages of briefing. As the

3

Trust notes, given the deadlines for filing opposition and reply memoranda, it is unreasonable to require the Trust to respond to an additional 5,000 words of PRMI briefing in this short time. The scale of Defendant's request is out of proportion to the facts and issues here.

Accordingly, the Court finds that PRMI's request for an additional 5,000 words—made only six days before the summary judgment filing deadline that has been in place for over five months—is unreasonable and would prejudice the Trust. The request is denied without prejudice. After the opening briefs are filed, if the parties are concerned about the need for additional words, they may seek the Court's approval for a very modest enlargement of the word limitations. The Court reminds the parties that they are to follow the Local Rules in preparing their memoranda, and to use 13-point Times New Roman font, along with conventional formatting, margins, and citations.

Therefore, it is hereby **ORDERED** that:

1. Defendant PRMI's Letter Request [Doc. No. 5215] is **DENIED without prejudice.**

.

Dated: October 24, 2019  	s/Susan Richard Nelson
	SUSAN RICHARD NELSON
	United States District Judge