# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: RFC and RESCAP Liquidating Trust Action<br><br>*This document relates to*:<br><br>ResCap Liquidating Trust v. Primary Residential Mortgage, Inc., Case No. 16-cv-4070 (SRN/HB) | Case No. 0:13-cv-3451 (SRN/HB)<br><br>**ORDER RE: PLAINTIFF'S MOTION TO EXCLUDE WITNESS JAMES CRAWFORD** |

SUSAN RICHARD NELSON, United States District Judge

Before the Court is the Motion to Exclude Witness James Crawford [Doc. No. 5441] filed by Plaintiff ResCap Liquidating Trust ("ResCap"). Defendant Primary Residential Mortgage, Inc. ("PRMI") intends to offer testimony from one of its employees, James Crawford, in support of its estoppel/waiver defense with respect to a single at-issue loan that was underwritten to Countrywide's underwriting guidelines, and with respect to the sale of Assetwise-approved loans.

ResCap deposed Mr. Crawford on February 17, 2020, and now seeks to exclude his testimony at trial. It argues that Mr. Crawford testified that he was not the "reps and warrants guy" during the relevant time period, did not know who was, and never had any discussions about the R&Ws applicable to any loans. (Pl's Mot. at 3) (citing Crawford Dep. at 90, 98–99, 134, 194, 199). Moreover, Plaintiff notes that with respect to any relevant communications between RFC and PRMI, Mr. Crawford repeatedly stated that he was unable

to provide a specific time or date, nor could he identify a speaker. (*Id.* & n.2) (citing Crawford Dep. at 14–17, 77–78, 131–32, 159–60, 247).

Specifically regarding the Countrywide loan, Plaintiff points to Mr. Crawford's testimony that he had no conversations with RFC regarding the applicable R&Ws or the Client Guide's applicability, was unaware of any such conversations with RFC on this subject, and was unaware of any documents in which RFC made representations regarding the applicable R&Ws. (*Id.* at 4) (citing Crawford Dep. at 30–33). He provided similar testimony with respect to Assetwise-approved loans. (*See id.*) (citing Crawford Dep. at 13–18, 21–22, 24).

PRMI opposes Plaintiff's motion. It argues that with respect to the Countrywide loan, Mr. Crawford made the offer to RFC and accepted the bid on PRMI's behalf. (Def.'s Opp'n [Doc. No. 5442] at 2–3) (citing DTX-227 (Oct. 20, 2005 email from Crawford to Zaloumis)). At his deposition, Mr. Crawford testified about the purchase and his recollection of the Countrywide loan pool. (*Id.* at 3) (citing Crawford Dep. at 245–46). He further stated that PRMI clearly communicated that the Countrywide loan pool was underwritten to Countrywide's guidelines, and RFC never conveyed a different understanding to him. (*Id.*) (citing Crawford Dep. at 279–81). As to Assetwise, PRMI notes that Mr. Crawford testified to his recollection of how Assetwise functioned. (*Id.*) (citing Crawford Dep. at 78–79). PRMI also notes that certain exhibits reflect email communications between RFC's sales representatives about the use of Assetwise and with regard to the Countrywide loan pool, (*id.* & n. 4) (citing, *e.g.*, DTX-134, DTX-184, DTX-188, DTX-209, DTX-210, DTX-214, DTX-

216, DTX-217, DTX-227), and that Mr. Crawford's testimony is relevant to explain PRMI's understanding of these emails. (*Id.* at 5.)

Despite the apparent weaknesses in Mr. Crawford's testimony and his lack of memory on many issues, the Court finds that these weaknesses generally go to weight, as opposed to admissibility. *See Fortress Sys., L.L.C. v. Bank of the W.*, 8:06CV283, 2007 WL 3376721, at *3 (D. Neb. Nov. 9, 2007) ("To the extent that a party challenges the probative value of the evidence, an attack upon the probative sufficiency of evidence relates not to admissibility but to the weight of the evidence and is a matter for the trier of fact to resolve.") (citing *United States v. Beasley*, 102 F.3d 1440, 1451 (8th Cir. 1996)). Therefore, the Court will permit PRMI to offer some testimony from Mr. Crawford, subject to ResCap's objections. The Court will assess each objection in context and determine whether the question will be permitted.

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. ResCap's Motion to Exclude Witness James Crawford [Doc. No. 5441] is **DENIED**.

Dated: February 19, 2020            s/Susan Richard Nelson
                                                    SUSAN RICHARD NELSON
                                                    United States District Judge